UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER GODSON,<br>on behalf of himself<br>and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELTMAN, ELTMAN & COOPER, P.C., and<br>LVNV FUNDING, LLC,<br><br>Defendants. | NO.<br><br>CLASS ACTION<br><br>JURY DEMANDED |

## CLASS ACTION COMPLAINT

### *Introduction*

1.  This action seeks redress for the illegal practices of the Defendants, Eltman, Eltman & Cooper, P.C. (Eltman) and LVNV Funding, LLC (LVNV), in connection with the collection of alleged consumer debts in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

### *Jurisdiction and Venue*

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391b, as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

4.  Venue is also proper in this district because Eltman can be found, has agents or transacts business in this district, and the interests of justice require maintenance of this action in this district.

1

5.  Venue is also proper in this district because LVNV can be found, has agents or transacts business in this district, and the interests of justice require maintenance of this action in this district.

### *Parties*

6.  Christopher Godson is a citizen of New York who resides within Erie County.

7.  Christopher Godson is a "consumer" as that term is defined by FDCPA § 1692(a)(3).

8.  The alleged debt that Defendants sought to collect from Christopher Godson is a consumer debt, as defined by FDCPA § 1692a(5), in that it was originally incurred for personal, family or household purposes.

9.  Eltman is a law firm professional corporation with a principal place of business of 140 Broadway, 26th Floor, New York, New York 10005.

10. Eltman is regularly engaged in the collection of debts allegedly owed by consumers through correspondence and telephone calls and is a "debt collector" as defined by section 1692(a)(6) of the FDCPA.

11. LVNV is a limited liability company organized under the laws of the State of Delaware, with a principal place of business of 625 Pilot Road, Ste. 3, Las Vegas, Nevada 89119.

12. LVNV is regularly engaged in the collection of debts allegedly owed by consumers through correspondence and telephone calls and is a "debt collector" as defined by section 1692(a)(6) of the FDCPA.

13. That LVNV is a "debt collector," as that term is defined by section

1692(a)(6) of the FDCPA, in that it is regularly engaged in the collection of debts allegedly due others, and the alleged debts that Defendants sought to collect from Plaintiff and the class members were in default before LVNV obtained the right to attempt to collect on the alleged debts.

14. That at all times relevant herein, LVNV actively participated in the collection of consumer debts allegedly owed to it by Godson.

### *Factual Allegations Regarding Christopher Godson's Receipt of Form Collection Letters*

15. In or about September of 2010, Defendants undertook to collect an alleged debt from Christopher Godson on behalf of "LVNV FUNDING LLC."

16. Sometime after September 10, 2010, Christopher Godson received a letter sent by Defendants regarding an alleged debt owed to "LVNV FUNDING LLC" dated September 10, 2010, a copy of which is attached as Exhibit A.

17. This letter was the first and initial communication received by Christopher Godson from Defendants in connection with this alleged debt.

18. On information and belief, the September 10, 2011, letter is a form letter, and Defendants sent form letters containing virtually identical text to hundreds, if not thousands, of consumers in New York State.

19. The letter attached as Exhibit A failed to fully disclose the amount of the debt by failing to disclose all interest owed as of the date of the aforementioned letter.

20. That is, the letter lists the "Amount Due" as "$2628.72 (Does not include all the interest)".

21. The letter further advises that: "As of the date of this letter you owe $2628.72 (Does not include all the interest). At this time our office is willing to deduct

3

twenty percent (20%) from the current balance if the account is settled in full. This will be a savings of: **$525.74**" (emphasis in original).

22. The letter does not contain an adequate notice required by 15 U.S.C. § 1692g, inasmuch as the letter does not contain the amount of the debt as required by § 1692g(a)(1).

23. Furthermore, the repeated statement that the amount demanded "Does not include all the interest" coupled with a limited-time offer to reduce the "current balance" by 20% "if the account is settled in full" overshadows and confounds the right to dispute, under § 1692g, all or a portion of the debt within 30 days by implying that the failure to settle "at this time" could potentially result in payment of large amounts of additional, undisclosed interest. And enclosing these false and deceptive statements within a box that sets them off from the statutory validation notice and using bold type further overshadows the validation notice, which appears in a less conspicuous, un-bolded manner.

24. Defendants' practice of inflating the amount due with claims of addition, undisclosed interest also constitutes a false and deceptive representation of the character, amount, and legal status of the alleged debt within the meaning of §§ 1692e, e(2)(A), and e(10).

25. Furthermore, Defendants' practice of coupling the false and deceptive representation of the amount of the debt with a limited-time settlement offer constitutes a false and deceptive attempt to collect the alleged debt under of §§ 1692e and e(10), and an unfair and unconscionable means of attempting to collect the debt under § 1692f.

26. In other words, threatening to impose undisclosed additional amounts of

interest unless the consumer pays a settlement is nothing less than extortion, which violates the FDCPA's prohibitions against false and deceptive collection practices, found in § 1692e and its subsections, and against unfair and unconscionable collection practices, found in in § 1692f and its subsections.

### *Class Action Allegations*

27. Plaintiff brings the following Counts on behalf of himself and a Class. The Class consists of all consumers who, according to Defendant's records, had a New York address and: (a) within one year prior to the filing of this action; (b) were sent collection letters bearing Eltman's letterhead in a form materially identical or substantially similar to the letter sent to the Plaintiff and attached as Exhibit A; and (c) which were not returned by the postal service as undelivered.

44. The claims asserted in this case satisfy the requirements of Rule 23(a) because:

    (A)    Based on the fact that the debt collection complaints at the heart of this litigation are mass-mailed form letters, the Class is so numerous that joinder of all members is impracticable.

    (B)    There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual Class members. The principal questions presented by this claim are:

        (i)    Whether Exhibit A contains false, deceptive or misleading representations or language that violates § 1692e, and its subsections, of the FDCPA;

        (ii)    Whether the use of Exhibit A constitutes unfair or unconscionable means of collecting a debt in violation of § 1692 f of the FDCPA;

        (iii)    Whether Exhibit A properly states the amount of the alleged debt and gives the validation notice required under section 1692g of the FDCPA;

(C) The only individual issue is the identification of the consumers who were sent Exhibit A – *i.e.* the Class members – a matter capable of ministerial determination from the Defendants' records.

(D) Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. Plaintiff's interests are consistent with those of the members of the class.

45. Class action treatment is appropriate under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicably to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

46. Class action treatment is also appropriate under Rule 23(b)(3) because questions of fact or law common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the Class members' claims.

47. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. 1692k.

48. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

49. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, resulting in the establishment of inconsistent or varying standards for the parties, and would not be in the interest of judicial economy.

50. If the facts are discovered to be appropriate, Plaintiffs will seek to certify

the Class under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure.

## COUNT I

### *Violations of the Fair Debt Collection Practices Act brought by Christopher Godson, Individually, and on Behalf of the Class*

51. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

52. This Count is brought on behalf of the Plaintiff, individually, and on behalf of the Class.

53. Section 1692e of the FDCPA provides, in relevant part:

*A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

54. Section 1692e(2)(A) of the FDCPA prohibits:

*(2) The false representation of –*

   *(A) the character, amount, or legal status of any debt . . . ."*

55. Section 1692e(10) of the FDCPA prohibits:

*The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

56. The debt collection letter Defendants sent Plaintiff and the members of the Class failed to fully disclose the amount of the amount of the alleged debts because the amount of the debt disclosed in the letter failed to disclose all interest due on the date the collection letters were mailed.

57. Section 1692f of the FDCPA provides, in relevant part:

*A debt collector may not use unfair or unconscionable means to*

*collect or attempt to collect any debt.*

58. Section 1692g(a)(1) of the FDCPA requires that a debt collector include "the amount of the debt" with, or send it within five (5) days of, the initial communication from the debt collector to the consumer.

59. This information is required to enable a consumer to know why he is being dunned and determine whether he or she should dispute the debt.

60. Without the amount of the debt, the consumer is unable to take any intelligent and informed action or decision.

61. On or about September 10, 2010, Defendants sent Plaintiff a collection letter that violates §1692g of the FDCPA on its face, a copy of which is attached as Exhibit A.

62. But the letter attached as Exhibit A failed to fully disclose the amount of the debt by failing to disclose all interest owed as of the date of the aforementioned letter.

63. That is, the letter lists the "Amount Due" as "$2628.72 (Does not include all the interest)".

64. The letter further advises that: "As of the date of this letter you owe $2628.72 (Does not include all the interest). At this time our office is willing to deduct twenty percent (20%) from the current balance if the account is settled in full. This will be a savings of: **$525.74**" (emphasis in original).

65. The letter does not contain an adequate notice required by 15 U.S.C. § 1692g, inasmuch as the letter does not contain the amount of the debt as required by § 1692g(a)(1).

66. Furthermore, the repeated statement that the amount demanded "Does not

include all the interest" coupled with a limited-time offer to reduce the "current balance" by 20% "if the account is settled in full" overshadows and confounds the right to dispute, under § 1692g, all or a portion of the debt within 30 days by implying that the failure to settle "at this time" could potentially result in payment of large amounts of additional, undisclosed interest. And enclosing these false and deceptive statements within a box that sets them off from the statutory validation notice and using bold type further overshadows the validation notice, which appears in a less conspicuous, un-bolded manner.

67. Defendants' practice of inflating the amount due with claims of addition, undisclosed interest also constitutes a false and deceptive representation of the character, amount, and legal status of the alleged debt within the meaning of §§ 1692e, e(2)(A), and e(10).

68. Furthermore, Defendants' practice of coupling the false and deceptive representation of the amount of the debt with a limited-time settlement offer constitutes a false and deceptive attempt to collect the alleged debt under of §§ 1692e and e(10), and an unfair and unconscionable means of attempting to collect the debt under § 1692f.

69. In other words, threatening to impose undisclosed additional amounts of interest unless the consumer pays a settlement is nothing less than extortion, which violates the FDCPA's prohibitions against false and deceptive collection practices, found in § 1692e and its subsections, and against unfair and unconscionable collection practices, found in in § 1692f and its subsections.

70. At all times relevant herein, LVNV actively participated in the collection of consumer debts allegedly owed to it by Godson.

71. LVNV knew or should have known at the time it assigned the alleged debts of Plaintiff and the class members to EEC for collection that LVNV did not know the amount of interest allegedly due on the portfolios of accounts purchased by LVNV and assigned for collection to EEC, as represented by the language in Exhibit A attached hereto.

72. In other words, LVNV knew or should have known that without providing EEC with information concerning the amount of interest due through the date of mailing of the initial collection letters to Plaintiff and the class members, that by assigning the portfolios of accounts to EEC for collection, LVNV was hiring and directing EEC to violate the FDCPA by failing to state the amount allegedly due as required under section 1692g, and consequently violating not only section 1692g, but sections 1692e and f and their subsections.

73. Thus, LVNV is liable not only for the acts of its agent, EEC, but for its own acts in hiring and directing EEC to collect on debts for which LVNV did not know the amounts due.

74. Defendants are liable to Christopher Godson and the Class for violating sections 1692e, f, and g of the FDCPA, and their subsections.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and on behalf of the Class members, against Defendants as follows:

(A) Certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

(B) Statutory damages;

(C) Attorney fees, litigation expenses and costs incurred in bringing this action;

(D) Declaratory and injunctive relief, declaring the form of the letter sent to Plaintiff on or about September 10, 2010, unlawful; and

(E) Any other relief this Court deems appropriate and just under the circumstances.

### ***Demand for Jury Trial***

Please take notice that Plaintiff demands trial by jury in this action.

Dated: Buffalo, New York
September 9, 2011

_____
Kenneth R. Hiller
One of Plaintiff's Attorneys

<u>Attorneys for Plaintiff</u>
Seth J. Andrews
Law Offices of Kenneth Hiller, PLLC
Attorneys for Plaintiff
6000 N. Bailey Avenue – Suite 1A
Amherst, New York 14226
(716) 564-3288
khiller@kennethhiller.com
sandrews@kennethhiller.com

Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906
brian@bromberglawoffice.com

# Exhibit A

# Eltman, Eltman & Cooper P.C.

Attorneys at Law
140 Broadway, 26th Floor New York, NY 10005
Toll Free (866) 511-9445

September 10, 2010

Creditor:           LVNV FUNDING LLC
Original Creditor:  PROVIDIAN FINANCIAL CORP
Account #:          4559540700768312
EEC File #:         751954 4013M2050
Amount Due:         $2628.72 (Does not include all the interest)

*[Handwritten note: ATTN: Lexington Law / MY account # 1022279 / CHRIS GODSON]*

Dear Mr./Ms. GODSON:

Please be advised that Eltman, Eltman & Cooper P.C. has been retained by LVNV FUNDING LLC, purchaser of the above account, for collection of this debt.

Currently, no attorney with the firm has personally reviewed the particular circumstances of your account, and this letter should not be taken as a representation of any such review nor as a threat of legal action. However, if you fail to contact this office, our client may consider the availability of additional remedies to recover the balance due.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If, within thirty days after your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment, and we will mail to you a copy of such verification or judgment. If you notify this office in writing within thirty (30) days after receiving this letter, this office will provide you with the name and address of the original creditor, if different from the current creditor.

> As of the date of this letter you owe $2628.72 (Does not include all the interest). At this time our office is willing to deduct twenty percent (20%) from the current balance if the account is settled in full. This will be a savings of:
> **$525.74**

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information write the undersigned or call 1-866-511-9445.

**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Very truly yours,               ***Detach Lower Portion and Return with Payment***

Eltman, Eltman & Cooper P.C.

---

*[Barcode]* *PRO100JV*

140 Broadway 26th Floor

New York, NY 10005-1108

*[Handwritten: SEAN BANKS called at 3:41 pm / 12/14/10 / 212-660-3128]*

September 10, 2010
CHRISTOPH M GODSON
310 COUNTRYSIDE LN APT 2
ORCHARD PARK NY 14127-1341

Creditor: LVNV FUNDING LLC

Original Creditor: PROVIDIAN FINANCIAL CORP
Account #: 4559540700768312
EEC File #: 751954 4013M2050
Amount Due: $2628.72 (Does not include all interest)

Eltman, Eltman & Cooper P.C.
140 Broadway 26th Floor
New York, NY 10005-1108

=100051108996:

*[Handwritten: 180 days a bk]*

# CHRISTOPH M GODSON,
## your salary will be referred for garnishment.
## You can STOP it from happening.

## CALL 212-660-3100

Garnishment Means:

- Involuntary paycheck deductions as set by law
- Mandatory payment of the full judgment balance
- Mandatory payment of interest/costs
- Legal papers served to your employer

Working With Us Means:

- Negotiating *lesser* monthly payments
- Negotiating a *reduced* settlement amount
- Interest and costs can be *waived*
- Private and *confidential* settlement

## We can't help you if you don't call.

**We have confirmed your employment at THE 31 CLUB.** This account will be referred out for garnishment if we don't hear from you. Please call (212) 660-3100 as soon as possible to speak with a representative in our legal processing department to avoid garnishment. We look forward to hearing from you.

Re: LVNV Funding LLC
VS: CHRISTOPH M GODSON
Original Creditor: Providian Financial Corp
EEC File No: 751954
Amount Due: $2,628.72

**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Eltman, Eltman & Cooper, P.C.
140 Broadway, 26th Floor
New York, NY 10005-1108
Telephone: (212) 660-3100 Fax: (212) 660-3101
(Toll Free) (877) 439-8800
eltmanlaw.123fastpay.com

## CALL NOW BEFORE YOUR CASE PROCEEDS TO GARNISHMENT

As you may know, we have requested from your employer verification of your employment at **THE 31 CLUB**. We represent LVNV Funding LLC in the collection of your outstanding debt stated below. Our client will be seeking a wage garnishment against your salary to satisfy the judgment against you.

Please be advised that our next step after your employment is verified will be to turn over your account to an attorney licensed in your state. We do not practice law in your state but we will refer your account to local counsel to begin the process of garnishing your wages.

THIS CAN BE STOPPED, BUT <u>ONLY IF YOU CALL US IN THE NEXT 3 DAYS</u>. To avoid having legal documents sent to your employer and your wages deducted, call us to arrange a voluntary payment plan. We will work with you to accept payments for less than what would be garnished from your wages.

We realize that these are challenging times and that an involuntary deduction from your paycheck may be difficult to plan for. We would welcome the opportunity to work with you.

Please call **(877) 439-8800** and ask to speak to Helena or Alix as soon as possible. Our staff is available between 8:30 a.m. and 7:00 p.m. ET, Monday thru Thursday, and until 4:30 p.m. ET on Fridays to discuss this matter.

Be advised that our office can accept the following payment methods: electronic funds transfer from your checking account, Visa, MasterCard, Discover Card, and Western Union.

If we do not hear from you in the next THREE DAYS, this account will be referred to a law firm in your state to enforce the judgment through a wage garnishment. Please do not delay.

**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

---

Detach along the dotted line and return bottom portion along with payment. Please include your account number listed below on your check.

Re: LVNV Funding LLC
Vs. CHRISTOPH M GODSON
Index Number: 07 937COWE
Original Creditor: Providian Financial Corp

EEC File No: 751954
Amount Due: $2,628.72

ELTMAN, ELTMAN & COOPER P.C.
140 BROADWAY
26TH FLOOR
NEW YORK NY 10005-1108