UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER GODSON, <br> on behalf of himself <br> and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ELTMAN, ELTMAN & COOPER, P.C., and <br> LVNV FUNDING, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) NO. 1:11-cv-0764-WMS-HKS <br> ) <br> ) CLASS ACTION <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION TO STRIKE THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, NINTH, ELEVENTH, TWELFTH, THIRTEENTH AND FOURTEENTH AFFIRMATIVE DEFENSES**

Under Fed.R.Civ.P. 12(b)(6) and (f), plaintiff moves to dismiss the Defendants third, fourth, fifth, sixth, seventh, ninth, eleventh, twelfth, thirteenth and fourteenth affirmative defenses. The Court may strike from defendant's answer "any insufficient defense," Fed. R. Civ. P. 12(f), so as to streamline the ultimate resolution of the case and avoid the waste of time and money involve in litigating or discovery as to spurious issues, by eliminating those issues early on. *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (W.D. Mich. 1989). These affirmative defenses should be stricken due to the lack of specificity with which they were pled, and for other insufficiencies detailed in Plaintiff's memorandum of law.

A memorandum is submitted herewith.

1

Dated:  January 3, 2010

                                /s/Kenneth R. Hiller\_\_\_\_
                                Kenneth R. Hiller, Esq.
                                Law Offices of Kenneth Hiller, PLLC
                                *Attorneys for Plaintiff*
                                6000 North Bailey Ave., Suite 1A
                                Amherst, New York 14226
                                (716) 564-3288
                                khiller@kennethhiller.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHRISTOPHER GODSON,<br>on behalf of himself<br>and all others similarly situated, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | NO. 1:11-cv-0764-WMS-HKS |
| v. | )<br>) | CLASS ACTION |
| ELTMAN, ELTMAN & COOPER, P.C., and<br>LVNV FUNDING, LLC, | )<br>)<br>) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

Plaintiff claims relief for himself, and for putative class members similarly situated, under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq. This action arises out of a debt-collection letter that was mailed by Defendants to Plaintiff. A copy of the complaint and is attached to the accompanying Declaration of Kenneth R. Hiller as Exhibit A. This letter-violation case rises and falls on the violations contained in the four corners of the complaint. That is, either the letter violates the FDCPA or it doesn't.

Notwithstanding the relative simplicity inherent in an FDCPA letter-violation case, the Defendant filed an answer that contained fifteen affirmative defenses. (A copy of the answer is attached to the accompanying Hiller Declaration as Exhibit B). These defenses are boilerplate defenses that Defendant's in-house attorneys routinely assert when defending a case. For example, in a recent debt-collection abuse case pending in the Eastern District of New York, *Reichert v. Eltman, Eltman & Cooper*,

1

Defendant filed an answer containing almost identical affirmative defenses. *See* Exhibit C to the accompanying Hiller Declaration.

Defendant's only apparent purpose for interposing fifteen affirmative defenses in a letter-violation case is to increase the cost to Plaintiff to prosecute the action. The affirmative defenses are so vague, that it is impossible to determine what the nature of the defense is, and will undoubtedly significantly increase the amount of discovery that Plaintiff will need to pursue unnecessarily.

Accordingly, in the interests of judicial economy, Plaintiff seeks to dismiss or strike many of the Defendant's affirmative defenses.

### I.  Defendant's Fourth, Sixth, Seventh, Eleventh, Twelfth, and Thirteenth Affirmative Defenses do not meet the specificity requirements of *Twombly* and *Iqbal*.

An affirmative defense is the "'defendant's assertion raising new *facts* and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'" *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) (quoting Black's Law Dictionary 430 (7th ed. 1999) (emphasis added). An affirmative defense should be stricken if it does not contain a short and plain statement of any facts supporting the defense, as required by Fed. R. Civ. P. Rule 8.

> Affirmative 'defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy.' *National Acceptance Co. of Am. v. Regal Prods., Inc.,* 155 F.R.D. 631, 634 (E.D. Wis. 1994).

*Schechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2d Cir. 1996); see also *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (affirmative defenses stricken for barebone and conclusory allegations).

2

The longstanding Second Circuit principle is underscored by recent cases under Rule 12(b)(6): "To survive dismissal, the plaintiff [here, defendants] must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965). The defense is measured against "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty*, 490 F.3d 143, 57-58 (2d Cir. 2007), *cert. granted*, *Ashcroft v. Iqbal*, 128 S. Ct. 2931, 76 U.S.L.W. 3654 (2008).

Rule 8 of the Fed.R.Civ.P. requires that a party responding to a pleading "state in short and plain terms its defenses to each claim asserted against it." Fed.R.Civ.P. 8(b) (1)(A). Although no Circuit Court of Appeals has yet spoken to the issue since the Supreme Court's rulings in *Twombly* and *Iqbal* concerning pleading standards for claims, most lower courts, including the only decision on the issue in this district, have found that the Rule 12(b)(6) standard of pleading for complaints elucidated in *Twombly* and *Iqbal* governs the sufficiency of the pleading of affirmative defenses. *See, e.g., Tracy v. NVR, Inc.,* 2009 WL 3153150, *7 (W.D.N.Y. Sept. 30, 2009) (recognizing that the equivalent standard governs a motion to dismiss pursuant to Rule 12(b)(6) and a motion to strike an affirmative defense pursuant to Rule 12(f)); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F.Supp.2d 620, 622–23 (S.D.N.Y.2008) (same); *Burck*

3

*v. Mars, Inc.,* 571 F.Supp.2d 446, 456 (S.D .N.Y.2008) (same); but see *Aros v. United Rentals, Inc.* 2011 WL 5238829*2, contra.

It has long been held that affirmative defenses that contain only "bald assertions" without supporting facts should be stricken. *Shechter v. Comptroller of City of* New York, 79 F.3d 265, 270 (2d Cir.1996). It is unfair to allow require a Plaintiff to specifically plead the factual basis upon which their claims are based, while at the same time not imposing a similar requirement on a defendant with respect to their defenses. In addition, boilerplate defenses serve only to clutter the docket and create unnecessary work by requiring Plaintiff's counsel to conduct unnecessary discovery. *Barry v. EMC Mortg.*, 2011 WL 4352104*3 (D.Md.,2011) (also noting that Courts not applying *Iqbal* and *Twombley* represent a small minority of the opinions on the subject, and that the majority view represents the better reasoned view, and a view most consistent with the text of the federal rules).

### A. Defendant's Bona Fide Error Defense ("Fourth Affirmative Defense").

In their fourth affirmative defense, Defendant alleges that "any violation of law or damage suffered by the Plaintiff, which Defendant expressly denies, was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors and for which no liability can attach." (Answer, aff. def. 3). Although such a defense is available available under 15 U.S.C. § 1692k(c). This boilerplate defense provided Plaintiff with no notice of the specific facts which give rise to the defense. For example, the defense as pled does not apprise Plaintiff as to the nature of the error, nor of the procedures

maintained by Defendant to prevent the occurrence of the error.  Under such circumstances, it has been held that the defense should be stricken, albeit with leave for the defendant to replead. *Racick v. Dominion Law Associates*, 270 F.R.D. 228, 235 (E.D.N.C.,2010).

Additional grounds to strike this defense would exist if the Defendants contend that their FDCPA violations occurred due to a good faith error of law, i.e. a mistake of law.  The Supreme Court has clearly held that mistakes of law do not qualify as a bona fide error under the statute. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, ___ U.S. ___, 176 L.Ed.2d 519 (2010).  It is impossible to determine from the vague language the Defendant uses in asserting this defense whether they allege a factual or legal error.

Moreover, Fed. R. Civ. P. Rule 9(b) mandates that "In all averments of  . . . mistake, the circumstances constituting . . . mistake shall be stated with particularity."  Defendants' "error" defense does not state the circumstances constituting the mistake. Per Rule 9, defendants must recite a factual basis for the "circumstances constituting" the mistake "with particularity."  "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." *GE Capital Corp. v. Lease  Resolution Corp.,* 128 F.3d 1074, 1078 (7th Cir. 1997). This result was reached in *Konewko vs. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, No. 07C5338, 2008 WL 2061551 (N.D.Illinois May 14, 2008) (bona fide error defense stricken for lack of particularity).

5

For these reasons, it is submitted that Defendants bona fide error defense should be stricken.

### B. Defendants Sixth Affirmative Defense.

Defendant's sixth affirmative defense alleges "that any damages suffered by Plaintiff were caused by his own intentional or negligent acts, omission, or wrongdoing". The affirmative defense does not state what acts, omissions, or wrongdoing give rise to this defense. Plaintiff is unable to challenge this vague claim without the allegation of specific facts that detail the acts, omissions or wrongdoing that give rise to this claim.

It should be noted, that if the acts, omissions or wrongdoing refers to the Plaintiff's non-payment of the underlying debt, the defense is insufficient as a matter of law (see argument in section II.A below).

Further, Plaintiff has not alleged that they suffered any damages. This is a claim for statutory damages only. (*see* "Wherefore" clause in Plaintiff's complaint). Determining the amount of statutory damages in class actions is based upon the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the noncompliance was intentional. 15 U.S.C.§1692k(b)(2). The statute does not instruct the court to consider the damage caused to or suffered by the consumer. Determining whether the Defendants caused any damage to Plaintiff is irrelevant to the determination of statutory damages. As

such, Defendants improperly pled sixth affirmative defense in this case and should be stricken.

### C. Defendants Seventh Affirmative Defense.

Defendant's seventh affirmative defense essentially repeats the sixth affirmative defense, but adds that Plaintiff *or others* committed the acts or omissions. Once again, the Defendants do not specify what acts or omissions give rise to this claim, nor do they even specify what party committed the acts or omissions. Allowing such a vague affirmative defense places Plaintiff in the impossible position of challenging a defense that is not clearly stated. As such, it should be stricken.

### D. Defendants Eleventh Affirmative Defense.

In their eleventh affirmative defense, the Defendants state that Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata. As noted in the Declaration of Kenneth R. Hiller submitted with this motion, Plaintiff is unaware of any prior legal proceedings involving the debts of any of the proposed class members in which similar claims or issues were adjudicated. This affirmative defense as pled places an impossible burden on the Plaintiff to check every possible docket where the claims or issues in this case may have been adjudicated previously. Under the requirements of *Iqbal* and *Twombley*, the Defendants should be required to come forward with the specific adjudications they are referring to at the pleading stage. Their failure to do so should leave this Court with no option but to strike the affirmative defense.

### E. Defendants Twelfth Affirmative Defense.

7

Defendant's twelfth affirmative defense asserts the defenses of waiver, ratification, estoppel and unclean hands.

The affirmative defense of estoppel applies where a party should be barred from proceeding because of reliance by an opposing party on a representation made by the party to the opposing party. *Kosakow v. New Rochelle Radiology Assocs.*, 274 F.3d 706, 725 (2d Cir. 2001) (equitable estoppel is "properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct."); Black's Law Dictionary at 570.

The Defendant has presented no details in their answer as to what acts or statements of the Plaintiff they justifiably relied on that would give rise to an estoppel defense.  Plaintiff has no idea what this claim is based upon.  The Defendant has clearly failed to meet the particularity requirements noted in *Twombly* and *Iqbal*, nor even the less stringent pleading standard that existed before those cases.

The affirmative defense of waiver involves a wide variety of possible applications, but generally involves the voluntary and intentional relinquishment of a known right. See *Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 585 (2d Cir. 2006) (waiver is "voluntary abandonment or relinquishment of a known [contract] right which, but for the waiver, would have been enforceable.") (citing *Jefpaul Garage Corp. v. Presbyterian Hosp.*, 462 N.E.2d 1176 (N.Y. 1984)); *In re Antonia E.*, 838 N.Y.S.2d 872, 877-78 (N.Y. Fam. Ct. 2007) (same, citing cases); Black's Law Dictionary at 1574.

8

The Defendant has not alleged what acts or statements Plaintiff or others give rise to the defense of waiver. As such, the Defendant has clearly failed to meet the particularity requirements noted in *Twombly* and *Iqbal*, or the standards that existed prior to those cases.

Defendants twelfth affirmative defense also asserts that Plaintiff's claims are barred by the doctrine of unclean hands. The doctrine of unclean hands is "a creature of state law" and, as such cannot be asserted as to the FDCPA claim. *Mejia v. Marauder Corp.,* 2007 WL 806486, at * 5 (N.D.Cal. March 15, 2007).

Moreover, the doctrine of unclean hands holds "that a court's *equitable* powers 'can never be exerted in behalf of one who has acted fraudulently, or who by deceit or any unfair means has gained an advantage.'" *Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.,* 2006 WL 3342655, at * 1 (S.D.N.Y. Nov. 16, 2006) (quoting *Keystone Driller Co. v. General Excavator Co.,* 290 U.S. 249, 241 (1933)). Unclean hands "must involve a party's 'inequitableness or bad faith *relative to the matter in which he seeks relief,*' which can be 'any willful act *concerning the cause of action.*' " *Id.* at 2 [italics in original]. Here, Plaintiff seeks only money damages, not equitable relief. As such, this defense should be stricken. *Herman v. National Enterprise Systems, Inc.*, No. 07-CV-337S(F), 2008 WL 4186321 (W.D.N.Y. Sept. 10, 2008), Report and Recommendation accepted in part (including the portion of the case cited) and rejected in part at 2009 WL 1874197 (W.D.N.Y. June 29, 2009).

"Ratification is the express or implied adoption, *i.e.,* recognition and approval, of the unauthorized acts of another." *Orix Credit Alliance v. Phillips–Mahnen, Inc., No.*

9

*89 Civ. 8376(THK),* No. 89 Civ. 8376(THK), 1993 WL 183766, at *4 (S.D.N.Y. May 26, 1993). Once again, Plaintiff is forced to guess what the nature of the defense might be. It is hard to imagine, in this case, what set of facts could lead to a successful ratification defense. The Defendants would have to establish that Plaintiff authorized or approved their sending deceptive and unconscionable letters. Even in the unlikely event that such a set of facts could be established, Defendant's ratification defense should be stricken because they have failed to specify the facts upon which such a claim is based.

II. **Defendant's Third, Fifth, Sixth, Seventh, Ninth, Thirteenth and Fourteenth Affirmative Defenses are legal insufficient.**

   A. **Defendants Third, Fifth, Sixth, Seventh and Fourteenth Affirmative Defenses.**

Defendants third and fourteenth affirmative defenses allege that Plaintiff has not suffered any actual damages, and that the Defendant has not caused Plaintiff any damages.

As noted above, the Plaintiff seeks only statutory damages in this case, and has not made a claim for actual damages. Determining whether Defendant caused any damage to Plaintiff is irrelevant to determining statutory damages. As such, Defendants third and fourteenth affirmative defense improperly pled in this case and should be stricken.

Defendant's sixth and seventh affirmative defenses both assert that certain unspecified acts or omissions committed by Plaintiff or others shield Defendant from liability. In addition to the grounds previously submitted in support of striking these

10

defenses, if these defenses seek to assert that the act or omission in question was Plaintiff's failure to pay the debt that was being collected, then those defenses must also fail.

The purpose of the FDCPA is "to protect consumers from harassing and unscrupulous practices of certain debt collectors, including use of deceptive or misleading representations in effort [*sic*] to collect debt," 41 Am. Jur. 3d 159 *Proof of Facts* § 2 (2008). A FDCPA claim "has nothing to do with whether the underlying debt is valid," but "concerns the method of collecting the debt." *Azar v. Hayter,* 874 F.Supp. 1314, 1317 (N.D.Fla.), *aff'd,* 66 F.3d 342 (11th Cir.1995), *cert. denied,* 516 U.S. 1048 (1996); *see also Schroyer v. Frankel,* 197 F.3d 1170, 1178 (6th Cir.1999) (plaintiff's claim that debt was invalid irrelevant to FDCPA claim). As such, any defense premised on Plaintiff's failure to pay the debt being collected should be stricken.

### B. Defendants Fifth and Thirteenth Affirmative Defenses.

Defendants' fifth affirmative defense alleges that all of Plaintiff's claims are barred to the extent any debt for which collection was attempted are legitimate debts, due and owing, This defense must be stricken because, for the reasons stated above, the Plaintiff's failure to pay the debt being collected is not a defense to an FDCPA action.

Likewise, Defendant's thirteenth affirmative defense asserting the defense of accord and satisfaction should be stricken. It does not matter whether there was a settlement of the underlying debt, if such accord and satisfaction is even found to have occurred. The only relevant question at issue in this case is whether Defendants debt

collection practices alleged by Plaintiff violated the FDCPA. *See Karnette v. Wolpoff & Abramson, L.L.P., 2007 WL 922288, at * 11* (E.D.Va. March 23, 2007) (defense of accord and satisfaction inapplicable to a FDCPA claim because FDCPA claims "focus on the misconduct of the debtor," not "the existence, or amount, of any debt that the debtor might owe.") (citing *Keele v. Wexler, 149 F.3d 589 (7th Cir.1998)*; see *Herman v. National Enterprise Systems, Inc.*, 2008 WL 4186321*5 Mag. Report adopted in part, rejected in part on other grounds 2009 WL 1874197 (W.D.N.Y.2009). As such, these affirmative defenses should be stricken.

### C.  Defendants Ninth Affirmative Defense.

Defendant's ninth affirmative defense asserts a claim that Plaintiff did not mitigate his damages. The FDCPA is designed to protect consumers from the unscrupulous behavior of debt collectors, with the focus on a debt collector's misconduct *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307-08 (2d Cir.2003); *Keele v. Wexler,* 149 F.3d 589, 595 (7th Cir.1998). Nothing in the FDCPA makes inquiry in to the debtor's intent at the time he or she incurs a debt, or subsequently upon failing to pay it. A basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in a default on their debt, deserve "the right to be treated in a reasonable and civil manner." *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir.1982)(citing 123 Cong.Rec. 10241 (1977); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir.1997).

The FDCPA is a strict liability statute. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996). The Second Circuit has held that "There can be no mitigation of

damages until the injury causing those damages actually occurs. *Miller v. Lovett*, 879 F.2d 1066, 1070-71 (2d Cir.1989).  The *Miller* Court further noted that an opportunity to "avoid the harm" is not properly considered as an opportunity to mitigate damages.  Rather, an opportunity to mitigate damages only occurs *after* the injury occurs. *Id.*  Thus, a mitigation defense does not give a FDCPA defendant an opportunity to suggest that the Plaintiff should have prevented the violation from occurring.

Once an FDCPA violation has been established, there can be no mitigation defense where the claim is only for statutory damages.  As noted previously, the measure of statutory damages is based upon the defendants conduct, resources, etc., and has nothing to do with any damage suffered by the Plaintiff.  As such, Defendants mitigation defense should be stricken.

## CONCLUSION

Defendants have filed an answer containing boilerplate, and even frivolous affirmative defenses.  Defendants third, fourth, fifth, sixth, seventh, ninth, eleventh, twelfth, thirteenth and fourteenth affirmative defenses are all either lacking in specificity, or legally insufficient as a matter of law.  The allowance of these affirmative defenses to survive is unfair to the Plaintiff, who was required to be specific her answer, and will significantly increase the time and expense incurred by both parties in this case.  Further, by failing to be specific in their answer, Plaintiff is unable to assess the viability of the affirmative defenses making settlement less likely.

For these By reason of the foregoing, Defendant's third, fourth, fifth, sixth, seventh, ninth, eleventh, twelfth, thirteenth and fourteenth affirmative defenses should be stricken and/or dismissed.

Dated:  January 3, 2012

/s/Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, New York 14226
(716) 564-3288
khiller@kennethhiller.com