UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER GODSON, on behalf of
himself and all others similarly situated,

                  Plaintiffs,
v.                                          **DECISION AND ORDER**
                                                      11-CV-764S

ELTMAN, ELTMAN & COOPER, P.C., and
LVNV FUNDING, LLC,

                  Defendants.

## I. INTRODUCTION

Plaintiff, Christopher Godson, brings this putative class action alleging that Defendants, Eltman, Eltman & Cooper, P.C. ("Eltman") and LVNV Funding, LLC, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq*. Godson currently has two motions before this Court; he has moved to strike several of Defendants' affirmative defenses, and he seeks class certification. Defendants have opposed those motions and filed one of their own, seeking to file certain financial documents under seal. For the following reasons, the motion to strike defenses is granted, the motion for class certification is deferred, and the motion to file documents under seal is granted.

## II. BACKGROUND

**A.**    **Facts**

The allegations in this case are brief and straightforward: Sometime in September of 2010, Godson received a letter from Eltman indicating that it was attempting to collect a debt on behalf of LVNV Funding, LLC. In pertinent part, that letter reads, "As of the date of this letter [September 10, 2010] you owe $2628.72 (Does not include all the interest). At this time our office is willing to deduct twenty percent (20%) from the current balance if

the account is settled in full. This will be a savings of: **$525.74.**" (Compl., ¶ 16; Docket No. 1) (bold and parentheses in original).

Godson premises his class claim on the assertion that this is a form letter, "sent to hundreds, if not thousands" of consumers in New York State. (Compl., ¶ 18.)

**B.     Procedural History**

Godson filed his complaint in this Court on September 9, 2011. (Docket No. 1.) Defendants answered on December 12, 2011. (Docket No. 9.) On January 3, 2012, Godson moved to strike several of Defendants' affirmative defenses, and, on March 27, 2012, he moved for class certification. Both of those motions were opposed by Defendants.

Recently, on August 13, 2012, Defendants moved to seal Eltman's audited financial statements. (Docket No. 38.)  Briefing on these motions concluded on August 29, 2012. At that time, this Court took the motions under advisement without oral argument.

### III.  DISCUSSION

**A.     Motion to Strike**

Federal Rule of Civil Procedure 8 establishes general rules for pleading, including, as relevant here, responsive pleading. In pertinent part, it states: "In responding to a pleading a party must . . . state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Godson argues that ten of Defendants' fifteen affirmative defenses should be struck under Federal Rule of Civil Procedure 12(f), which allows the court to "strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Godson contends the defenses are either inapplicable to this action or pleaded conclusively, the latter of which, he argues, demonstrates a violation of  the <u>Twombly/Iqbal</u> pleading standard and is therefore

insufficient under Rule 8. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007) (rejecting the no-set-of-facts test and instead finding that a complaint must contain sufficient factual matter rendering it "plausible on its face"); Ashcroft v. Iqbal, 556 U.S. 662, 668, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (explicating and applying Twombly). Defendants response is twofold: they argue that it remains to be determined whether application of the Twombly standard to affirmative defenses is proper, and that, absent a showing of prejudice, their defenses should remain. In essence, they argue that since the Federal Rules of Civil Procedure require defendants to plead affirmative defenses in their first responsive pleading – or risk waiver – a certain amount of over-inclusiveness is acceptable.

### 1. Twombly, Iqbal, Shechter, and Affirmative Defenses

The parties' opposing views on the applicability of Twombly and Iqbal to affirmative defenses highlight a dispute that has been brewing in the district courts since those cases were decided. No clear answer has yet been distilled. Indeed, as the parties acknowledge, not one court of appeals has considered this issue.

Several courts, including one from this District, have found that the plausibility standard announced in Twombly applies equally to affirmative defenses. These courts reason that because Rule 8(a)(2) and Rule 8(b) both require a "short and plain" statement – the touchstone of Rule 8 – both plaintiffs and defendants must be held to the standard articulated in Twombly. These courts also consider notions of fairness, finding that "what's good for the goose is good for the gander." See Racick v. Dominion, 270 F.R.D. 228, 233 (E.D.N.C. 2010). "In addition, because boilerplate defenses clutter dockets and expand discovery, the extension of the plausibility standard to affirmative defenses would serve the

same goals – particularly encouraging efficiency and limiting costs – as its intended application to the pleading of a complaint." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1274 (3d ed. 2008); see, e.g., Tracy v. NVR, Inc., No. 04-CV-6541L, 2009 WL 3153150, at * 7 (W.D.N.Y. Sept. 30, 2009) (Payson, M.J.) ("[A]ffirmative defenses are plainly deficient under the Iqbal standard and should be stricken") *adopted in relevant part*, 667 F. Supp.2d 244, 247 (Larimer, J.); Castillo v. Roche Labs., Inc., No. 10-20876-CIV, 2010 U.S. Dist. LEXIS 87681, at *4-*5 (S.D. Fla. July 30, 2010) (citing docket and unnecessary motion concerns, and concluding that bare-bones, conclusory defenses fail under Twombly); Palmer v. Oakland Farms, Inc., No. 5:10cv00029, 2010 U.S. Dist. LEXIS 63265, at *13 (W.D. Va. June 24, 2010) (noting that a majority of courts extend the plausibility pleading standard of Twombly and Iqbal to defensive pleadings); Barnes v. AT&T Pension Benefit Plan, No. C 08-04058 MHP, 718 F. Supp. 2d 1167, 2010 U.S. Dist. LEXIS 62515, at *10 (N.D. Cal. June 21, 2010) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses"); Racick, 270 F.R.D. at 233 ("The majority of the district courts – including every district court within the Fourth Circuit to have considered the issue – have concluded that the plausibility standard articulated in Twombly and Iqbal applies to the pleading of affirmative defenses").

Other courts disagree.[1] These courts generally reason that differences in the text of the applicable portions of Rule 8 warrant different application of Twombly: whereas Rule

---

[1]None more sharply than the court in Raymond Weil, S.A. v. Theron, 585 F. Supp. 2d 473, 489 (S.D.N.Y. 2008), which wrote, "There is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time."

8(a)(2) requires a "showing that the pleader is entitled to relief," Rule 8(c)(1) merely requires a defendant to "affirmatively state any avoidance or affirmative defense." 5 Wright & Miller, § 1274. Further, these courts point out that there is no requirement in Rule 8(c) to "'show' any facts at all.'" Id.; see e.g., Falley v. Friends Univ., 787 F. Supp. 2d 1255, 1257-58 (D. Kan. 2011) ("Because of the differing languages in Rule 8(a), (b), and (c), the court determines that the rationale of Twombly does not apply to subsections (b) or (c) – where the pleading party bears no burden of showing an entitlement to relief"); Tyco Fire Prods. LP v. Victaulic Co., 777 F. Supp. 2d 893, 901 (E.D. Pa. 2011); Charleswell v. Chase Manhattan Bank, N.A., No. CIV.A. 01-119, 2009 WL 4981730, at *4-*5 (D.V.I. Dec. 8, 2009).

These courts also refuse to extend Twombly and Iqbal based on the simple, yet unquestionably reasonable argument that Supreme Court did not address defenses in those cases. See, e.g., Romantine v. CH2M Hill Eng'rs, No. 09-973, 2009 U.S. Dist. LEXIS 98699, at *4 (W.D. Pa. Oct. 23, 2009) ("The Supreme Court in Twombly was interpreting pleading requirements of Rule 8(a)(2). This court does not believe that Twombly is appropriately applied to either affirmative defenses under 8(c), or general defenses under Rule 8(b), and declines to so extend the Supreme Court ruling as requested by Plaintiff.").

Finally, courts in this camp contrast the time constraints faced by defendants in answering a complaint with the relative freedom plaintiffs enjoy in drafting it. See Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC, No. 7:10-cv-00361, 2010 WL 4781065, at *4 (W.D. Va. Nov. 24, 2010) ("While the plaintiff often can conduct an investigation before filing the complaint to ensure its allegations are adequately supported, the defendant must respond quickly after being served.").

This Court, however, finds it unnecessary to wade into these waters and pronounce whether Twombly applies to affirmative defenses.

Years before Twombly was decided, the Second Circuit held that "[a]ffirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." Shechter v. Comptroller of City of N.Y., 79 F.3d 265, 270 (2d Cir. 1996) (internal citation and modification omitted).[2] This Court is cognizant of the different context in which the Shechter court ruled: it found that a bare affirmative defense was insufficient in relation to a motion for judgment on the pleadings. Thus, it is unclear whether the Second Circuit meant that such bare-bones defenses have no efficacy *at all*, or simply that they have no efficacy *to support a motion for judgment on the pleadings*. But the court's citation to, and implicit agreement with National Acceptance Co. of America v. Regal Products., Inc., 155 F.R.D. 631, 634 (E.D. Wis. 1994) provides the needed guidance. The context there – a motion to strike affirmative defenses for lack of a factual underpinning – is identical to the context here.

Considering that backdrop, this Court finds that Twombly applies here at least to emphasize the importance – recognized at least 16 years ago by the Shechter court – of providing the plaintiff with fair notice, buttressed by sufficient facts, of the affirmative defenses that the defendant intends to assert; thus allowing the plaintiff an opportunity to knowledgeably respond. Accord Voeks v. Wal-Mart Stores, Inc., No. 07-C-0030, 2008 WL 89434, at *6 (E.D. Wis. Jan. 7, 2008) (recognizing, for purposes of Fifth Circuit law, that

---

[2]But see William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), *overruled on other grounds by* Salcer v. Envicon Equities Corp., 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986) ("A motion to strike an affirmative defense under Rule 12(f) . . . for legal insufficiency is not favored and will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'").

Twombly did not materially alter the "fair-notice" standard that was already in place in that Circuit). Indeed, whether or not Twombly necessarily applies to affirmative defenses, it at least reaffirms the proposition that talismanic pleading is not to be abided. This is what the alternative rule encourages: the inefficient practice of defense counsel formulaically reciting every conceivable affirmative defense, no matter how remote the chance that it might apply.

Accordingly, this Court will consider Godson's motion to strike under a standard that requires Defendants to do more than simply name the asserted defense.

So considered, this Court finds several defenses lacking, specifically defenses numbered four, six, seven, eleven, twelve, and thirteen. In defense number four, for example, Defendants plead that any violation of the law was the result of bona fide error. But there is no indication whatsoever of what that error might be. In short, it is not "warranted by any asserted facts." See Shechter, 79 F.3d at 270. And neither are the remaining defenses outlined above. There is not a single fact pleaded; each defense is simply a legal conclusion:

- number six – any damages suffered by plaintiff were caused by his own intentional acts;
- number seven – any violation was due to affirmative actions and/or omissions of the Plaintiff;
- number eleven – claims are barred by doctrines of collateral estoppel and res judicata;

- number twelve – claims are barred by doctrine of waiver, ratification, estoppel, and unclean hands[3];

- number thirteen – claims are barred by accord and satisfaction.

Each of these defenses provide insufficient notice to a plaintiff, for they beg the questions: What was the bona fide error? What intentional acts or omissions led to Plaintiff's damages? Why are the claims barred by estoppel, waiver, or accord and satisfaction?

Defendants might be justified in believing such pleading would not be called into question. Indeed, this type of responsive pleading – devoid of facts, plead in an abundance of caution, possibly stated only because not doing so risks waiver – has become standard practice. See, e.g., Patterson v. Julian, 250 F. Supp. 2d 36, 43 (N.D.N.Y. 2003) (discussing "typical boilerplate defenses" raised in "nearly all answers"); David N. Anthony & Timothy J. St. George, *"Plausibility" Pleading After Twombly and Iqbal*, 21 No. 4 Prac. Litigator 9, 13 (July 2010) ("As a common litigation strategy, defense lawyers frequently plead the existence of a large number of boilerplate affirmative defenses to a pending complaint or counterclaim."). But under Shechter, such pleading is simply insufficient. See, e.g., Tracy, 2009 WL 3153150 at *7. And, although Shechter does not necessarily call for such defenses to be struck, Rule 12(f) allows a court to dismiss any "insufficient defense." Therefore, these defenses, which "have no efficacy," will indeed be struck.[4]

---

[3]The factual basis for defenses eleven and twelve becomes apparent in Defendants' opposition to Godson's motion for class certification. As this Court will permit Defendants to re-plead their defenses, they should have no trouble including the facts behind these defenses.

[4]Defendants' argument that the defenses should not be struck unless Godson can demonstrate prejudice is circular and unavailing; Godson is prejudiced by a lack of notice.

Defendants, however, will be given fourteen days to re-plead these defenses if they can supply facts that warrant them.

### 2. Remaining Challenged Defenses

For different reasons, Godson also seeks to strike defenses numbered three, five, nine, and fourteen. Defendants offer no substantive response regarding these defenses, arguing only that motions to strike are disfavored and that the Godson will not be prejudiced if they are allowed to remain.

This Court agrees with Godson that these defenses are either not truly affirmative defenses (for example, the fourteenth defense simply denies allegations in the complaint), or are inapplicable to this action (Godson seeks only statutory damages, and did not allege actual damages, yet affirmative defense number three denies that Godson suffered actual damages). Defenses numbered three, five, nine, and fourteen will therefore also be struck. Defendants' leave to re-plead, however, applies to these defenses as well.

## B. Class Certification

Godson' class certification motion presents two issues that require this Court's attention.

First, Defendants argue that the motion should be denied for Godson's failure to comply with Local Rule of Civil Procedure 23.

After filing a class-action complaint, Local Rule 23 provides the putative representative plaintiff 120 days to move for class certification. Failure to move within this time "shall constitute an intentional abandonment and waiver of all class actions allegations contained in the pleading, and the action shall proceed thereafter as an individual, non-class action." Local Rule 23(e). There is no dispute that Godson missed this window. The

Rule, however, also provides that "[i]f any motion for class determination or certification is filed after the deadline provided herein, it shall not have the effect of reinstating the class allegations unless and until it is acted upon favorably by the Court upon a finding of excusable neglect and good cause." Id. Godson argues that he has shown excusable neglect and good cause.

Although knowledge of the Rules is presumed, the Local Rules also implement a mechanism to prevent plaintiff's counsel from being taken by surprise. In conjunction with Federal Rules of Civil Procedure 16(b) and 26(f), Local Rule 23(c) requires the parties, within 60 days after issues has been joined, to meet with the presiding judge to discuss scheduling regarding the certification motion. There is no dispute that no such conference took place. (See Montoya email, dated 7/3/12; Docket No. 40-5.) The lack of this conference alone may suffice to demonstrate excusable neglect and good cause.

But further consideration firmly convinces this Court that dismissal of the class allegations is inappropriate. The Supreme Court has instructed that determination of excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Services Co. v. Brunswick Assocs., 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993). Relevant factors include: the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Id.

Here, while the delay was not insignificant, it appears to have had no substantial effect on these proceedings, and there is no indication that Defendants suffered undue prejudice on account of Godson's failure to meet the time requirements. Nor is there any

indication that Godson acted in bad faith. Instead, the delay, while attributable to him, was the result of simple oversight and had little or no effect on this case. Indeed, Defendants did not raise this issue until their response to Godson's certification motion. As such, this Court finds Godson's failure excusable and will permit the class-certification motion to proceed at this time. See, e.g., Brown v. Board of Trs. of Bldg. Servs. 32B-J Pension Fund, 392 F. Supp. 2d 434, 446 (E.D.N.Y. 2005) ("[C]ourts have broad discretion in applying their local rules.").

****

The second issue requiring this Court's attention pertains to the procedural posture in which Godson moved for class certification. Conceding that more discovery is necessary for certification, Godson filed his motion with the request that this Court delay its resolution of the motion until additional discovery is complete. Godson fears that absent this motion, Defendants will make an offer of full relief, potentially mooting any motion for class certification. Although the Second Circuit has not instituted such a rule, Godson notes that the Seventh Circuit recently has. See Damasco v. Clearwire Corp., 662 F.3d 891 (7th Cir. 2011) ("To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III."). Godson also cites Damasco in support of his abnormal request that this Court delay the resolution of his own motion. In Damasco, the Seventh Circuit held that "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." Id. at 896.


This Court takes no position on the merits of the Damasco decision or the procedure recommended therein, but it credits Godson's representation that further discovery is needed to, *inter alia*, respond to Defendants' argument regarding Eltman's net worth. Thus, it will grant Godson's request and allow further discovery before ruling on the class-certification motion. See Advisory Committee's Notes on 2003 Amendments to Fed. R. Civ. P. 23(c)(1)(A) ("[M]any circumstances may justify deferring the certification decision.").[5]

## IV. CONCLUSION

Taking guidance from the Second Circuit's decision in Shechter, this Court finds it unnecessary to determine whether Twombly and Iqbal apply to affirmative defenses. Instead, regardless of Twombly's role, this Court finds that several of Defendants' affirmative defenses are either inapplicable or provide insufficient notice to Godson. For those reasons, they will be struck.

Further, Godson 's motion for class certification will be deferred until class related discovery is complete.

---

[5]Accordingly, this Court will not determine, at this time, whether Godson is estopped from bringing this claim, or whether he is an adequate class representative.

## V. ORDERS

IT HEREBY IS ORDERED, Plaintiff's Motion to Strike (Docket No. 15) is GRANTED.

FURTHER, that Defendants are GRANTED 14 days from the date of this Order to Amend their Answer consistent with this Decision.

FURTHER, that Plaintiff's Motion for Class Certification (Docket No. 23) is DEFERRED until further discovery is completed.

FURTHER, because Defendants seek to file potentially sensitive financial information, their Motion to Seal (Docket No. 38) is GRANTED. See Nanjing Textiles IMP/EXP Corp. v. NCC Sportswear Corp., No. 06 CIV. 52(JGK)(KNF), 2006 WL 2381847, at *2 (S.D.N.Y. Aug. 14, 2006) (sealing financial documents).

Dated:     September 11, 2012
           Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          Chief Judge
                                          United States District Court