**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CHRISTOPHER GODSON,**

                                **Plaintiff,**                    11-CV-0764S(Sr)

**v.**

**ELTMAN, ELTMAN & COOPER, PC., et al.,**

                                **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. ##25 & 43.

Plaintiff commenced this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., alleging that defendant Eltman, Eltman & Cooper P.C. ("Eltman"), sent a collections letter on behalf of LVNV Funding, LLC ("LVNV"), which failed to fully disclose the amount of debt allegedly due, instead advising plaintiff that the amount due, "$2628.72 (Does not include all the interest)." Dkt. #1, ¶ 20. Plaintiff seeks to certify a class of individuals in New York who received substantially similar collection letters from defendants within one year prior to the filing of this action. Dkt. #1, ¶ 27.

Currently before the Court is plaintiff's motion to compel disclosure of documents and responses to interrogatories. Dkt. #47.

General Objections

Plaintiff objects to defendants' general objections (*i.e,* overbroad, unduly burdensome, *etc*.), to responses to the following interrogatories: 1, 8, 9, 10 and 13 and to the following document demands: 1, 2, 3, 6, 8, 9, 12, 13 and 21, stating that the general objections create doubt as to the completeness of defendants' responses.  Dkt. #55, p.2 & Dkt. #55-1, ¶ 2.  Upon review of defendants' responses to the contested discovery demands, the Court finds that the general objections do not diminish the sufficiency of defendants' responses.  Accordingly, this aspect of plaintiff's motion to compel is denied.

Putative Class Members

Interrogatory #2 seeks the number, names and addresses of persons with New York addresses to whom defendants sent collection letters substantially similar to plaintiff's letter from September 9, 2010 through September 9, 2011.  Dkt. #47-4, p.5.  Defendants responded that the letter was sent to 977 individuals within that time frame, but declined to disclose names and contact information. Dkt. #47-4, p.5.

Defendants argue that plaintiff has been informed of the size of the potential class, which is all that is necessary to support its motion for class certification.  Dkt. #50, p.12.  Defendants suggest that plaintiff is seeking this information to bring additional claims against defendants rather than to obtain information relevant to class certification and cites case law suggesting that identification of potential class members should be withheld until a class has been conditionally certified.  Dkt. #50, pp.11-12.

Plaintiff argues that the names, addresses and telephone numbers of the putative class members would allow him to contact potential class members "to assess whether common questions of law exist, and evaluate the typicality of claims between the Plaintiff and other claimants."  Dkt. #55, pp.7-8.  In addition, plaintiff argues that this information would allow him to assess whether the potential class members are similarly situated to plaintiff or whether individual issues may affect the ability of this action to proceed as a class action.  Dkt. #55, p.8.  Plaintiff notes that defendants have opposed his motion to certify a class by arguing that commonality, typicality and adequacy have not been established and that individual issues predominate.  Dkt. #55, p.8.

In *Oppenheimer Fund, Inc. v. Sanders*, the Supreme Court determined that the discovery provisions of Rule 26 of the Federal Rules of Civil Procedure apply to the disclosure of class action members' names and addresses only if disclosure of such information is alleged to lead to evidence relevant to a claim or defense in the action.  437 U.S. 340.  For example, the Supreme Court noted that "discovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation."  *Id.* at 351, n.13.  Thus, the Supreme Court recognized that "[t]here may be instances where" class members' names and addresses "could be relevant to issues that arise under Rule 23 . . . or where a party has reason to believe that communication with some members of the class could yield information bearing on these or other issues."  *Id.* at 354, n.20; *See Youngblood v.*

*Family Dollar Stores, Inc.*, No. 09 Civ. 3176, 2011 WL 1742109, at *2 (S.D.N.Y. Jan. 5, 2011) ("In this case, Plaintiffs clearly will not be able to prove the similarity of class members' 'actual duties' without contacting members of the putative class.").

Where the information was sought solely for the purpose of providing notification to the potential class, however, the Supreme Court determined that the authority for disclosing such information came from Rule 23 rather than Rule 26. *Id.* at 354. Pursuant to Rule 23, class notice is dependent upon certification of a class. *See Dziennik v. Sealift, Inc.*, No. 05-CV-4659, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) ("Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification.").

In the instant case, although defendants have opposed plaintiff's motion for class certification, resolution of defendants' arguments does not require analysis of the circumstances of potential class members. For example, defendants' arguments that plaintiff is an inadequate representative because he settled this claim in a prior lawsuit and that defendant Eltman lacks sufficient net worth to render a class action superior to other methods of obtaining recovery for the class can be resolved without inquiry of potential class members. Dkt. #34. As the Court finds no basis to believe that communication with members of the class would assist the Court in determining

the appropriateness of certifying a class action, plaintiff's motion to compel disclosure of the names and addresses of putative class members is denied.

Net Worth Discovery

Interrogatories 4 and 15-21 and document demands 15-19 and 23-46 seek information pertaining to defendants' net worth, including but not limited to tax returns with applicable schedules, credit applications, outstanding debt, real property holdings, accounts receivable, accounts payable, transfer of assets, fee schedules, revenue forecasts, business plans, fair market value of intangible assets, bank statements, stock certificates and board meeting minutes.  Dkt. #47-4.

Defendant Eltman affirms that it has agreed to produce a copy of its audited balance sheets for 2010 and 2011 subject to a protective order.  Dkt. #51, ¶ 7. However, defendants argue that plaintiff's discovery demands "are the functional equivalent of a financial audit and its breadth and scope extend beyond establishing the net worth of . . . Eltman, which is the sole debt collector in this case."  Dkt. #50, pp.6 & 12-16.  Defendant LVNV argues that it's net worth is irrelevant because it is not a debt collector and could only be held vicariously liable for Eltman's violation of the FDCPA. Dkt. #50, pp.6 & 13-14.

Plaintiff acknowledges that defendants' counsel showed plaintiff's counsel a copy of Eltman's balance sheet, but demands copies and notes "serious questions regarding several of the entries on [Eltman's] balance sheet" which warrant disclosure of supporting documentation.  Dkt. #55-1 ¶ 7.

15 U.S.C. § 1692k(a)(2)(B), provides that in the case of a class action, any debt collector who fails to comply with any provision of the FDCPA shall be liable in an amount equal to the sum of, *inter alia*, "such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector."

Plaintiff's complaint alleges that LVNV is a debt collector and that it "actively participated in the collection of consumer debts allegedly owed to it by [plaintiff]." Dkt. #1, ¶¶ 12-14. Plaintiff argues that LVNV is liable

> by having the audacity to send Plaintiff's account – and any other accounts [it] purchased in the same debt-portfolio – out for collection. That is, by sending incomplete information as to the "amount due" to EE&C – or any other debt collector – LVNV knew or should have known that the initial collection letter sent would contain a false statement of the amount due.

Dkt. #55, pp.6-7. Without ruling on the merits of this argument, the Court finds plaintiff's allegations sufficient to warrant discovery of defendant LVNV's net worth. Should plaintiff prove that LVNV is a debt collector and that it failed to comply with the FDCPA in its attempt to collect a debt from the class members, LVNV would be liable in its own right up to the lesser of $500,000 or 1 per centum of its net worth. As a result, defendant LVNV is not protected from plaintiff's requests to discover its net worth.

As determined by the Court of Appeals for the Seventh Circuit, net worth does not include good will, but is limited to the net worth set forth on a corporation's balance sheet in accordance with generally accepted accounting principles. *Sanders v.*

*Jackson*, 209 F.3d 998 (7th Cir. 2000). Accordingly, defendant is directed to disclose its audited financial statements and tax returns, including schedules, for the years 2009 through the present, subject to a mutually acceptable protective order.[1] *Cf. Miller v. Abrams, Fensterman et al.,* No. CV 10-2156, 2011 WL 6105033 (E.D.N.Y. Dec. 7, 2011) (rejecting discovery demands effectively seeking to audit defendant's tax returns) with *Mailloux v. Arrow Financial Services, LLC*, No. 01 CV 2000, 2002 WL 246771 (E.D.N.Y. Feb. 21, 2002) (directing disclosure of tax returns and financial reports).

Insurance Coverage

Interrogatory No. 11 and document demand ##14 & 20 seeks disclosure of any insurance covering defendants for the conduct alleged in the complaint, including policy limits. Dkt. #47-4, pp.9, 19 & 21-22.

Defendants responded that Eltman is insured by XL Group Insurance, but did not disclose the policy or respond with respect to LVNV. Dkt. #47-4, pp.9 & 19. Defendants are willing to produce the declarations page setting forth the policy limits of Eltman's insurance policy, subject to a protective order. Dkt. #50, p.8. Defendants

---

[1] Plaintiff argues that the proposed protective order circulated by defendants during the pendency of this motion is overbroad. Dkt. #55, p.9. Specifically, plaintiff seeks to include plaintiff, the proposed class representative, as an individual who can access confidential documents. Dkt. #55, p.9. While an argument could be made that plaintiff has no need to be provided with copies of the financial documents the Court has ordered disclosed, plaintiff must have access to sufficient information to make informed decisions regarding the potential value of this action. The Court trusts that the parties can tailor the protective order to afford plaintiff such access without compromising defendants' interest in confidentiality of sensitive financial documents.

affirm that, "upon information and belief, LVNV is being indemnified by Eltman and therefore, LVNV has not tendered its defense to an insurer." Dkt. #51, ¶ 6.

Plaintiff argues that there is no reason to subject defendants' insurance policies to a protective order and that disclosure of LVNV's insurance policy is required regardless of whether Eltman has agreed to indemnify LVNV. Dkt. #55, pp.9-10.

Fed. R. Civ. P. 26(a)(1)(A)(iv) requires disclosure, without demand, of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Dkt. #55, p.9. Defendants shall comply with Rule 26 forthwith.

Document Demand #10

Document demand #10 seeks documents concerning the creation, approval and use of the form of the letter sent to plaintiff. Dkt. #47-4, p.17. Defendants respond that they will produce this information subject to a protective order. Dkt. #50, p.10. As a result, the Court finds this issue moot.

   **SO ORDERED.**

**DATED:  Buffalo, New York**
      **September 11, 2013**

            *s/ H. Kenneth Schroeder, Jr.*
            **H. KENNETH SCHROEDER, JR.**
            **United States Magistrate Judge**