**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CHRISTOPHER GODSON,**

                                        **Plaintiff,**                    **11-CV-0764S(Sr)**

**v.**

**ELTMAN, ELTMAN & COOPER, PC., et al.,**

                                        **Defendants.**

---

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. William M.

Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters.  Dkt. ##25 & 43.


        Plaintiff commenced this action pursuant to the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., alleging that defendant Eltman,

Eltman & Cooper P.C. ("Eltman"), sent a collections letter on behalf of LVNV Funding,

LLC ("LVNV"), which failed to fully disclose the amount of debt allegedly due, instead

advising plaintiff that the amount due, "$2628.72 (Does not include all the interest)."

Dkt. #1, ¶ 20.  Plaintiff seeks to certify a class of individuals in New York who received

substantially similar collection letters from defendants within one year prior to the filing

of this action.  Dkt. #1, ¶ 27.


        Currently before the Court is plaintiff's motion for sanctions and a

protective order (Dkt. #58); plaintiff's motion for an extension of time to complete

discovery (Dkt. #74), plaintiff's second motion to compel and for sanctions (Dkt. #78);

and LVNV's motion to bifurcate and/or stay discovery regarding LVNV's net worth

pending resolution of LVNV's motion for summary judgment.  Dkt. #88.

## FACTS AND PROCEDURAL HISTORY

In a Decision and Order entered September 11, 2013, the Court granted

plaintiff's motion to compel in so far as plaintiff sought disclosure of defendants' net

worth and insurance coverage.  Dkt. #56.  Specifically, defendants were directed to

immediately disclose "any insurance agreement under which an insurance business

may be liable to satisfy all or part of a possible judgment in the action or to indemnify or

reimburse for payments made to satisfy the judgment" as required by Fed. R. Civ. P.

26(a)(1)(A)(iv), and to disclose, subject to a mutually acceptable protective order,

audited financial statements and tax returns, including schedules, for the years 2009

through the present.  Dkt. #56.  In addition, in reliance upon defendants' representation

that they would produce documents concerning the creation, approval and use of the

form of the letter sent to plaintiff, the Court found moot that aspect of plaintiff's motion

to compel.

By e-mail dated September 26, 2013, plaintiff's counsel reminded

defendants' counsel that the insurance documents were required to be produced

"forthwith" and attached two proposed confidentiality orders for consideration with

respect to the remaining documents.  Dkt. #58-1, p.24.  Defendants' counsel responded

that she "should be able to focus on this by early next week."  Dkt. #58-1, p.25.

Plaintiff's counsel followed up on his prior e-mail on October 3, 2013.  Dkt. #58-1, p.26.

By e-mail dated October 7, 2013, defendants' counsel responded that she was waiting for a response from her client and expected to be able to respond to plaintiff within a day.  Dkt. #58-1, p.28.  Defendants' counsel advised plaintiff's counsel, by voicemail at 5:38 p.m. on October 8, 2013, that she had "received authority . . . as to the form of the protective order" and wished to discuss document production.  Dkt. #60, ¶ 7.  Plaintiff filed the motion for sanctions at 6:14 p.m. on October 8, 2013.  Dkt. #58.  Plaintiff's counsel declares that he did not receive the voicemail message prior to the filing of the motion.  Dkt. #63, ¶ 22.

Defendants's counsel responds that the Court's Order "did not provide a specific time limit with respect to the disclosure of the information governed by the Decision" other than to state that the insurance policies be disclosed "forthwith."  Dkt. #60, ¶ 2.  Defendants' counsel declares that the parties have agreed to the protective order and that defendant Eltman has gathered the information ordered to be disclosed by the Court.  Dkt. #60, ¶¶ 10-11.  However, defendant LVNV requests a stay of the Court's Order directing disclosure of its financial information pending resolution of its motion for summary judgment (Dkt. #61), which argues that it cannot be deemed a debt collector as that term is defined by the FDCPA and, in any event, was not involved in drafting the collection letter sent to plaintiff or calculating the amount due set forth in the collection letter, which it filed contemporaneously with its response to plaintiffs' motion for sanctions.  Dkt. #64.  LVNV states that it will provide its insurance policy.  Dkt. #60, ¶ 13.

-3-

In reply, plaintiff's counsel declared that it had yet to receive the insurance policies or the financial documents.  Dkt. #63, ¶ 4.  Plaintiff's counsel notes that as a result of the delay in document discovery, plaintiff has not deposed defendants' representatives.  Dkt. #64-1, ¶ 10.  As a result, plaintiff's counsel moved to stay the motion for summary judgment on the ground that defendants have stymied discovery, thereby preventing plaintiff from obtaining the factual information necessary to respond to LVNV's argument that it is not a debt collector.  Dkt. #64.

Plaintiff questions LVNV's representation in her declaration in support of it's motion for summary judgment that LVNV does not regularly collect or attempt to collect debts owed or asserted to be owed or due to another party with the fact that LVNV is licensed as a debt collection agency by the New York City Department of Consumer Affairs and has been the named plaintiff in more than 9,0000 cases whose captions suggest that they are debt collection cases.  Dkt. #64-1, ¶¶ 18-19.  Plaintiff also argues that it should have the opportunity to conduct discovery regarding the complicated tangle of corporate entities plaintiff believes LVNV utilizes to collect the debts it has purchased. Dkt. #64-1, ¶¶ 21, 23 & 28.  Until plaintiff understands LVNV's role in the collection of debts such as plaintiff's, plaintiff declares that he cannot adequately respond to LVNV's motion for summary judgment.  Dkt. #64-1, ¶¶ 23-24 & 28.

Counsel for LVNV responds that staying the motion for summary judgment is not necessary because the financial documentation at issue is relevant only

to damages, not liability.  Dkt. #67, ¶ 2.  LVNV agrees to permit a supplemental

deposition on the limited issue of its financial net worth should its motion for summary

judgment be denied.  Dkt. #67, ¶ 8.  LVNV argues that the other discovery issues can

be completed before plaintiff's opposition to the summary judgment motion is due.  Dkt.

#67, ¶ 5.

By Text Order entered December 3, 2013, the Hon. William M. Skretny,

Chief Judge, granted plaintiff's motion to stay briefing on LVNV's motion for summary

judgment.  Dkt. #71.

The protective order was entered on December 6, 2013.  Dkt. #73.

Defendant EEC produced documents relating to its net worth and insurance coverage

on December 9, 2013.  Dkt. #74-1, ¶ 11.

By motion filed December 9, 2013, plaintiff seeks an additional 120 days

to complete discovery.  Dkt. #74.  Plaintiff's counsel declared that he has yet to receive

any documents concerning the creation, approval and use of the form letter sent to

plaintiff.  Dkt. #74-1, ¶¶11-12.  Moreover, plaintiff notes that defendants objected to

every interrogatory and produced nothing in response to plaintiff's Second Set of

Discovery Demands dated October 29, 2013.  Dkt. #74-1, ¶¶ 13-14.

Defendants oppose an extension of the discovery deadline by more than

60 days.  Dkt. #75, ¶ 2.

Plaintiff filed a second motion to compel and for sanctions on January 10, 2014.  Dkt. #78.

On February 7, 2014, LVNV moved to bifurcate and stay discovery regarding damages.  Dkt. #88.

## DISCUSSION AND ANALYSIS

**Effect of LVNV's Summary Judgment Motion on Discovery**

Summary judgment may be sought at any time after a pleading is served. *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc*., 404 F.3d 566, 573 (2d Cir. 2005); *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.").  Where, however, "a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 303 (2d Cir. 2003); *See* Fed. R. Civ. P. 56.  "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Id.* at 303-04.  Accordingly, the Court will consider plaintiff's outstanding discovery demands against LVNV within the context of relevancy to the legal issues presented in LVNV's motion for summary judgment, *to wit*, whether LVNV is a debt collector as

defined in the FDCPA and whether LVNV was personally involved or can be vicariously liable for the drafting of the collection letter or calculation of the amount due.

**First Motion To Compel**

<u>Net Worth Discovery of Eltman</u>

As set forth in this Court's prior Decision and Order, defendants were ordered to provide audited financial statements and tax returns, including schedules, from 2009 to the present.  Dkt. #56.

Plaintiff states that Eltman has failed to produce audited financial statements and tax returns for 2009.  Dkt. #82, p.16.

Eltman responds that it does not have audited financial statements for 2009, but has produced its 2009 tax return, with schedules.  Dkt. #87-1, ¶ 2.

Accepting Eltman's explanation that its 2009 financial statements were not audited, the Court directs Eltman to produce, within ten days of the entry of this Decision and Order, its 2009 financial statements.

<u>Net Worth Discovery of LVNV</u>

As set forth in this Court's prior Decision and Order, defendants were ordered to provide audited financial statements and tax returns, including schedules, from 2009 to the present.  Dkt. #56.

LVNV argues that discovery of its financial information is only relevant to the issue of damages and moves to stay disclosure of such information pending resolution of its summary judgment motion.  Dkt. #88.

Plaintiff argues that LVNV's financial information is relevant to assessing whether LVNV is a debt collector as the amount of revenue derived from collection of debts and the proportion of that revenue to revenue derived from other sources is relevant to assessing whether LVNV qualifies as a debt collector.  Dkt. #93, p.3. Moreover, plaintiff argues that LVNV's tax returns may shed light on the interrelationship between the entities involved in the collection of plaintiff's debt and support a finding of vicarious liability.  Dkt. #93, pp.3-4.

In reply, LVNV argues that its motion for a stay of discovery regarding its net worth should be granted because even if there is a question regarding its status as a debt collector, plaintiff cannot demonstrate that LVNV was involved in drafting the collection letter sent to plaintiff or calculating the amount due set forth in the collection letter.  Dkt. #96, p.2.

 LVNV moves for summary judgment on multiple grounds, the first of which is that it does not meet the statutory definition of debt collector.  Dkt. #61, p.5.  As LVNV's tax returns and audited financial statements can reasonably be expected to clarify whether the principal purpose of LVNV is the collection of debts, or whether LVNV "regularly collects or attempts to collect, directly or indirectly, debts owed or due

or asserted to be owed or due another," as required to satisfy the definition of a debt collector, plaintiff is entitled to discover these documents.  15 U.S.C. § 1692(a)(6).  In addition, LVNV's tax returns and financial statements may contain information relevant to plaintiff's claim of control by LVNV over Eltman through either an agency relationship or single economic enterprise which could support a claim of vicarious liability. *See Okyere v. Palisades Collection, LLC*, 961 F. Supp.2d 508, 515-16 (S.D.N.Y. 2013) (an entity that itself meets the definition of debt collector may be held vicariously liable for unlawful collection activities carried out by another on its behalf); *Fritz v. Resurgent Capital Servs, LP,* 955 F. Supp.2d 163, 177 (E.D.N.Y. 2013) (same); *Harrison v. NBD, Inc.*, 968 F. Supp. 837, 845 (E.D.N.Y. 1997) (parent liability may be found where (1) subsidiary is dominated by parent so as to constitute a single economic enterprise; (2) parent controlled almost all aspects of the subsidiary's debt collection; or (3) the subsidiary is an alias for the parent). Therefore, the Court directs that LVNV produce, subject to the protective order, its audited financial statements and tax returns, including schedules, from 2009 through the present, within ten days of the filing of this Decision and Order and denies LVNV's motion (Dkt. #88), to bifurcate and stay discovery.

### Disclosure of LVNV's Insurance Agreement

As the Court previously noted, Fed. R. Civ. P. 26(a)(1)(A)(iv) requires disclosure, without demand, of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Dkt. #55, p.9.  The

Case Management Order set February 14, 2012 as the deadline for compliance with Rule 26(a)(1) and the Court's prior Decision and Order, dated September 11, 2013, directed defendants to disclose, forthwith, "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."  Dkt. #56, p.8.  Setting aside LVNV's apparent lack of understanding of the definition of forthwith, the February 7, 2014 production of the provisions of an umbrella policy, absent a declarations page indicating insured parties and coverage, or production of an underlying policy (Dkt. #98, ¶ 4 & Exh. A), is wholly insufficient.  LVNV shall  certify to the Court, within ten days of this Decision and Order, that it has complied with the requirements of Rule 26(a)(1)(A)(iv), or it shall be held in civil contempt.

<u>Documents related to the form letter</u>

In its prior Decision and Order, the Court relied upon defendants representation that they would produce, subject to a protective order, documents concerning the creation, approval and use of the form of the letter sent to plaintiff and found this aspect of plaintiff's motion to compel moot.  Dkt. #56.

Plaintiff's counsel declares that "[a]s of December 30, 2013, neither Eltman nor LVNV has produced any documents related to the drafting of the form letter at issue in this case."  Dkt. #76, ¶¶ 19 & 22.  As of February 26, 2014, plaintiff declares that EEC turned over the template for the collection letter, but "has turned over no other documents related to the creation, approval or use of the collection letter."  Dkt. #98,

¶ 10.  However, by affidavit dated February 7, 2014, Eltman's Chief Financial Officer,

Rory Boyle states that

> A review of Eltman's records show that other than the letter
> template itself which was used for the collection letter, dated
> September 10, 2010, which is at issue in this case, there are
> no other documents concerning the creation, approval and
> use of this letter template.  The individual who may have
> knowledge about the creation of this letter template, Angela
> Stokes, is no longer employed by Eltman. Ms. Stokes was
> Eltman's Chief Operating Officer from January, 2010 to
> April, 2011.  A review of our documents and correspondence
> did not reveal any information concerning the letter template
> at issue in this case.

Dkt. #87-1, ¶ 3.  As this response from Eltman is sufficient, albeit belated, this aspect of

plaintiff's motion to compel is denied.


As to LVNV, it shall produce any documents in its possession, custody or

control which are related to the drafting of the form letter at issue in this case or certify

that it is not in possession, custody or control of any such documents within ten days of

the entry of this Decision or Order.  Given that LVNV's Limited Power of Attorney to

Resurgent Capital Services LP ("Resurgent"), authorizes Resurgent to act as LVNV's

agent with respect to the collection of debts owed to LVNV (Dkt. #82-14, p.2), this

includes documents generated by Resurgent. *See American Rock Salt Co. v. Norfolk*

*Southern Corp.*, 228 F.R.D. 426, 457 (W.D.N.Y. 2004) ("documents held by party's

agent are deemed to be in a party's control.").

**Second Motion to Compel**

Plaintiff's second motion to compel relates to discovery demands addressed to LVNV and Eltman seeking information and documents from LVNV-Related Entities, which plaintiff defines to include: LVNV; Resurgent Capital Services Limited Partnership a/k/a Resurgent Capital Services L.P. f/k/a Alegis Group L.P.; Sherman Originator LLC; Alegis Group LLC; Sherman Financial Group LLC; Sherman Capital Markets LLC; Sherman Acquisition Limited Partnership a/k/a Sherman Acquisition L.P.; Sherman Acquisition L.L.C.; Sherman Acquisition II Limited Partnership a/k/a Sherman Acquisition II L.P.; Sherman Acquisition II General Partnership LLC; Sherman Capital, LLC; and Meeting Street Partners II Inc.  Dkt. #82-6, p.3.  Plaintiff argues that in light of LVNV's argument that it is not a debt collector and did not attempt to collect plaintiff's debt, it is entitled to discovery of the relationship between LVNV and these entities, which the Maryland State Collection Agency Licensing Board, in a Summary Order to Cease and Desist and Summary Suspension of Collection Agency Licences issued in October, 2011, determined are owned, managed, directed, operated, supervised and overseen by the same five individuals, in order to assess whether LVNV can be held liable under agency principles or under a theory that they act as a single economic enterprise.  Dkt. #82, pp.21 & 23. Moreover, plaintiff argues that because the management and operation of these entities is so intertwined, documents belonging to any of the LVNV-related entities are within the possession, custody and control of LVNV for purposes of Fed. R. Civ. P. 34(a)(1).  Dkt. #82, pp.24-25.

Defendants oppose discovery of non-parties to this action, particularly those which plaintiff has failed to connect in any way to the collection of plaintiff's debt. Dkt. #90, pp.5-7 & 14-. Specifically, LVNV argues that the limited power of attorney it granted Resurgent to service LVNV's accounts receivable (Dkt. #82-14, p.2), does not provide access to Resurgent's records.  Dkt. #90, p.16.

Plaintiff's request for information and documents relating to "LVNV-Related Entities" is overbroad and shall be limited to documents related to the collection of plaintiff's debt and which are in the possession, custody or control of LVNV, Resurgent and Eltman.  As a result, plaintiff's motion to compel is granted in so far as plaintiff seeks production from LVNV of the following documents in the possession, custody or control of LVNV and/or Resurgent:

- procedures for sending debts to Eltman  (Dkt. #82-8, Document Request No. 3);

- agreements, including servicing agreements, concerning the collection of plaintiff's debt (Dkt. #82-8, Document Request No. 6 & Dkt. #78, p.2, ¶¶ 6 & 9);

- documents concerning plaintiff's debt (Dkt. #82-8, Document Request No. 7);

- manuals, instructions, guidelines, and other documents setting forth policies and procedures to be used in the collection of plaintiff's debt (Dkt. #82-8, Document Request No. 9);

- documents, including computer records, referring or relating to plaintiff or retrievable under any number assigned to plaintiff (Dkt. #82-8, Document Request No. 10);

- documents concerning the maintenance of procedures to ensure compliance with and avoid violation of the FDCPA and/or to create a bona fide error defense (Dkt. #82-8, Document Request No. 11 & 12).

Plaintiff's demand for corporate documents (Dkt. #82-8, Document Request No. 13), is limited to LVNV's articles of incorporation, bylaws, and employment agreements with corporate officers who are also employed by or working on behalf of Resurgent and/or Eltman.

Plaintiff's demand for the operative agreement between EEC and Resurgent (Dkt. #78, p.2, ¶ 5), and a plain-English explanation of all codes and abbreviations appearing in Eltman's account notes pertaining to plaintiff (Dkt. #78, p.2, ¶ 7), is denied as moot.  Dkt. #87-1, ¶4 & Dkt. #90, pp.8 & 22.

Plaintiff's demand for an unredacted copy of Resurgent's account notes pertaining to plaintiff (Dkt. #78, p.2, ¶ 8), is denied as the account notes produced include only one redaction, which postdates the filing of the lawsuit in this action. Furthermore, plaintiff's demand for documents concerning the purchase of plaintiff's debt and the debt portfolio containing plaintiff's debt, as well as the collection of other debts contained in that debt portfolio (Dkt. #82-8, ¶¶ 4-5 & 8), is denied as irrelevant.

Plaintiff's demand for a response to Interrogatory No. 2 (Dkt. #82-8, p.5), is moot given LVNV's disclosure of the identity of the individuals referenced in Resurgent's account event history. Dkt. #82-15 & Dkt. #90, p.18 n.5.  Finally, the Court

sustain's LVNV's objections to plaintiff's interrogatory seeking information relating to its public accountant, auditor and financial experts.  Dkt. #82-5, p.5.

Eltman shall produce any manuals, instructions, guidelines, and other documents setting forth policies and procedures to be used in the collection of plaintiff's debt. Dkt. #78, p.3, ¶ 3.  Furthermore, Eltman shall produce any supplemental servicing documentation outlining operational requirements and work standards that were incorporated into the Network Collection Attorney Agreement dated July 20, 2010.  Dkt. #78, p.3, ¶ 5.  Finally, Eltman shall produce any documents concerning LVNV and/or Resurgent's procedures for sending debts to Eltman which are in the possession, custody or control of Eltman.  Dkt. #78, p.3, ¶ 6 & Dkt. #82-7, Document Request No. 3.

Plaintiff's request for agreements between Eltman and Resurgent operative between July 15, 2009 and July 20, 2010 (Dkt. #78, p.3, ¶ 4), is denied as that agreement was no longer in force at the time the allegedly improper collection efforts were undertaken.

**Attorney's Fees**

Rule  37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted –
> or if the disclosure or requested discovery is provided after
> the motion was filed – the court must, after giving an
> opportunity to be heard, require the party or deponent whose
> conduct necessitated the motion, the party or attorney

advising that conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But, the court must not order this payment if:

(I)      the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)     the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii)    other circumstances make an award of expenses unjust.

In light of defendants' failure to comply with portions of this Court's prior Decision and Order, defendants' production of discoverable documents subsequent to the filing of plaintiff's motions, and the Court's grant of significant portions of plaintiff's moions to compel, plaintiff's request for payment of attorney's fees incurred in the filing of the motions to compel is granted.  If the parties are unable to agree to the amount of reasonable expenses incurred in the making of these motions, plaintiff's counsel shall submit an affirmation setting forth such costs no later than October 24, 2014.

**Case Management Order**

The Case Management Order is amended as follows:

1.     Defendants shall comply with this Decision and Order within ten days;

2.     Depositions of individuals with information relevant to the outstanding motion for summary judgment shall be completed by December 5, 2014;

3.     Should defendants seek to limit questions of deposed witnesses to issues relating to the

outstanding motion for summary judgment,
defendants waive objection to further
deposition of that witness in the event that the
motion for summary judgment is denied;

4.      Plaintiff shall respond to the motion for
summary judgment by January 30, 2015;

5.      Defendants' reply, if any, shall be filed by
February 20, 2015; and

6.      Oral argument will be scheduled by the Court
as deemed necessary.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel (Dkt. #58), is

granted in part; plaintiff's motion for an extension of time to complete discovery (Dkt.

#74), is granted; plaintiff's motion to compel (Dkt. #78), is granted in part; and

defendants' motion to bifurcate and stay discovery of LVNV's tax returns, with

schedules, and audited financial statements since 2009 (Dkt. #88), is denied.

SO ORDERED.

DATED:      Buffalo, New York
September 15, 2014

 *H. Kenneth Schroeder, Jr.*
H. KENNETH SCHROEDER, JR.
United States Magistrate Judge