**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CHRISTOPHER GODSON,**

                                        **Plaintiff,**                    **11-CV-0764S(Sr)**

**v.**

**ELTMAN, ELTMAN & COOPER, PC., et al.,**

                                        **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters.  Dkt. ##25 & 43.  It is currently assigned to the Hon. Elizabeth A. Wolford.  Dkt. #136.


Currently before the Court is plaintiff's motion (Dkt. #110), for reargument and/or reconsideration of this Court's Decision and Order regarding plaintiff's second motion to compel (Dkt. #110), and plaintiff's third motion for sanctions. Dkt. #116.  For the following reasons, plaintiff's motions are granted in part and denied in part.


## FACTS AND PROCEDURAL HISTORY

Plaintiff commenced this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., alleging that defendant Eltman,

Eltman & Cooper P.C. ("Eltman"), sent a collections letter on behalf of LVNV Funding, LLC ("LVNV"), which failed to fully disclose the amount of debt allegedly due, instead advising plaintiff that the amount due, "$2628.72 (Does not include all the interest)." Dkt. #1, ¶ 20.  Plaintiff seeks to certify a class of individuals in New York who received substantially similar collection letters from defendants within one year prior to the filing of this action.  Dkt. #1, ¶ 27.

Plaintiff alleges that LVNV is a debt collector as defined by 15 U.S.C. § 1692a(6) because LVNV

> regularly engaged in the collection of debts allegedly due others, and the alleged debts that Defendants sought to collect from Plaintiff and the class members were in default before LVNV obtained the right to attempt to collect on the alleged debts.

Dkt. #1, ¶ 13.  In its amended answer, "LVNV admits that Plaintiff's debt was in default prior to LVNV obtaining rights to said debt."  Dkt. #46, ¶ 13.

Plaintiff alleges that "LVNV is liable not only for the acts of its agent, [Eltman], but for its own acts in hiring and directing [Eltman] to collect on debts for which LVNV did not know the amounts due."  Dkt. #1, ¶ 73.

In a Decision and Order entered September 11, 2013, the Court granted plaintiff's motion to compel in so far as plaintiff sought disclosure of defendants' net worth and insurance coverage.  Dkt. #56.  Specifically, defendants were directed to immediately disclose "any insurance agreement under which an insurance business

may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment" as required by Fed. R. Civ. P. 26(a)(1)(A)(iv), and to disclose, subject to a mutually acceptable protective order, audited financial statements and tax returns, including schedules, for the years 2009 through the present.  Dkt. #56.

Plaintiff filed his first motion for sanctions on October 8, 2013, complaining that defendants had yet to produce documents related to net worth and insurance coverage.  Dkt.  #58.

LVNV requested a stay of the Court's Order directing disclosure of its financial information pending resolution of its motion for summary judgement (Dkt. #61), which it filed contemporaneously with its response to plaintiffs' motion for sanctions. Dkt. #60, ¶ 12.  In the motion for summary judgment, LVNV argues that it is not a debt collector as that term is defined by the FDCPA and, in any event, was not involved in drafting the collection letter sent to plaintiff or calculating the amount due set forth in the collection letter.  Dkt. #61.  More specifically, as relevant to the instant motion, LVNV argues that because it owns the plaintiff's debt, it is a creditor rather than a debt collector.  Dkt. #61-6, pp.5 & 7-8.

Plaintiff moved for a stay of the motion for summary judgment (Dkt. #64), which the Court granted by Text Order entered December 3, 2013.  Dkt. #71.

The protective order was entered on December 6, 2013.  Dkt. #73.

By motion filed December 9, 2013, plaintiff sought an additional 120 days to complete discovery.  Dkt. #74.

Plaintiff filed a second motion to compel and for sanctions on January 10, 2014.  Dkt. #78.

On February 7, 2014, LVNV moved to bifurcate and stay discovery regarding damages.  Dkt. #88.

By Decision and Order entered September 15, 2014, the Court granted, in part, plaintiff's motion to compel (Dkt. #58); granted plaintiff's motion for an extension of time to complete discovery (Dkt. #74); granted, in part, plaintiff's motion to compel (Dkt. #78); and denied defendants' motion to bifurcate and stay discovery of LVNV's tax returns, with schedules, and audited financial statements since 2009 (Dkt. #88).  Dkt. #103.  Specifically, the Court directed LVNV to produce, within ten days, audited financial statements and tax returns, including schedules, for 2009 through the present. Dkt. #103, p.9.  The Court noted that, in addition to establishing potential recovery, LVNV's financial information "can reasonably be expected to clarify whether the principal purpose of LVNV is the collection of debts, or whether LVNV 'regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another,' as required to satisfy the definition of debt collector."  Dkt. #103, p.9.

-4-

By affidavit filed September 25, 2014, LVNV certified that it had produced the complete umbrella liability policy issued by The Hartford Casualty Insurance Company insuring Sherman Financial Group, LLC, which lists LVNV listed as an additional insured.  Dkt. #104.

Plaintiff filed objections to the Court's Order on September 29, 2014.  Dkt. #107.

On October 14, 2014, plaintiff filed a motion for reconsideration of the Court's Decision and Order (Dkt. #103).  Dkt. #110.

Defendants motion to stay their response to plaintiff's objections (Dkt. #113), was granted on October 24, 2014.  Dkt. #115.

Plaintiff filed a third motion for sanctions on October 24, 2014.  Dkt. #116.

In response to the motion for sanctions, Meghan Emmerich, an authorized representative of LVNV, affirmed that "LVNV has no audited financial statements and LVNV does not file tax returns."  Dkt. #124-9, ¶ 6.  LVNV produced a balance sheet suggesting net worth in excess of $10,000,000 for 2011, 2012 and 2013.  Dkt. #124-10.

## DISCUSSION AND ANALYSIS

**Motion for Reconsideration**

"It is well established that the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment . . . ." *In re U.S.*, 733 F.2d 10, 13 (2d Cir. 1984). However, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.) (internal quotation omitted), *cert. denied*, 506 U.S. 820 (1992). Such a motion "should not be granted where the moving party seeks solely to re-litigate an issue already decided." *Shrader,* 70 F.3d at 257.

Corporate Documents

Plaintiff seeks reconsideration of the Court's limitation of its request for all corporate documents, including articles of incorporation, bylaws, stock certificates and register, board of directors meeting minutes for the last five years, shareholder agreements, buy-sell agreements, employment agreements with corporate officers or others, leases for real estate or equipment, contracts or signed agreements with customers or vendors that provide for preferential costs or long-term earnings, Keyman

life insurance contracts, lists of owners/shareholders and percentages owned, and
minutes of any meetings of management or board of directors for all of the LVNV-
Related Entities, which plaintiff defines to include: LVNV; Resurgent Capital Services
Limited Partnership a/k/a Resurgent Capital Services LP f/k/a Alegis Group LP;
Sherman Originator LLC; Alegis Group LLC; Sherman Financial Group LLC; Sherman
Capital Markets LLC; Sherman Acquisition Limited Partnership a/k/a Sherman
Acquisition L.P.; Sherman Acquisition LLC.; Sherman Acquisition II Limited Partnership
a/k/a Sherman Acquisition II LP; Sherman Acquisition II General Partnership LLC;
Sherman Capital, LLC; and Meeting Street Partners II Inc.  Dkt.. #122, p.3.

Plaintiff argues, as he did in the motion to compel, that he needs this
information to demonstrate that LVNV is a debt collector.  Dkt. #122, p.3.  Plaintiff
clarifies the basis for his belief that the LVNV-Related Entities share common
ownership and control and act as a single enterprise to collect debts but are
purposefully structured to avoid the FDCPA.  Dkt. #122, pp.4 & 7.  Plaintiff challenges
the Court's limitation of disclosure on the ground that the relevant issue is whether
LVNV collects debts in the regular course of its business, not whether LVNV acted as a
debt collector with respect to plaintiff's debt.  Dkt. #122, p.6 & Dkt. #132, pp.6-7.

LVNV argues that plaintiff is attempting to obtain irrelevant information
from independent, non-party corporate entities and denies that the documents sought
from these entities could establish that LVNV is a debt collector.  Dkt. #130, pp.10-11.

While the Court recognizes the distinction articulated by plaintiff, it continues to find that plaintiff's request for information and documents relating to all of the LVNV-Related Entities to be overbroad. However, in light of LVNV's affirmation that it does not file taxes (Dkt. #124-9, ¶ 6), and disclosures that: (1) Sherman Originator, LLC is the parent corporation of LVNV and Sherman Financial Group, LLC is the grandparent corporation of LVNV (Dkt. #124-13); (2) the original creditor assigned plaintiff's debt to Sherman Originator, LLC, which assigned the debt to Sherman Acquisition LP before transferring the debt to LVNV (Dkt. #121-10); and (3) Sherman Financial Group, LLC is the primary insured on the applicable insurance policy, which also insures Sherman Originator, LLC; Sherman Acquisition, LLC [sic]; and LVNV (Dkt. #121-8), the Court will extend its ruling regarding plaintiff's demand for corporate documents to encompass Sherman Financial Group, LLC; Sherman Originator, LLC; and Sherman Acquisition LP.  *See* Rule 26(d) of the Local Rules of Civil Procedure (definition of defendant includes "its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.").  The Court further clarifies that Sherman Financial Group, LLC; Sherman Originator, LLC; Sherman Acquisition LP; and LVNV shall disclose their articles of incorporation and bylaws or limited liability agreements or limited partnership agreements and any management services agreements with each other.  In addition, the Court orders disclosure of any employment agreements between any corporate officers, members, employees, agents or authorized representatives of Sherman Financial Group, LLC; Sherman Originator, LLC; and Sherman Acquisition LP who are also corporate officers, members, employees, agents or authorized representatives working in any capacity on behalf of LVNV; Resurgent and/or Eltman.

-8-

Financial Statements

In light of LVNV's affirmation that it does not file tax returns or produce audited financial statements (Dkt. #124-9, ¶ 6), LVNV is ordered to disclose the tax returns, including schedules, from 2009 through the present, of any corporate parent or grandparent that includes LVNV's income on its tax returns. *See* Rule 26(d) of the Local Rules of Civil Procedure (definition of defendant includes "its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.").  LVNV shall also disclose the audited financial statements, from 2009 through the present, of any corporate parent or grandparent that includes LVNV's income on its tax returns.  In addition, LVNV shall disclose all transactions categorized as Intercompany Accounts Payable and Facility Liabilities on its balance sheet from 2009 through the present.


Debt Purchase Documents

LVNV shall produce the Purchase and Sale Agreement by and between Providian National Bank and Sherman Originator LLC, as well as any additional documentation or communications regarding the transfer of plaintiff's debt from Providian National Bank to Sherman Originator LLC to Sherman Acquisition LP to LVNV as well as any servicing agreements or other agreements relating to the collection of plaintiff's debt between any of these entities.


Resurgent Account Note Codes

LVNV shall produce a plain-English explanation of all codes and abbreviations appearing in Resurgent's account notes pertaining to plaintiff.

Unredacted Account Notes

The Court finds no basis for reconsideration of its denial of plaintiff's request for an unredacted copy of Resurgent's account notes.

Interrogatory No. 2

LVNV's response to plaintiff's interrogatory seeking the identity of all persons involved in the collection of plaintiff's account (Dkt. #82-8, p.5), is sufficient. Accordingly, this aspect of plaintiff's motion for reconsideration is denied.

Interrogatory No. 3

The Court finds no basis for reconsideration of its denial of plaintiff's request for information regarding the identity of any certified public accountant, auditor, or other professional who prepared tax returns or financial statements on behalf of any LVNV related entity.  Accordingly, this aspect of plaintiff's motion for reconsideration is denied.

**Motion for Sanctions**

Plaintiff seeks a finding of contempt against LVNV and sanctions, including a determination that LVNV be precluded from contesting that it is a debt collector with a net worth of $50 million, as well as the reasonable costs of motion practice, for LVNV's failure to comply with this Court's prior Orders.  Dkt. #125.

LVNV responds that it has complied with the Court's discovery order and argues that it "is fundamentally unfair" to subject it to "the burden of overbroad and invasive discovery requests when the facts establishing no liability are easily ascertainable and clearly presented for evaluation" in its motion for summary judgment. Dkt. #127, pp.4-5.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides:

If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court where the action is pending may issue further just orders.  They may include the following:

(I)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)  striking pleadings in whole or in part;

*   *   *

(vi)   rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2)

the proof of noncompliance is clear and convincing, and (3) the contemnor has not

diligently attempted to comply in a reasonable manner.'" *Paramedics Electromedicina*

*Comercial, LTDA v. GE Medical Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir.

2004), *quoting King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir. 1995).  "It need

not be established that the violation was willful."  *Id.*


   In it's Decision and Order entered September 15, 2014, the Court

determined that production of an umbrella policy, absent production of an underlying

policy was wholly insufficient and directed LVNV to certify, within ten days, that it had

complied with the requirements of Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil

Procedure by producing, *inter alia*, an underlying policy, or it would be held in civil

contempt.  Dkt. #103, p.10.  Instead of complying with this Order, LVNV argues that the

policies referred to in the umbrella policy "have absolutely no bearing as to potential

insurance coverage for the instant FDCPA claim."  Dkt. #127, p.14.  However, it is

axiomatic that an umbrella policy supplements an underlying policy.  Thus, LVNV is in

contempt of this Court's Order.


   LVNV's lack of disclosure regarding its net worth is similarly disdainful of

this Court's Orders. Despite being ordered to disclose audited financial statements and

tax returns, including schedules, for the years 2009 through the present by Decision

and Order entered September 11, 2013 (Dkt. #56), LVNV waited until the Court denied

its motion to stay discovery regarding LVNV's net worth and again directed LVNV to

disclose audited financial statements and tax returns, including schedules, from 2009 through the present (Dkt. #103, p.9), to disclose that "LVNV has no audited financial statements and LVNV does not file tax returns."  Dkt. #124-9, ¶ 6.

LVNV's disregard for the rules of discovery and this Court's decisions warrants an award of attorney's fees with respect to both plaintiff's motion for reconsideration and third motion for sanctions.  *See* Fed. R. Civ. P. 37(a)(5)(A) & 37(b)(2).  If the parties are unable to agree to the amount of reasonable expenses incurred in the making of these motions, plaintiff's counsel shall submit an affirmation setting forth such costs no later than November 13, 2015.

Finally, LVNV is forewarned that its failure to comply with this Decision and Order within 30 days of its entry will preclude it from arguing that it is not a debt collector or that its net worth is less than $50 million.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reargument and/or reconsideration of this Court's Decision and Order regarding plaintiff's second motion to

compel (Dkt. #110), and plaintiff's third motion for sanctions (Dkt. #116), are granted in part and denied in part.

       **SO ORDERED.**

**DATED:**      **Buffalo, New York**
                 **September 30, 2015**

                     ***S/ H. Kenneth Schroeder, Jr.***
                     **H. KENNETH SCHROEDER, JR.**
                     **United States Magistrate Judge**