UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER GODSON,

                                Plaintiff,                11-CV-0764S(Sr)

v.

ELTMAN, ELTMAN & COOPER, PC., et al.,

                                Defendants.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. ##25 & 43. It is currently assigned to the Hon. Elizabeth A. Wolford. Dkt. #136.

Currently before the Court is plaintiff's motion for sanctions (Dkt. #153), against defendant LVNV Funding, LLC ("LVNV"), for its failure to comply with this Court's Decision and Order dated September 30, 2015 (Dkt. #137), directing it to disclose corporate documents, financial statements and debt purchase documents. For the following reasons, plaintiff's motion is granted in part.

## FACTS AND PROCEDURAL HISTORY

Plaintiff commenced this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., alleging that defendant Eltman,

Eltman & Cooper P.C. ("Eltman"), sent a collections letter on behalf of LVNV Funding, LLC ("LVNV"), which failed to fully disclose the amount of debt allegedly due, instead advising plaintiff that the amount due, "$2628.72 (Does not include all the interest)." Dkt. #1, ¶ 20. Plaintiff seeks to certify a class of individuals in New York who received substantially similar collection letters from defendants within one year prior to the filing of this action. Dkt. #1, ¶ 27.

Plaintiff alleges that LVNV is a debt collector as defined by 15 U.S.C. § 1692a(6) because LVNV

> regularly engaged in the collection of debts allegedly due others, and the alleged debts that Defendants sought to collect from Plaintiff and the class members were in default before LVNV obtained the right to attempt to collect on the alleged debts.

Dkt. #1, ¶ 13. Plaintiff alleges that "LVNV is liable not only for the acts of its agent, [Eltman], but for its own acts in hiring and directing [Eltman] to collect on debts for which LVNV did not know the amounts due." Dkt. #1, ¶ 73. More specifically, plaintiff argues that "LVNV is not only vicariously liable for the actions of its attorneys, but it is primarily liable for providing the garbage data that resulted in the use of the weasel words '(Does not include all interest).'" Dkt. #162, p.9.

In a Decision and Order entered September 11, 2013, the Court granted plaintiff's motion to compel in so far as plaintiff sought disclosure of defendants' net worth and insurance coverage. Dkt. #56. Specifically, defendants were directed to immediately disclose "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or

reimburse for payments made to satisfy the judgment" as required by Fed. R. Civ. P. 26(a)(1)(A)(iv), and to disclose, subject to a mutually acceptable protective order, audited financial statements and tax returns, including schedules, for the years 2009 through the present.  Dkt. #56.

Plaintiff filed his first motion for sanctions on October 8, 2013, complaining that defendants had yet to produce documents related to net worth and insurance coverage.  Dkt. #58.

LVNV requested a stay of the Court's Order directing disclosure of its financial information pending resolution of its motion for summary judgement (Dkt. #61), which it filed contemporaneously with its response to plaintiffs' motion for sanctions. Dkt. #60, ¶ 12.  In the motion for summary judgment, LVNV argued that it is not a debt collector as that term is defined by the FDCPA and, in any event, was not involved in drafting the collection letter sent to plaintiff or calculating the amount due set forth in the collection letter.  Dkt. #61.

Plaintiff moved for a stay of the motion for summary judgment (Dkt. #64), which the Court granted by Text Order entered December 3, 2013.  Dkt. #71.

The protective order was entered on December 6, 2013.  Dkt. #73.

Plaintiff filed a second motion to compel and for sanctions on January 10, 2014.  Dkt. #78.

On February 7, 2014, LVNV moved to bifurcate and stay discovery regarding damages. Dkt. #88.

By Decision and Order entered September 15, 2014, the Court granted, in part, plaintiff's, motions to compel (Dkt. #58 & Dkt. #78), and denied defendants' motion to bifurcate and stay discovery (Dkt. #88), of LVNV's tax returns and audited financial statements. Dkt. #103. Specifically, the Court directed LVNV to produce, within ten days, audited financial statements and tax returns, including schedules, for 2009 through the present. Dkt. #103, p.9. The Court noted that, in addition to establishing potential recovery,[1] LVNV's financial information "can reasonably be expected to clarify whether the principal purpose of LVNV is the collection of debts, or whether LVNV 'regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another,' as required to satisfy the definition of debt collector." Dkt. #103, p.9.

By affidavit filed September 25, 2014, LVNV certified that it had produced the complete umbrella liability policy issued by The Hartford Casualty Insurance Company insuring Sherman Financial Group, LLC and listing LVNV listed as an additional insured. Dkt. #104.

---

[1] Pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii), if the class action is certified, plaintiffs would be entitled to statutory damages "not to exceed the lesser of $500,000 or 1 per centum of the net worth of" defendants.

Plaintiff filed objections to the Court's Order (Dkt. #103), on September 29, 2014.  Dkt. #107.

On October 14, 2014, plaintiff filed a motion for reconsideration of the Court's Decision and Order (Dkt. #103).  Dkt. #110.

Defendants' motion to stay their response to plaintiff's objections (Dkt. #113), was granted on October 24, 2014.  Dkt. #115.

Plaintiff filed a third motion for sanctions on October 24, 2014.  Dkt. #116.

In response to the third motion for sanctions, Meghan Emmerich, an authorized representative of LVNV, affirmed that "LVNV has no audited financial statements and LVNV does not file tax returns."  Dkt. #124-9, ¶ 6.  LVNV produced a balance sheet suggesting net worth of approximately $10,000,000 for 2011, 2012 and 2013.  Dkt. #124-10.

By Decision and Order entered September 30, 2015, the Court granted, in part, plaintiff's motion for reconsideration and directed additional disclosure of corporate documents, financial statements and debt purchase documents.  Dkt. #137.  With respect to corporate documents, the Court determined that, in light of LVNV's affirmation that it does not file taxes (Dkt. #124-9, ¶ 6), and disclosures that: (1) Sherman Originator, LLC is the parent corporation of LVNV and Sherman Financial

Group, LLC is the grandparent corporation of LVNV (Dkt. #124-13); (2) the original creditor assigned plaintiff's debt to Sherman Originator, LLC, which assigned the debt to Sherman Acquisition LP before transferring the debt to LVNV (Dkt. #121-10); and (3) Sherman Financial Group, LLC is the primary insured on the applicable insurance policy, which also insures Sherman Originator, LLC; Sherman Acquisition, LLC [sic]; and LVNV (Dkt. #121-8), it was appropriate for the Court to extend its ruling regarding disclosure of corporate documents to include Sherman Financial Group, LLC; Sherman Originator, LLC; and Sherman Acquisition LP. Dkt. #137, p.8.  The Court also clarified that Sherman Financial Group, LLC; Sherman Originator, LLC; Sherman Acquisition LP; and LVNV were required to disclose their articles of incorporation and bylaws or limited liability agreements or limited partnership agreements and any management services agreements with each other. Dkt. #137, p.8.  In addition, the Court ordered disclosure of any employment agreements between any corporate officers, members, employees, agents or authorized representatives of Sherman Financial Group, LLC; Sherman Originator, LLC; and Sherman Acquisition LP who are also corporate officers, members, employees, agents or authorized representatives working in any capacity on behalf of LVNV; Resurgent and/or Eltman. Dkt. #137, p.8.

In light of LVNV's affirmation that it does not file tax returns or produce audited financial statements (Dkt. #124-9, ¶ 6), LVNV was also ordered to disclose audited financial statements and tax returns, including schedules, from 2009 through the present, of any corporate parent or grandparent that includes LVNV's income on its tax returns and disclose all transactions categorized as Intercompany Accounts

Payable and Facility Liabilities on its balance sheet from 2009 through the present. Dkt. #137, p.9.

Finally, LVNV was directed to produce the Purchase and Sale Agreement by and between Providian National Bank and Sherman Originator LLC, as well as any additional documentation or communications regarding the transfer of plaintiff's debt from Providian National Bank to Sherman Originator LLC to Sherman Acquisition LP to LVNV, including any servicing agreements or other agreements between any of these entities which relate to the collection of plaintiff's debt.  Dkt. #137, p.9.

The Court also addressed plaintiff's motion for sanctions in its Decision and Order entered September 30, 2015, characterizing LVNV's continuing argument regarding disclosure of insurance policies and information relating to net worth as "disdainful of this Court's Orders."   Dkt. #137, p.12.  The Court noted that

> Despite being ordered to disclose audited financial statements and tax returns, including schedules, for the years 2009 through the present by Decision and Order entered September 11, 2013 (Dkt. #56), LVNV waited until the Court denied its motion to stay discovery regarding LVNV's net worth and again directed LVNV to disclose audited financial statements and tax returns, including schedules, from 2009 through the present (Dkt. #103, p.9), to disclose that "LVNV has no audited financial statements and LVNV does not file tax returns."  Dkt. #124-9, ¶ 6.

Dkt. #137, pp.12-13.  The Court awarded attorney's fees with respect to both plaintiff's motion for reconsideration and third motion for sanctions and warned LVNV that "its failure to comply with this Decision and Order within 30 days of its entry will preclude it

from arguing that it is not a debt collector or that its net worth is less than $50 million." Dkt. #137, p.13.

By Decision and Order entered December 22, 2015, Judge Wolford affirmed this Court's Decision and Order.  Dkt. #149.

By letter dated January 15, 2016, LVNV requested leave to withdraw its "argument that it does not fulfill the statutory definition of a debt collector" and permission to file an amended motion for summary judgment reflecting that change in position.  Dkt. #151.  That request was granted.  Dkt. #152.

Plaintiff filed his motion for sanctions on February 2, 2016,  Dkt. #153.

**DISCUSSION AND ANALYSIS**

Plaintiff argues that "it is obvious that LVNV willfully raised a meritless argument in its Motion for Summary Judgment, fully intending to stonewall discovery related to that argument, in an attempt to unfairly escape its liability under the FDCPA." Dkt. #162, p.7.  Plaintiff further argues that "LVNV's 27-month long 'not a debt collector' charade encapsulates its entire legal strategy - a strategy based not upon bona fide legal arguments and evidence, but upon misdirection and secrecy."  Dkt. #162, p.7. Plaintiff further argues that he continues to need the discovery materials which the Court ordered disclosed to "demonstrate, *inter alia*, that LVNV violated the FDCPA by sending purchased debts out for collection without really knowing the amounts due."

Dkt. #162, pp. 4-5 & 7.  Plaintiff asks the Court to hold LVNV in contempt and to determine that LVNV is a debt collector with a net worth greater than $50 million and that it violated the FDCPA by sending accounts it purchases out for collection when it didn't know the correct amount due.  Dkt. #162, pp.7-8.

LVNV responds by noting its position that the financial and corporate documents demanded by plaintiff, particularly those belonging to non-parties, are not relevant.  Dkt. #168, p.2.  Given the Court's determination to the contrary, however, LVNV states that "[r]ather than turn over confidential financial information and information belonging to non-parties to Plaintiff's counsel, LVNV made the business decision to accept the Court's sanction in this case and refrain from opposing Plaintiff's assertion that it is a debt collector under the FDCPA."  Dkt. #168, p.3.  LVNV also accepts that, for purposes of this action, its net worth is not less than $50 million.  Dkt. #168. pp.5-6.  LVNV opposes any additional sanctions, arguing, "Plaintiff should not get a free pass on having to prove liability under the guise of discovery sanctions."  Dkt. #168, p.3.

In reply, plaintiff reiterates the need to sanction LVNV for wasting the Court's time on discovery issues relating to LVNV's net worth and status as a debt collector and forcing plaintiff to file yet another motion for sanctions.  Dkt. #169.  Plaintiff also notes that LVNV did not address its failure to produce debt purchase documents and reiterates that these "documents can be expected to contain information relevant to the question of whether LVNV sent purchased debts out for collection without really knowing the amounts due."  Dkt. #169, p.6.  Plaintiff argues that

there can be no question but that LVNV's documents and communications related to the transfer of plaintiff's debt are reasonably calculated to lead to the discovery of admissible evidence. Dkt. #169, p.9.

In sur-reply, LVNV argues that "documents concerning how the debt portfolio, which included Plaintiff's debt, was transferred from one entity to another have no bearing whatsoever to how the interest is calculated on the judgment or the issue of LVNV's 'knowledge' of the exact amount due." Dkt. #175, p.3. Thus, LVNV argues that "there is no need for the debt purchase documents as LVNV has produced the relevant account notes to enable Plaintiff . . . to argue LVNV's knowledge of accrued interest." Dkt. #175, p.3.

Plaintiff responds that this Court has already determined that the debt purchase documents are relevant to plaintiff's claims and that a sur-reply to plaintiff's motion to sanction LVNV for failing to disclose such documents as previously ordered by the Court is an inappropriate forum to reargue the relevance of such documents. Dkt. #178, pp.4-5. Plaintiff reiterates that his allegation in his complaint "that LVNV purchased portfolios of charged-off credit card debts that came with no interest-rate information or unreliable interest-rate information - and that LVNV then violated the FDCPA by sending those account[s] out for collection anyway" clearly justified this Court's decision to order production of the debt purchase documents. Dkt. #178, p.5. In any event, plaintiff disputes LVNV's representation that the account notes explain the calculation of interest, declaring that "the amounts listed in the Resurgent Account Notes simply don't match up with the principal amount and the interest rate listed on the

-10-

judgment that LVNV produced." Dkt. #174 & Dkt. #178, p.6. "Since neither LVNV's method of calculating interest, nor the reason for its method of calculating interest, are clear," plaintiff argues that it "needs the Debt Purchase Documents this Court has ordered LVNV to produce." Dkt. #178, p.6.

> Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides:
>
> If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> * * *
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Paramedics Electromedicina*

*Comercial, LTDA v. GE Medical Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004), *quoting King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir. 1995). "It need not be established that the violation was willful." *Id.*

In light of LVNV's refusal to comply with this Court's Decision and Order entered September 30, 2015, the Court determines that, for purposes of this action, LVNV is a debt collector as defined by 15 U.S.C. § 1692a(6) and LVNV's net worth is $50 million. This determination renders moot that portion of the Court's Decision and Order entered September 30, 2015 which directed disclosure of corporate documents, tax returns and financial statements.

The Purchase and Sale Agreement by and between Providian National Bank and Sherman Originator LLC, as well as any additional documentation or communications regarding the transfer of plaintiff's debt from Providian National Bank to Sherman Originator LLC to Sherman Acquisition LP to LVNV remain relevant to the resolution of plaintiff's allegation that LVNV violated the FDCPA by sending accounts out for collection without knowing the correct amounts due. Accordingly, LVNV shall disclose, without redaction: the Purchase and Sale Agreement by and between Providian National Bank and Sherman Originator LLC; any additional documentation or communications regarding the transfer of plaintiff's debt from Providian National Bank to Sherman Originator LLC to Sherman Acquisition LP to LVNV; and any servicing agreements or other agreements relating to the collection of plaintiff's debt between any of these entities or certify to the Court, within 30 days of the entry of this Decision and

Order, that no such documents exist. LVNV is forewarned that its failure to comply with this Decision and Order within 30 days of its entry will preclude it from arguing that it did not violate 15 U.S.C. § 1692e(2) by hiring third-party debt collectors and directing them to collect principal and interest on defaulted consumer accounts with knowledge that the amount of interest demanded was uncertain or unreliable.

As LVNV failed to comply with the Court's Decision and Order entered September 30, 2015, in accordance with Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, LVNV shall pay plaintiff's attorney's fees relating to the cost of filing this motion. If the parties are unable to agree to the amount of reasonable expenses incurred as a result of this motion, plaintiff's counsel shall submit an affirmation setting forth such costs within 30 days of the entry of this Decision and Order.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for sanctions (Dkt. #153), is granted in part and denied in part.

**SO ORDERED.**

**DATED:**   **Buffalo, New York**
           **April 15, 2016**

                                    *s/ H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**