UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER GODSON,

                                Plaintiff,                    11-CV-0764S(Sr)

v.

ELTMAN, ELTMAN & COOPER, PC., et al.,

                                Defendants.

---

## **DECISION AND ORDER**

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters.  Dkt. ##25 & 43.  It is currently assigned to the Hon. Elizabeth A. Wolford.  Dkt. #136.

Plaintiff commenced this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., alleging that defendant Eltman, Eltman & Cooper P.C. ("Eltman"), sent a collections letter on behalf of LVNV Funding, LLC ("LVNV"), which failed to fully disclose the amount of debt allegedly due, instead advising plaintiff that the amount due, "$2628.72 (Does not include all the interest)." Dkt. #1, ¶ 20.  Plaintiff seeks to certify a class of individuals in New York who received substantially similar collection letters from defendants within one year prior to the filing of this action.  Dkt. #1, ¶ 27.

Currently before the Court is defendant LVNV Funding, LLC's ("LVNV's"), motion (Dkt. #181), for a protective order striking plaintiff's third set of discovery demands seeking disclosure of deposition transcripts and exhibits from *Cox v. Sherman Capital, LLC*, 12-CV-01654, filed in the Southern District of Indiana ("*Cox* Action"), and plaintiff's fifth motion for sanctions. Dkt. #186. For the following reasons, defendant's motion is granted and plaintiff's motion is denied.

**Protective Order**

Plaintiff's third set of discovery demands seeks any transcripts (including exhibits), and/or video or audio recordings of any deposition taken of LVNV or LVNV related entities, or any defendant in the *Cox* action, or any of their representatives, employees or agents, including but not limited to, the deposition of Meghan Emmerich on September 14, 2015. Dkt. #181-8, pp.6-7.

LVNV seeks a protective order preventing disclosure of deposition transcripts and exhibits from the *Cox* action. Dkt. #181. In support of this motion, LVNV argues that the information sought contains significant corporate/financial records which are unrelated to this action as well as information which this Court has already determined to be irrelevant to the issues remaining in this action. Dkt. #181-1, p.5. LVNV notes significant distinctions in the facts alleged in the *Cox* action as opposed to this action. Dkt. #181-1, p.8. In the *Cox* action, for example, plaintiffs alleged that defendants fraudulently claimed to own the plaintiffs' credit card debts.

Dkt. #181-1, p.16.  In this action, in contrast, plaintiffs allege that the collections letter sent to them failed to fully disclose the amount of debt allegedly due.  Dkt. #1, ¶ 20.  In addition, LVNV asserts that plaintiff's original creditor, Providian National Bank, was not involved in the *Cox* action.  Dkt. #181-1, p.18.  LVNV further notes that the *Cox* matter is covered by a stipulated protective order endorsed by the district court in the Southern District of Indiana and that a subpoena served by plaintiff upon counsel for the *Cox* plaintiffs seeking the same information requested in these discovery demands was quashed by the district court for the Southern District of Indiana due to the confidential nature of the deposition testimony, the protective order, and the lack of relevance of the deposition transcripts to a claim or defense in this action.  Dkt. #181-1, pp.8 & 12.

Plaintiff responds that the depositions of Resurgent; Sherman Financial Group; Sherman Originator, LLC; Sherman Capital, LLC and Meghan Emmerich, as well as other deponents, are both relevant to its claims and proportional to the needs of this action. Dkt. #190, pp.7 & 12.  Specifically, plaintiff argues that the *Cox* depositions are relevant to the issue of whether LVNV sent debts out for collection knowing that the amounts were inaccurate.  Dkt. #190. p.24.  Plaintiff cites the 30(b)(6) deposition notices from the *Cox* action seeking information regarding policies and procedures for maintaining records and information for accounts and/or receivables it requires; the process by which accounts or receivables are assigned and/or transferred to and from the entity; the entities safeguards and/or procedures designed and/or intended to prevent FDCPA violations; and due diligence undertaken by the entity to verify ownership, legitimacy and pertinent information of acquired accounts as relevant to

plaintiff's claim that LVNV knew that its records concerning the amounts and interest rates of charged-off consumer accounts were inaccurate and/or unreliable, yet decided to hire third parties to collect on those accounts anyway. Dkt. #190, pp.14-15. Plaintiff also argues that the procedures used by the LVNV entities did not differ depending upon the source of the original creditor, rendering testimony regarding such procedures relevant regardless of whether the debt originated from Providian or Citigroup. Dkt. #190, pp.19-20. Finally, plaintiff argues that production of the deposition testimony demanded would impose no burden upon defendants as the expense of copying or scanning the deposition transcripts would be minimal and a protective order is in place in this action. Dkt. #190, p.21.

Defendants reiterate that the discovery demands at issue in this motion "have no connection to the calculation of the amount of plaintiff's debt as stated in the Collection letter - the only issue involved in this case." Dkt. #197, p.4. Defendants continue to assert that plaintiff is attempting to expand the scope of discovery to obtain "access to LVNV's business structure, practices, procedures and the manner in which it evaluates a debt portfolio." Dkt. #197, p.5. Because the plaintiff's debt and the collection letter issued in this action were not discussed in the depositions in the *Cox* action, defendants argue that the testimony in the *Cox* action "simply cannot shed any light onto what LVNV knew and what LVNV did not know concerning his debt and the amount due as stated in the Collection Letter," especially given that the allegations in the *Cox* action involved ownership of the debt rather than calculation of interest. Dkt. #197, pp.7-8.

> Fed. R. Civ. P. 26(b)(1) provides, in relevant part:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

The Advisory Committee Notes to the 2015 Amendment clarifies that the rule was amended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse."

Furthermore, "pursuant to Rule 26(c), the court may limit discovery even if the information sought is relevant." *Tisby v. Buffalo General Hosp.*, 157 F.R.D. 157, 170 (W.D.N.Y. 1994); *Coyne v. Houss*, 584 F. Supp. 1105, 1109 (E.D.N.Y. 1984). Fed. R. Civ. P. 26(c) provides, in relevant part, that the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Moreover, "[t]he management of discovery lies within the sound discretion of the district court, and the court's rulings on discovery will not be overturned on appeal absent an abuse of discretion." *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 561 (2d Cir. 1997), *cert. denied*, 525 U.S. 936 (1998); *see Robertson v. National Basketball Ass'n*, 622 F.2d 34, 35-36 (2d Cir. 1980) ("Protection against unnecessary discovery is discretionary with the trial court and will be reversed only on a clear showing of abuse of discretion.").

Upon due consideration of these factors, the Court grants defendants' motion for a protective order. Plaintiff's demand for any transcripts of any deposition taken from any defendant in the *Cox* action is obviously overbroad. Even if the Court were to limit the demand to the deposition transcripts of parties to the instant action, there remains a substantial risk that the deposition testimony would reveal confidential information that is not relevant to this action and spur additional discovery disputes in a case that has already seen far too many discovery disputes. In any event, even if those deposition transcripts contained some information that could be deemed relevant to the issues in this action, such information is more appropriately obtained from those parties during the course of depositions in this action.

**Sanctions**

Plaintiff's fifth motion for sanctions asks the Court to determine that, for purposes of this action, LVNV violated 15 U.S.C. § 1692e(2) by hiring third-party debt collectors and directing them to collect principal and interest on defaulted consumer accounts with knowledge that the amount of interest demanded was uncertain or unreliable. Dkt. #186. Plaintiff also seeks attorneys' fees to compensate counsel for LVNV's failure to comply with the Court's Decision and Order entered April 15, 2016. Dkt. #186.

In that Decision and Order, the Court determined that, for purposes of this action, LVNV is a debt collector as defined by 15 U.S.C. § 1692a(6) and LVNV's net worth is $50 million. Dkt. #180, p.12. The Court further determined that the Purchase

and Sale Agreement by and between Providian National Bank and Sherman Originator LLC, as well as any additional documentation or communications regarding the transfer of plaintiff's debt from Providian National Bank to Sherman Originator LLC to Sherman Acquisition LP to LVNV remain relevant to the resolution of plaintiff's allegation that LVNV violated the FDCPA by sending accounts out for collection without knowing the correct amounts due.  Dkt. #180, p.12.  Accordingly, the Court directed LVNV to disclose, without redaction: the Purchase and Sale Agreement by and between Providian National Bank and Sherman Originator LLC; any additional documentation or communications regarding the transfer of plaintiff's debt from Providian National Bank to Sherman Originator LLC to Sherman Acquisition LP to LVNV; and any servicing agreements or other agreements relating to the collection of plaintiff's debt between any of these entities or certify to the Court, within 30 days of the entry of this Decision and Order, that no such documents exist.  Dkt. #180, pp.12-13.  The Court warned LVNV that its failure to comply would preclude it from arguing that it did not violate 15 U.S.C. § 1692e(2) by hiring third-party debt collectors and directing them to collect principal and interest on defaulted consumer accounts with knowledge that the amount of interest demanded was uncertain or unreliable.  Dkt. #180, p.13.

In response to the Court's Decision and Order, Meghan Emmerich, an authorized representative of LVNV, declared that a copy of the Purchase and Sale Agreement by and between Providian National Bank and Sherman Originator LLC relating to plaintiff's debt was produced, without redaction, to plaintiff's counsel and certified that

> LVNV is not in possession, custody or control of any additional documents or communications that have not already been produced regarding the transfer of Plaintiff's debt from Providian National Bank to Sherman Originator LLC to Sherman Acquisition LP to LVNV.

Dkt. #183, ¶¶ 7 & 8.  Ms. Emmerich also certified that

> LVNV is not in possession, custody or control of any additional servicing agreements or other agreements that have not already been produced relating to the collection of Plaintiff's debt entered by or between any of the following entities: Providian National Bank, Sherman Originator LLC, Sherman Acquisition LP or LVNV.

Dkt. #183, ¶ 9.

In support of its current motion for sanctions, plaintiff argues that LVNV failed to produce the documents which the Court ordered LVNV to produce and attempted to disguise its noncompliance with the caveat that such documents were not in its possession, custody or control.  Dkt. #187, p.4.  Plaintiff notes that Ms. Emmerich does not deny that such documents exist and argues that it is inconceivable that a successful debt purchasing operation such as the companies involved in the purchase of plaintiff's debt would conduct business without the additional documentation sought by plaintiff and ordered disclosed by the Court.  Dkt. #187, pp.9-12.  Plaintiff also cites deposition testimony of individuals involved with the Sherman entities supporting the existence of analysis and valuation of asset purchases by Sherman Capital Markets or Sherman Financial Operating Group pursuant to management services agreements. Dkt. #187, pp. 15-17.  Moreover, plaintiff notes that the Purchase and Sale agreement between Providian National Bank and Sherman Originator LLC makes clear that

Providian National Bank provided Sherman Originator LLC with sufficient information for Sherman Originator LLC to conduct an independent evaluation of relevant information and referenced specific documents exchanged between the parties, including a closing statement, account schedule, resale notifications, communications to ratings agencies, the seller questionnaire, the review file and Sherman Capital Markets' internal analysis of the review file.  Dkt. #195, pp.17-19.  Given that 100% of LVNV is owned by Sherman Originator LLC and 100% of Sherman Originator LLC is owned by Sherman Financial Group and that their finances are consolidated with Sherman Financial Group and the officers and directors of the Sherman entities overlap with each other and with LVNV, plaintiff argues that agency principles dictate that LVNV cannot feign lack of custody of documents that may be in the possession of the Sherman entities.  Dkt. #187, pp. 20-24.  Furthermore, plaintiff notes that the management services agreement between Sherman Capital Markets and Sherman Financial Group requires Sherman Capital Markets to provide management services to Sherman Financial Group's subsidiaries, including LVNV and Sherman Originators.  Dkt. #187, p.22. Finally, plaintiff cites deposition testimony stating that all of the Sherman Companies share a database which is wholly owned by Sherman Financial Group and maintained by Resurgent.  Dkt. #187, p.23.

  Plaintiff complains that LVNV has produced nothing to demonstrate an agreement between plaintiff and Providian National Bank as to a certain rate of interest. Dkt. #187, p.26.  Moreover, plaintiff notes that the purchase and sale agreement between Providian and Sherman Originators suggests that no information concerning

plaintiff's interest rate was transmitted to Sherman Originators. Dkt. #195, p.27. In other words, the only evidence produced by LVNV suggests that the interest rate charged to plaintiff and the other members of the class was pulled out of thin air. Dkt. #195, p.27. As a result of LVNV's refusal to produce information to the contrary, plaintiff argues that "it is appropriate for the Court to determine, for purposes of this case, that LVNV sent out debts for collection not knowing the correct amounts or interest rates," thereby violating 15 U.S.C. §§ 1692e(2)(A); 1692f(1); and 1692g. Dkt. #195, p.27.

In opposition to the motion, LVNV argues that plaintiff is seeking documents beyond the scope of those ordered disclosed by the Court. Dkt. #196, pp.6-8. In any event, LVNV argues that, contrary to plaintiff's argument that no documents evince the appropriate interest rate, the Data Fields provided to Sherman Originator from Providian, which were produced to plaintiff during discovery, contained, among other items, "the APR applicable to the plaintiff's account." Dkt. #196, p.9. LVNV states that Providian specifically warrants within the purchase and sale agreement that the information contained in the Data Fields was accurate. Dkt. #196, p.9 n.3. In any event, LVNV argues that once LVNV converted plaintiff's debt to a Florida State Court Judgment, a total debt of $2,485.28 was established, with a post judgment statutory interest rate of 11% per annum. Dkt. #196, pp.9-10. LVNV submitted a copy of the Default Final Judgment from the County Court of the 17th Judicial Circuit in Broward County Florida, dated July 3, 2007, ordering recovery by LVNV, as assignee of Providian Financial Corp., from plaintiff

> the sum of $1,877.55 on principal, pre-judgment interest of
> $422.73, with costs in the sum of $185.00, and attorney's
> fees of $.00, making a total of $2,485.28, which shall accrue
> interest at a rate of eleven percent (11%) per annum, for all
> of which let execution issue forthwith.

Dkt. #196-4.  LVNV argues that "because the Florida State Court Judgment affixed the amount owed by Plaintiff as of 2007 as well as the post-judgment interest rate that would apply moving forward, the Plaintiff cannot use a Federal Lawsuit to challenge or question the amounts of his debt or interest rates that were applicable prior to the issuance of that judgment."  Dkt. #196, p.13.  LVNV also submits a supplemental declaration from Ms. Emmerich certifying that

> LVNV has produced all documents and communications
> regarding the transfer of Plaintiff's debt from Providian
> National Bank to Sherman Originator LLC to Sherman
> Acquisition LP to Sherman Originator to LVNV.

Dkt. #196-1, ¶ 6.  Ms. Emmerich further declares that

> no other documents or communications exist relating to the
> transfer of Plaintiff's debt from Providian National Bank to
> Sherman Originator LLC to Sherman Acquisition LP to
> Sherman Originator LLC to LVNV.

Dkt. #196-1, ¶ 8.

In reply, plaintiff argues that LVNV is intentionally and improperly redefining the scope of discovery ordered disclosed by this Court. Dkt. #198, p.5. Plaintiff notes that LVNV's narrow definition of transfer documents "includes nothing more than two data points - the alleged amount of Plaintiff's debt, and the alleged interest rate on Plaintiff's debt - as those points are stored in the database maintained by Resurgent and shared with Eltman."  Dkt. #198, p.6.  Plaintiff argues that the

accuracy and reliability of these two data points are the issue plaintiff is attempting to investigate through his discovery demands.  Dkt. #198, p.6. In other words,

> Plaintiff has alleged that the two numbers LVNV was using for the amount of Godson's debt and the interest rate were inaccurate and unreliable - and, in response, LVNV is arguing that the only information relevant to those allegations is . . . the two numbers LVNV was using!

Dkt. #198, p.6. Plaintiff also notes that, prior to this motion, LVNV has never taken the position that the data points provided to plaintiff were responsive to plaintiff's request for documents and communications related to the transfer of plaintiff's debt.  Dkt. #198, p.7. In any event, plaintiff argues that this document is

> not a document that the Sherman Companies received from Providian! To the contrary, it is a document generated from Resurgent's own debt-collection database, which it apparently shares with all of the third-party collectors such as Eltman to collect debts.

Dkt. #198, p.7. More specifically, plaintiff notes that Ms. Emmerich and LVNV's attorneys "do not actually claim that the [data points documents] were provided by Providian; they only claim that the data appearing on the [data points documents] was provided by Providian."  Dkt. #198, p.8.  Plaintiff argues that it needs more than LVNV and Resurgent's own data; it needs "the actual documents and communications that Providian gave the Sherman Companies before Sherman decided to purchase Plaintiff's debt, as well as the Sherman Companies' own internal analysis of Plaintiff's debt that guided its decision."  Dkt. #198, p.9.  Plaintiff argues that LVNV's argument that the documents sought are not relevant is misplaced given that this not a motion to compel, but rather a motion for sanctions based upon LVNV's failure to abide by this Court's Decision and Order directing discovery.  Dkt. #198, p.9.  Finally, plaintiff argues

that he is not seeking to appeal the amount or post-judgment interest awarded by the Florida state court, but is instead challenging the accuracy and reliability of information LVNV sent to the debt collectors it hired to collect plaintiff's debt. Dkt. #198, p.10.

The Court accepts LVNV's declaration that it has produced any documents upon which it could rely in defending the interest rate it applied to the calculation of the amount due set forth in the collection letter mailed to plaintiff. LVNV shall be bound by that representation and shall be precluded from introducing into evidence any other documentation with respect to this issue. Whether the information produced is sufficient, as LVNV alleges, to support the demand set forth in the collection letter is a matter to be resolved by the district judge upon resolution of dispositive motions. Accordingly, plaintiff's motion for further sanctions is denied.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**January 9, 2017**

　　　　　　　　　　　　　　　　　　　　　　　　 *s/ H. Kenneth Schroeder, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　　 **H. KENNETH SCHROEDER, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　 **United States Magistrate Judge**