# Exhibit B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHRISTOPHER GODSON, on behalf of himself and all others similarly situated, | ) ) ) ) | No. 11-CV-0764-EAW-HKS |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ELTMAN, ELTMAN & COOPER, P.C., and LVNV FUNDING, LLC, | ) ) ) | |
| Defendants. | ) ) | |

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1. **Parties**.  The parties to this Class Settlement Agreement ("Agreement") are Eltman, Eltman & Cooper, P.C. (now known as Eltman Law, PC) and LVNV Funding, LLC (collectively, "Defendants"), on the one hand, and Christopher Godson ("Plaintiff" or "Godson"), and the class of persons as defined in ¶ 9 below, on the other hand.

2. **Nature of litigation**. Godson filed his case against Defendants on behalf of himself and a class of similarly situated individuals in the United States District Court for the Western District of New York (the "Action"), against Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*, and other consumer-protection statutes. In the Action, Plaintiff alleged that Defendants violated the FDCPA, and other consumer-protection

1

statutes, by sending initial collection letters in which they failed to state the "amount due" as required under 15 U.S.C. § 1692g, and instead, advised that the amount demanded did not include all interest. Plaintiff Godson alleged that these actions violated sections of the FDCPA, and other consumer-protection statutes.

Plaintiff also filed a miscellaneous action in the Southern District of New York, *Godson v. Eltman, Eltman & Cooper, PC and LVNV Funding, LLP v. PKF O'Connor Davies*, Docket No. 17-mc-0434-PGG (the "PKF Action"), in connection with a motion to compel the deposition of non-party PKF O'Connor Davies.

3.    **Liability**. Defendants deny any and all liability to Plaintiff and to the class members. In order to resolve the Action, and in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by Plaintiff or the class (as defined below in ¶9) against Defendants, arising out of demands for an amount due in an initial communication that does not include all interest, Defendants have agreed to settle the Action on the terms and conditions set forth in this Agreement.

4.    **Class Counsel**. In this Agreement, "Class Counsel" shall refer to the Bromberg Law Office, P.C., the Law Offices of Kenneth Hiller, PLLC, and the Law Office of Jonathan R. Miller, PLLC d/b/a Salem Community Law Office.

5.    **Opinion of Class Counsel**. Class Counsel have investigated the facts available to them and the applicable law, including the holdings in this Action by the District Court. Based on the foregoing, and upon an analysis of the benefits which this Agreement affords the class members, Class Counsel consider it to be in

2

the best interest of the class members to enter into this Agreement.

6.    **Stipulation**.  In consideration of the foregoing and other good and valuable consideration, Plaintiff and Defendants stipulate and agree that the claims of the named Plaintiff and the class members, against Defendants should be and are hereby compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

7.    **Settlement**.  While Defendants continues to deny any and all liability, the parties have agreed to settle the Action under this Agreement, and without trial or adjudication of any issue of fact or law in the Action. This Agreement, including the exhibits hereto, shall not constitute any evidence against or any admissions by any party with respect to any issue raised in this matter and agree that it shall not be used by any party to estop any other party from asserting any claims or defenses in this proceeding or in any other proceeding whatsoever, other than to enforce this Agreement.

## TERMS

8.    **Effective Date**. This Agreement shall become effective (the "Effective Date") upon the Court's entry of a final order approving this Agreement as fair, reasonable and adequate; finding that this Agreement is fair and made in good faith, dismissing the claims of Plaintiff and the class members against Defendant without prejudice, subject to becoming a dismissal with prejudice upon completion of the terms of the Agreement ("Final Order"); and the expiration of five (5) days

3

after the time the final order, judgment and decree becomes a final, non-appealable

order, or if an appeal has been sought, the expiration of five (5) days after the

disposition of any such appeal from any such final order, judgment and decree,

which disposition approves the Court's final order, judgment and decree, the terms

and provisions of this Agreement in their entirety, and the consummation of the

settlement in accordance with the terms and provisions of this Agreement.

9.    **Certification of Class**.  The parties stipulate to the certification of a

class, for settlement purposes only, defined as follows:

> All consumers who, according to Defendant's records, had
> a New York address and: (a) within one year prior to the
> filing of this action; (b) were sent collection letters bearing
> Eltman's letterhead in a form materially identical or
> substantially similar to the letter sent to the Plaintiff and
> attached as <u>Exhibit A</u>; and (c) which were not returned by
> the postal service as undelivered.

The parties further agree that the class definition set forth in this Agreement

can be simplified for purposes of providing notice to the class members.

10.    **Relief to Plaintiff and the Class**.  The Defendant agrees to pay the sum

of $180,000 (the "Settlement Fund"), to settle the claims of Plaintiff and the Class.

(a)    Plaintiff Godson will petition the Court for an award of $10,000 to be

paid from the Settlement Fund, as his damages and as an incentive award in

recognition of his services as Class representative. Defendant agrees not to oppose

Plaintiffs' requests for an award in the amount set forth in this Paragraph.

(b)    In addition, within 30 days of the Effective Date, as defined below,

Defendants agree to take all steps necessary to vacate and dismiss with prejudice

4

301422476v1 0929353

the underlying judgment entered against Godson in Florida, entitled *LVNV Funding, LLC as Assignee of Providian Financial Corp. v. Christoph M. Godson*, Case No. 07 937 COWE. Because the underlying debt is disputed, Defendants shall not issue a 1099-C in connection with the dismissal. Nor will Plaintiff issue a 1099 to Plaintiff Godson for any amount greater than the incentive award approved by the Court.

(c)     As set forth in ¶ 12 below, Class Counsel will request approval of payment of attorney fees and costs of $350,000. This amount shall satisfy all requests for attorney fees and costs to Class Counsel. The Settlement Fund, the payment to the Class Representative, and the payment of the costs of notice and distribution of funds are not part of the requested $350,000.

(d)     The costs of notice and settlement distribution are to be paid by Defendants in addition to the Settlement Fund, and in addition to the payment for attorney fees and costs to Class Counsel as set forth in paragraph 10(c), above.

(e)     After the deduction of the Plaintiff's incentive award, as above, the remaining Settlement Fund will be distributed to the members of the Class who are located (where Class notice is not returned as undeliverable with no forwarding address available) and who do not timely exclude themselves from the lawsuit and Agreement.

(f)     After deducting Plaintiff's incentive award, the balance of the Settlement Fund will be distributed on a pro rata basis, to those Settlement class members who do not timely exclude themselves from the class. If any money is left

301422476v1 0929353

in the Settlement Fund after distribution to the Settlement class members, Class Counsel may apply for an order that the resulting funds be given to the Western New York Law Center.  Payment to the participating class members will be by check and checks will be sent no later than 30 days after the effective date. Checks to participating class members will be void 90 days after issuance. Nothing contained in this Agreement shall affect the collectability of each class members' other underlying debts with Defendants, if any.

11.    **Entitlement**.  The estates of deceased class members are eligible to share in the Settlement Fund upon submission to the class administrator of a death certificate.  In the event that a class member entitled to a check is deceased, the class administrator shall send or cause to be sent, a check to the person(s) reasonably believed to be the person(s) entitled thereto, and the release in ¶ 15 of this Agreement shall be effective as to such class member(s), notwithstanding any failure to comply with laws relating to probate or marital property.

12.    **Attorney Fees, Notice Costs and Related Matters**.

(a)    Class Counsel will request approval of payment of attorney fees and costs of $350,000. For purposes of the award of attorney fees and costs, Defendants stipulate and agree that Plaintiff and the Class are the prevailing party under 15 U.S.C. § 1692k. Class Counsel will not request additional fees or costs from Defendants or the Class. No portion of the Settlement Fund will revert to Defendants.

(b)    The costs of notice and settlement distribution, described in ¶10,

6

shall be paid by Defendants in addition to the Settlement Fund, in addition to any payment to Plaintiff, and in addition to the payment for fees and costs to Class Counsel. The parties may destroy documents generated in the administration of notice to the Class one year after the void date on class members' checks.

13.   **Payment**.  On or within 30 days of the entry of the Effective Date, Defendants, via the class administrator, shall distribute all monies set forth in this Agreement.

14.   **Cy Pres**.  If any portion of the Settlement Fund remains after the void date on the class members' checks, these remaining funds will be donated in the form of a *cy pres* award to the Western New York Law Center.

15.   **Release**.  Plaintiffs and the Class will grant Defendants the following release:

Plaintiff and each class member, their assigns, heirs, successors and personal representatives, not opting out, as of the Effective Date of the Agreement, do hereby release and forever discharge the Defendants, and their present or former parents, officers, directors, partners, members, principals, insurers, insureds, representatives, employees, agents, attorneys, servants, predecessors, successors, subsidiaries, affiliates, shareholders, and assigns ("Released Parties") of and from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise),  restitution, or disgorgement, of any type whatever,

7

whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise and regardless of whether the claims are brought by persons in their individual capacity, arising out of the sending of the letter attached to the Complaint as Exhibit A (the "Released Claims").

Notwithstanding anything to the contrary herein, Released Claims shall not include any claims the Class Members may have under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

Notwithstanding anything to the contrary herein, nothing contained herein shall impair or limit any right or cause of action by Plaintiff or the Class Members to dispute the underlying debt or amount allegedly owed to Defendants or their clients, nor will anything contained herein affect or impair any defenses Plaintiff or the Class Members may have to the underlying loans or alleged debts or any resulting judgments.

Notwithstanding anything to the contrary herein, nothing contained herein will affect the ability of Plaintiff or the Class Members to move to vacate any underlying judgment.

This release is conditioned on the final approval of the Agreement by the Court and Defendants meeting their obligations therein.

16.     **Agreement Not Approved**.  If this Agreement is not approved by the Court or for any reason does not become effective, or if any portion of this

Agreement is modified or declared invalid by a court on appeal, the entire Agreement shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

19. **Court Required Changes to Settlement Agreement or Attachments at Preliminary or Final Approval Stage.** In the event that the Court conditions its preliminary or final approval of the settlement on certain changes to the Agreement (including changes to the attachments thereof), the Parties shall in good faith consider such changes and consent to such changes if they do not substantively alter the obligation of the party. A change shall be deemed to substantively change the obligation of a party if it affects (a) the monetary payments such party is to pay or receive, (b) the scope of the release to be granted, (c) the definition of the Class or class members subject to the Agreement and final judgment or order, or (d) a provision expressly noted as material in this Agreement. A change shall not be deemed to substantively change the obligation of a party of if it merely alters the wording or appearance of any notice or order or if it reasonably modifies the timing of any contemplated event.

20. **Settlement Administrator.** Defendants shall pay all costs associated with providing notice to the Settlement Class under this Agreement and all costs of administering the class settlement. First Class, Inc., located at 5410 W. Roosevelt Road, Ste. 222, Chicago, IL 60644 is the company that will administer the settlement ("Settlement Administrator").

301422476v1 0929353

21.   **Notice**.  The Settlement Administrator will cause notice to be provided to the Class by U.S. Mail. Defendants shall, within 30 days of entry of the Preliminary Approval Order provide a class list to the Settlement Administrator. Within 30 days after, the Settlement Administrator shall cause actual notice, in the form of **Exhibit A**, to be sent to the last known addresses of the members of the Class, according to Defendants' records. Within that same 30-day period, Defendants shall also provide Plaintiff's counsel with notice costs, which shall not be reimbursed if the settlement is not finally approved. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Settlement Administrator shall forward any such returned notice to the address provided to the third-party settlement administrator within six days of receipt. The Class List, as updated to reflect the address to which notice was forwarded, will be maintained by the Settlement Administrator, in electronic form, until a date two years following the Effective Date.

22.   **Opt-Out and Objection Date**. Members of the Class will have 90 days from the date of the entry of the preliminary approval order to submit requests exclusion and objections to the settlement.

23.   **Preliminary Approval**. As soon as practicable after execution of this Agreement, the parties shall make application to the court for an order which:

        (a)    Preliminarily approves this Agreement.

        (b)    Schedules a hearing for final approval of this Agreement by the

301422476v1 0929353

court.

    (c)    Approves the form of notices to the Class, to be directed to the last known address of the members of the Class as shown on Defendant's records.

    (d)    Finds that mailing of the notice to the Class and the other measures specified in ¶21 is the only notice required and that such notice satisfies the requirements of due process and Rule 23.

    (e)    Sets deadlines for exclusions, and objections to the Agreement.

    (f)    Preliminarily certifies the classes for settlement purposes.

24.    **Agreed Forms**.  The parties agree to request the form of notice attached hereto as <u>Exhibit A</u> and propose the form of preliminary and final approval orders attached hereto as <u>Exhibits B & C</u>.  The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

25.    **Release of Attorneys' Lien**.  In consideration of this Agreement, Class Counsel, hereby waive, discharge and release the "Released Parties" and "Released Claims" as defined in ¶ 15 above of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case. Class Counsel further represent and certify that they will pay any amounts due for attorney fees pursuant to any agreement with referring counsel.

26.    **Procedure if Settlement Not Approved or Appealed**.  In the event that the Court does not approve the settlement as set forth in this Agreement, the Agreement shall be null and void unless the Parties jointly agree to appeal the order.  In the event that the Court approves the settlement as set forth in this

11

301422476v1 0929353

Agreement but the final judgment or order is appealed and that order is reversed on appeal, the Agreement is null and void.  If the Agreement becomes null and void, the Action shall be reinstated and continue, and any and all orders entered pursuant to this Agreement shall be vacated.

27.    **Cooperation**.  The parties and their attorneys agree to cooperate fully with one another in seeking court approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein.

28.    **No Admission**.  This Agreement is for settlement purposes only. Therefore, whether or not this Agreement is consummated and effectuated, it is expressly agreed and understood that this Agreement and its exhibits do not constitute and in no event be construed as, or deemed to be, an admission or concession on the part of any party of any liability or wrongdoing, or any lack of liability or wrongdoing whatsoever.

29.    **Objections**.  Any notices of objections or requests for exclusion to this Agreement shall be sent to:

Brian L. Bromberg
BROMBERG LAW OFFICE, P.C.
26 Broadway, 21st Floor
New York, New York 10004

(Counsel for Plaintiff)

Counsel for Plaintiff shall be responsible for providing copies of any objections within 7 days of receipt to Counsel for the Defendants:

12

301422476v1 0929353

Nabil Foster
Concepcion A. Montoya
HINSHAW & CULBERTSON LLP
800 Third Avenue, 13th Floor
New York, NY, 10022

(Counsel for Defendants)

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

30.     **Right of Exclusion**.  Any class member may seek to be excluded from this Agreement and from the Class within the time and manner provided by the Court.  To be valid, a request for opt-out must be in writing and personally signed by the Class Member who seeks to be excluded and sent to the Settlement Administrator, and it must include: (1) the name and address of the Class Member and (2) a statement to the effect that the Class Member wishes to be excluded from the Class. Any class member so excluded shall not be bound by the terms of this Agreement nor entitled to any of its benefits.

31.     **"Opt Out" Threshold**.  In the event it is determined, within 10 days of the "opt-out" deadline, that more than 50 of the class members have submitted valid requests for exclusion, either party may, by notifying the opposing Counsel in writing, unilaterally void and terminate this settlement.

32.     **Final Approval**

At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, Class Counsel and

301422476v1 0929353

Defendants shall request that the Court enter a Final Order in the form of <u>Exhibit</u> <u>C</u> (a) approving the terms of this Agreement as fair, reasonable and adequate, (b) providing for the implementation of those terms and provisions, (c) certifying the classes for settlement purposes, (d) finding that the Notice given to the class members satisfies the requirements of due process and Rule 23, (e) finding that the parties have complied with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.*, (f) dismissing the claims of the Plaintiff and the Class with prejudice and without costs, (g) retaining jurisdiction to enforce this Agreement, (h) permanently enjoining all class members who did not timely and validly exclude themselves from the Class from participating as class members in any lawsuit in any forum, or otherwise filing, intervening in, commencing, prosecuting, continuing and/or litigating any lawsuit in any forum arising out of or relating in any way to the facts alleged in the Action; (i) directing Defendants, after all money has been distributed pursuant to this settlement, and no later than 30 days after the void date, to file a notice apprising the court that the terms of the Agreement have been complied with and providing the Court with an accounting of how all settlement moneys were distributed and (j) directing that ten (10) days after the filing of the notice contemplated in paragraph 31(i) above, the dismissal of the claims of the Plaintiffs and the classes shall become with prejudice and without costs, absent a timely motion by either Plaintiffs or Defendants.

33.    <u>Entire Agreement</u>. The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and supersedes all

14

prior written or oral agreements and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

34. **Counterparts.** This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

35. **Binding on Successors and Assigns.** Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff and the members of the Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

36. **Destruction of Case-Related Documents.** The Settlement Administrator may destroy documents generated in the administration of the settlement one year after the settlement checks become void.

37. **Governing Law.** This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____April 2_____, 2018.

## [SIGNATURES ON PAGE TO FOLLOW]

15

For Plaintiffs and the Class

Christopher Godson

For Class Counsel with respect to the release of attorney's lien:

_____

Brian L. Bromberg
BROMBERG LAW OFFICE, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Tel: (212) 248-7906

_____

Kenneth R Hiller
Seth J. Andrews
Law Offices of Kenneth Hiller, PLLC
6000 North Bailey Ave, Suite 1A
Amherst, NY 14226
Tel: (716) 564-3288

_____

Jonathan R. Miller
Law Office of Jonathan R. Miller, PLLC
(d/b/a Salem Community Law Office)
301 North Main Street, Suite 2415
Winston-Salem, NC 27101
Tel: (336) 837-4437

16

301422476v1 0929353

For Eltman, Eltman & Cooper, P.C.
Now Known as Eltman Law, PC


By: _____


For LVNV Funding LLC


By: _____


Approved as to form:


_____
Nabil G. Foster
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601
Tel: (312) 704-3262

(Counsel for Defendants)

17

# Exhibit A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

*Godson v. Eltman, Eltman & Cooper, P.C., and LVNV Funding, LLC*
**Case No. 11-CV-764 (EAW)(HKS)**

**Notice of Class Settlement**

**If you were sent a letter by Eltman, Eltman & Cooper, P.C., and/or LVNV Funding, LLC to collect an alleged debt between September 9, 2010 and September 9, 2011, you could receive up to $666.66**

*A Federal court authorized this notice - This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.**
**THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LAWSUIT. PLEASE READ THIS NOTICE CAREFULLY. IT EXPLAINS THE LAWSUIT, THE SETTLEMENT, AND YOUR LEGAL RIGHTS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you do nothing, you will remain in the Class and you will be entitled to receive a settlement check from the settlement fund. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY _____, 2018** | You will receive no benefits, but you will retain your legal claims against the Defendants. |
| **OBJECT BY _____, 2018** | Write to the Court about why you do not like the settlement. You must remain in the Settlement Class to object to the settlement. |
| **GO TO A HEARING ON _____, 2018** | Ask to speak in Court about the fairness of the settlement. |

| WHAT THIS NOTICE CONTAINS |
|---|

NO TABLE OF CONTENTS ENTRIES FOUND.

| 1. Why did I get this notice? |
|---|

You are receiving this notice because you were identified as a person to whom Eltman, Eltman & Cooper, P.C. and/or LVNV Funding, LLC (collectively, "the Defendants") sent an initial debt-collection

letter that failed to state the amount due, instead stating that the amount demanded did not include all interest, between September 9, 2010 and September 9, 2011.

## 2. What is this lawsuit about?

This lawsuit alleges that the Defendants violated a federal law, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., by sending initial collection letters that failed to state the amount allegedly due as of the date of mailing, instead stating that the amount demanded did not include all interest.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Godson) sue on behalf of a group (or a "Class") of people who have similar claims. In this case, the Class Representative filed a lawsuit alleging that Defendants' debt-collection letters violated the FDCPA.

## 4. Why is there a Settlement?

The Court has not decided which side is right or wrong in this case. Instead, both sides have agreed to a settlement to avoid the costs, risks, and delay of a lengthy trial and appeals process.

## 5. How do I know if I am a part of the Settlement?

For settlement purposes, the Court has certified classes that include all people who meet the following definition:

> All consumers who, according to Defendant's records, had a New York address and: (a) within one year prior to the filing of this action; (b) were sent collection letters bearing Eltman's letterhead in a form materially identical or substantially similar to the letter sent to the Plaintiff and attached as Exhibit A; and (c) which were not returned by the postal service as undelivered.

According to Defendants' records, there are 270 people in the Class. *According to Defendants' records you are a Class Member and, therefore, if you remain in the class and the settlement is approved, you are entitled to recover up to $666.66.*

### THE SETTLEMENT BENEFITS

Defendants have agreed to pay the cash sum of $10,000.00 to Plaintiff and $180,000.00 to the Class and as full and complete settlement of this lawsuit. This sum shall be used to make all payments, including notice and administration costs and attorney fees and costs approved by the Court under this Settlement, and also including all payments to the Class Representatives and to Class Members such as yourself (See Question 6). If you do nothing and the Court approves the settlement, you will receive a portion of the settlement funds.

## 6. What can I get from the settlement?

If you do nothing **and** none of the class members opt out, each class member will receive about $666.66. No Class member is eligible to receive more than one check for their share of the Class Recovery.  If some of the class members opt out, your share may be more than $666.66.

301422549v1 0929353

**7. I want to be a part of the Settlement. What do I do?**

If you would like to receive a payment, you do not have to do anything.

**8. What am I giving up if I remain in the Settlement?**

By staying in the Class and not excluding yourself from the Settlement, you will be considered a member of the Class. This means that you give up your right to sue or file a lawsuit against Defendants, their present or former parents, officers, directors, partners, members, principals, insurers, insureds, representatives, agents, employees, attorneys, servants, predecessors, successors, subsidiaries, affiliates, shareholders and assigns for anything related to Defendants' letter to you attempting to collect an amount due that did not include all interest.

**9. How much will the Class Representative receive?**

For his claims under the FDCPA and for his service as Class Representatives, Plaintiff Godson will receive $10,000, and the judgment against him in Florida will be vacate and discontinued with prejudice. This payment is subject to the Court's approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in the Settlement, but you want to keep your legal claims against Defendants, then you must take steps to exclude yourself from the Class.

**10. How do I get out of or exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must send a written request by mail stating that you want to be excluded from the Class in the case, *Godson v. Eltman, Eltman & Cooper, P.C.*, Case No. 11-CV-764.

To be valid, a written request for exclusion must be signed by you or your attorney and must include: (1) your name and address, and (2) a sentence stating that you want to exclude yourself from the Class.

You must mail your exclusion request so that it is postmarked **no later than _____, 2018,** to the Class Administrator:

First Class, Inc.
5410 W. Roosevelt Road, Ste. 222
Chicago, Illinois 60644-1009

You may not exclude any other person within the Class from the Settlement.

**11. If I exclude myself, what happens?**

If you exclude yourself from the Class, you will not receive anything resulting from the Settlement. You will have the right to sue Defendants relating to the claims raised in this case, either on your own or as a

301422549v1 0929353

part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (the "statute of limitations") will begin to run again. You will have the same number of days in which to file a lawsuit that you had when Plaintiff filed this case on September 9, 2011.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in this case?

The Court has named the Bromberg Law Office, P.C., the Law Offices of Kenneth Hiller, PLLC, and the Law Office of Jonathan M. Miller, PLLC as lawyers to represent the Class ("Class Counsel"). You will not be charged for these lawyers' services; however, they will receive a payment as part of the Settlement in an amount not to exceed $400,000, subject to the Court's approval. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by **_____, 2018**.

### 13. How will the lawyers be paid?

From the start of the lawsuit in 2011 to the present, Class Counsel has not received any payment for their services in prosecuting the case or obtaining the settlement, nor have they been reimbursed for any out-of-pocket expenses. When they ask the Court to approve the settlement, they will also make a motion to the Court for an award of attorneys' fees and reimbursement of expenses, in a total amount not to exceed $350,000. The amount of attorneys' fees and costs awarded by the Court will be paid by Defendants. Class Members do not have to pay anything toward the fees or expenses of Class Counsel. Class Counsel will seek final approval of the settlement on behalf of all Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

### 14. Is this a fair settlement?

Class Counsel believes this settlement is fair. Mr. Godson claims that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA is a federal law that provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (1) any actual damages suffered (such as out-of-pocket expenses or emotional distress); and (2) statutory damages of between $0 and $1,000.00. In a class action, the maximum possible combined recovery under the FDCPA is (1) any actual damages suffered by the class members; and (2) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything between zero and the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit also may recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful.

Class Counsel believes that in light of the risks of a jury awarding less money, the Settlement is fair and reasonable. If no Class Members opt out, you could recover up to $666.66. Class Counsel believes this is ample compensation for the violations of the law alleged in the Lawsuit.

301422549v1 0929353

**15. What is the Defendant's view of this Settlement?**

Defendants deny that they violated the FDCPA. Defendants desire to settle the claims of the Class to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims related to the debt-collection letters concerning alleged debts sent to the Class Members between _____ and _____.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**16. How do I tell the Court that I do not like the Settlement?**

If you are a Class member, you can object to the Settlement in writing and/or by attending the Fairness Hearing. In order to object to the Settlement in writing, you must send a letter or legal brief stating that you object and the reasons why you think the Court should not approve the Settlement. Specifically, your objection must include: (1) your name and address; (2) the name and number of the case: *Godson v. Eltman, Eltman & Cooper, P.C.*, Case No. 11-CV-764 (WMS)(HKS); and (3) the factual basis and legal grounds for your objection to the Settlement. You must mail your objection so that it is postmarked no later than **_____, 2018** to**:**

> Clerk of the Court
> United States District Court for the Western District of New York
> 2 Niagara Square
> Buffalo NY 14202

You must also send a copy of your objection by U.S. Mail and/or facsimile, with any such mailing or facsimile postmark/time-stamped no later than that same date to:

> Class Counsel:
>
> Brian L. Bromberg
> BROMBERG LAW OFFICE, P.C.
> 26 Broadway, 21st Floor
> New York, New York 10004
> Facsimile:  (212) 248-7908
> E-Mail: brian@bromberglawoffice.com
>
> *-- AND –*
>
> Counsel for Defendants:
> Nabil G. Foster
> Hinshaw & Culbertson LLP
> 222 North LaSalle Street
> Suite 300
> Chicago IL 60601
> Facsimile: (312) 704-3001
> Email: nfoster@hinshawlaw.com

301422549v1 0929353

Instead of, or in addition to, your written objection, you can come to the Fairness Hearing and express your objection orally to the Court.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend the hearing if you wish, but you are not required to do so.

### 17. Where and when is the Fairness Hearing?

The Court will hold a Fairness Hearing on _____, **2018 at** _____ **a.m/p.m** in the courtroom of the Honorable Elizabeth A. Wolford, United States District Judge, 2 Niagara Square, Courtroom ____, Buffalo, New York 14202. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement. It is not known how long the Court will take to make its decision. In addition, the Court may continue or reschedule the hearing at any time without further notice to you.

### 18. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer questions the Court may have, but you are welcome to come at your own expense. If you send a written objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. You are <u>not</u> required to attend the Fairness Hearing to be included in the Settlement.

### 19. Where can I get additional information?

To obtain additional information, you may call contact Class Counsel. You can contact Brian L. Bromberg either in writing or by telephone at the addresses and telephone number below:

> Brian L. Bromberg
> BROMBERG LAW OFFICE, P.C.
> 26 Broadway, 21st Floor
> New York, New York 10004
> Telephone: (212) 248-7906
> Facsimile: (212) 248-7908
> E-Mail: brian@bromberglawoffice.com

## <u>DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION</u>

## <u>TO THE CLERK OF THE COURT, THE JUDGE, OR TO THE DEFENDANTS OR THEIR</u>

## <u>COUNSEL.</u>

## <u>THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.</u>

301422549v1 0929353

Exhibit B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER GODSON, on behalf of
himself and all others similarly situated,

        Plaintiff,

   vs.

ELTMAN, ELTMAN & COOPER, P.C. and
LVNV FUNDING, LLC,

        Defendants.

No. 11-CV-764(EAW)(HKS)

CLASS ACTION

---

### ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court has been advised that the parties to this action, Plaintiff

Christopher Godson ("Plaintiff" or "Class Representative"), and Eltman, Eltman & Cooper, P.C.

("Eltman") and Midland Funding, LLC ("LVNV") (collectively, "Defendants"), through their

respective counsel, have agreed, subject to Court approval following notice to the settlement

class members and a final approval hearing, to settle the above-captioned action (the "Action")

upon the terms and conditions set forth in the Settlement Agreement and Release ("Settlement

Agreement"), which has been filed with the Court.

NOW, THEREFORE, based upon the Settlement Agreement, and it appearing to the

Court upon preliminary examination that the Settlement Agreement is fair, reasonable, and

adequate, and a hearing should and will be held after notice to absent settlement class members

to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine

whether a Final Order and Judgment should be entered in this Action.

   **IT IS HEREBY ORDERED:**

   1.   The Court has jurisdiction over the subject matter of this Action and over the

parties thereto.

1

2.      In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715,

Defendants will serve written notice of the proposed class action settlement ("Class Notice") on

the appropriate state and federal officials.

3.      Class Members.  The Court, for the purposes of settlement only, hereby certifies

the following class (the "Class") with respect to the claims asserted in the Action:

> All consumers who, according to Defendant's records, had a New
> York address and: (a) within one year prior to the filing of this
> action; (b) were sent collection letters bearing Eltman's letterhead
> in a form materially identical or substantially similar to the letter
> sent to the Plaintiff and attached to the Complaint as Exhibit A;
> and (c) which were not returned by the postal service as
> undelivered.

4.      Appointment of Class Representative and Class Counsel.  The Court, in

accordance with Rule 23, hereby certifies Plaintiff as the Class Representative, and appoints

Brian L. Bromberg of the BROMBERG LAW OFFICE, P.C., Kenneth R. Hiller and Seth Andrews of

the LAW OFFICE OF KENNETH HILLER, P.L.L.C., and Jonathan R. Miller of the LAW OFFICE OF

JONATHAN R. MILLER, PLLC, d/b/a SALEM COMMUNITY LAW OFFICE as Class Counsel.

5.      Class Certification.  The Court finds that the Class satisfies the applicable

prerequisites for class action treatment under Rule 23, namely:

a.      The Class members are so numerous that joinder of all of them is

reasonably impracticable;

b.      There are questions of law and fact common to the Class members, which

predominate over any individual questions;

c.      The claims of Plaintiff are typical of the claims of the Class members;

d.      Plaintiff and Class Counsel will

fairly and adequately represent and protected the interests of all of the Class

members; and

2

e.     Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

6.     The Court finds that the proposed settlement of the Action, on the terms and conditions set forth in the Settlement Agreement, appears preliminarily in all respects fundamentally fair, reasonable, adequate and in the best interest of the Class members, especially in light of:  the benefits to the Class members; the strength of the Plaintiff's case; the complexity, expense and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and the limited amount of any potential total recovery for the Class.

7.     <u>Notice</u>.  The Court approves the form and substance of the Class Notice described in the Settlement Agreement and attached to the Settlement Agreement as Exhibit B.  The proposed form and method for notifying the Settlement Class members of the settlement and its terms and conditions meets the requirements of Rule 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice.  The Court finds the proposed notice is clearly designed to advise the Class members of their rights.  In accordance with the Settlement Agreement, the parties are authorized to retain First Class, Inc. as the settlement administrator ("Settlement Administrator").  Defendants shall provide a final updated list of Class members to the Settlement Administrator within 30 calendar days of this Order. The Settlement Administrator shall then cause the completed Class Notices to be mailed to the Settlement Class

301422505v1 0929353

members as expeditiously as possible, but no later than 30 calendar days after receiving from Defendants the final updated list of Class members ("Notice Deadline").

8. <u>Exclusions</u>.  Any Class Member who wishes to be excluded from the class must send a written request for exclusion to Class Counsel with a postmark date no later than 90 days after the Notice Deadline.  To be effective, a Settlement Class member's written request for exclusion must:  (i) be signed by the Class Member who requests exclusion; (ii) include the full name and address of the Class Member requesting exclusion; and (iii) include language substantially similar to the following statement:  "I/we request to be excluded from the settlement in the *Godson* action."  Any Class member who submits a valid and timely request for exclusion shall not be bound by the terms of the Settlement Agreement.

9. <u>Objections</u>.  Any Class member who intends to object to the fairness of this settlement must file a written objection with the Court, at the U.S. District Court, Western District of New York, 2 Niagara Square, Buffalo, NY 14202, within ninety (90) days after the Notice Deadline ("Objection Deadline").  Further, any such Class member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: Brian L. Bromberg, at the address below.  In the objection, the Class member must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member; (b) include a statement of such Class Member's specific objections; and (c) state the grounds for objection, as well as identify any documents that such objector desires the Court to consider.

10. <u>Final Approval</u>.  The Court shall conduct a hearing (hereinafter "Settlement Hearing") on _____, 2018, in the courtroom of the Honorable Elizabeth A.

301422505v1 0929353

Wolford, United States District Judge, 2 Niagara Square, Courtroom _____, Buffalo, NY 14202, commencing at _____ ____.m., to review and rule upon the following issues:

    a.    Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

    b.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class members and should be approved by the Court;

    c.    Whether the Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Actions with prejudice and releasing the Released Claims and the Released Parties; and

    d.    To discuss and review any other issues as the Court deems appropriate.

11.    Within thirty (30) days after the Objection Deadline, Class Counsel shall file with the Court any memoranda or other materials in support of final approval of the settlement and/or any petition for attorney fees.

12.    This Settlement Agreement and this Order shall be null and void if any of the following occur:

    a.    The Settlement Agreement is terminated by any of the parties, or any specified condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the parties;

    b.    The Court rejects, in any material aspect, the Final Order and Judgment substantially in the form and content attached to the Settlement Agreement

301422505v1 0929353

and/or the parties fail to consent to the entry of another form of order in lieu thereof;

c.   The Court rejects any component of the Settlement Agreement, including any amendment thereto approved by the parties; or

d.   The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by the lapse of time or otherwise.

14.   If the Settlement Agreement and/or this Order are voided as described in Paragraph 12 above, then the Settlement Agreement shall be of no force and effect and the parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this Order never entered.

15.   Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Defendants, or an admission regarding the propriety of any certification for any class for purposes of litigation, nor shall they be offered in evidence in this or any proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order.

IT IS SO ORDERED this ____ day of _____, 2018.

_____
Elizabeth A. Wolford
United States District Judge

301422505v1 0929353

Exhibit C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER GODSON, on behalf of
himself and all others similarly situated,

                         Plaintiff,

         vs.

ELTMAN, ELTMAN & COOPER, P.C. and
LVNV FUNDING, LLC,

                         Defendants.

_____

No. 11-CV-764(EAW)(HKS)

CLASS ACTION

### ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the parties to this action, Plaintiff Christopher Godson ("Plaintiff" or "Class Representative"), and Eltman, Eltman & Cooper, P.C. ("Eltman") and LVNV Funding, LLC ("LVNV") (collectively, "Defendants"), through their respective counsel, have agreed, subject to Court approval following notice to the settlement class members and a final approval hearing, to settle the above-captioned action (the "Action") upon the terms and conditions set forth in the Settlement Agreement and Release ("Settlement Agreement"), which has been filed with the Court. Defendants deny any and all liability alleged in the Actions.

On April 2, 2018, Plaintiff filed the Settlement Agreement, along with a Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"). ECF No. ___. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.*, Defendants served written notice of the proposed class action settlement on the appropriate state and federal officials. On _____, 2018, upon consideration of the Settlement Agreement and the Preliminary Approval Motion, the Court entered an Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). ECF No. __. Under the Preliminary Approval Order, the Court, among other things, (i) preliminarily approved the proposed

1

Settlement Agreement; (ii) approved the form and content of the Class Notice; and (v) set the date and time of the Final Fairness Hearing.

On _____, 2018, the Plaintiff filed a Motion for Final Approval of Class Action Settlement ("Final Approval Motion"), requesting final certification of the settlement class under Rule 23(b)(3) and final approval of the class action settlement.  ECF No. __.  On _____, 2018, a final fairness hearing was held pursuant to Rule 23 to determine whether the Class satisfies the applicable requirements for class action treatment and whether the proposed settlement is fair, reasonable, adequate, and in the best interest of the Class members and should be approved by the Court.

The Court has read and considered the Settlement Agreement, the Final Approval Motion, and the record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court has jurisdiction over the subject matter of these Actions and over the parties thereto.

2.     <u>Class Members</u>.   In its Preliminary Approval Order, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, this Court certified the following class (the "Class"), for purposes of settlement only, with respect to the claims asserted in the Action:

> All consumers who, according to Defendant's records, had a New York address and: (a) within one year prior to the filing of this action; (b) were sent collection letters bearing Eltman's letterhead in a form materially identical or substantially similar to the letter sent to the Plaintiff and attached to the Complaint as <u>Exhibit A</u>; and (c) which were not returned by the postal service as undelivered.

3.     <u>Notice</u>. Pursuant to the Court's Preliminary Approval Order, the approved Notices were mailed to the Class members.  The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with the Court's

301422543v1 0929353

Preliminary Approval Order, satisfied the requirements of Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court further finds that the Notices were clearly designed to advise the Class Members of their rights.

4.      Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class members.

5.      The Court finds that the settlement of the Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class members, especially in light of:  the benefits to the Settlement Class members; the strength of Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and the limited amount of any potential total recovery for Settlement Class members if litigation continued.

6.      <u>Settlement Terms</u>.  The proposed settlement and Settlement Agreement, which is filed with the Court (ECF No. __), shall be deemed incorporated herein, are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The parties are hereby directed to perform the terms of the Settlement Agreement.

7.      <u>Objections and Exclusions</u>.  The Class members were given an opportunity to object to the Settlement.  ___ Class member(s) timely objected to the Settlement.  The Court has carefully considered the objection(s) and finds that it/they is/are without merit.

_____ Settlement Class members made valid and timely requests for exclusion and are excluded from the Settlement and are not bound by this Final Order and Judgment.  The identities of such persons are set forth in **<u>Exhibit A</u>**, attached hereto.

3

8.      Each of the Class Members who did not submit a timely request for exclusion will receive $_____.

9.      This Final Order and Judgment is binding on all Class members, except those individuals identified in **Exhibit A** hereto, who validly and timely excluded themselves from the class.

10.      <u>Release of Claims and Dismissal of Actions</u>.  Plaintiff, the Class members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the "Released Claims" against the "Released Parties," as set forth in the Settlement Agreement.  ECF No. __ at ¶ 15 .  Under the Settlement Agreement, the Released Claims are compromised, settled, released, discharged and dismissed with prejudice by virtue of these proceedings and this Final Order and Judgment. Nothing contained herein shall impair or limit any right or cause of action by any Class members to dispute the underlying debt or amount allegedly owed by them.

11.      This Final Order and Judgment is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

12.      The Court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to the Action and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement Agreement and this Final Order and Judgment.

13.      The Court awards to Class Counsel, attorney fees, costs, and expenses in the amount of $_____, after reviewing Class Counsel's declarations for fees submitted to the Court. Defendants are ordered to pay this award to Class Counsel, by payment to the "Bromberg Law Office, P.C., as attorney," within 30 days of the date of this Order (that is, on or before

301422543v1 0929353

_____, 2018).

14.     First Class, Inc., the Settlement Administrator, is ordered to distribute checks to

all class members who have timely returned a claim form within 30 days of the date of this Order

(that is, on or before _____, 2018). Within 120 days of the date of Order, the

Settlement Administrator is directed to file a notice apprising the Court that the terms of the

Agreement have been complied with and providing the Court with an accounting of how all

settlement moneys were distributed.

15.     This Final Order and Judgment hereby dismisses the Action, in their entirety. Ten

days after the filing of the notice and accounting contemplated in paragraph 14, this dismissal

shall become with prejudice and without costs, absent a timely motion by any party.


IT IS SO ORDERED this _____ day of _____, 2018.


_____
Elizabeth A. Wolford
United States District Judge

301422543v1 0929353