

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER GODSON, on behalf of himself and all others similarly situated,

                Plaintiff,

vs.

ELTMAN, ELTMAN & COOPER, P.C. and LVNV FUNDING, LLC,

                Defendants.

No. 11-CV-764(EAW)(HKS)

**CLASS ACTION**

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court has been advised that the parties to this action, Plaintiff Christopher Godson ("Plaintiff" or "Class Representative"), and Eltman, Eltman & Cooper, P.C. ("Eltman") and Midland Funding, LLC ("LVNV") (collectively, "Defendants"), through their respective counsel, have agreed, subject to Court approval following notice to the settlement class members and a final approval hearing, to settle the above-captioned action (the "Action") upon the terms and conditions set forth in the Settlement Agreement and Release ("Settlement Agreement"), which has been filed with the Court.

NOW, THEREFORE, based upon the Settlement Agreement, and it appearing to the Court upon preliminary examination that the Settlement Agreement is fair, reasonable, and adequate, and a hearing should and will be held after notice to absent settlement class members to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Action.

301900167v1 0929353

1

**IT IS HEREBY ORDERED:**

1.   The Court has jurisdiction over the subject matter of this Action and over the parties thereto.

2.   In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Defendants will serve written notice of the proposed class action settlement ("Class Notice") on the appropriate state and federal officials.

3.   Class Members. The Court, for the purposes of settlement only, hereby certifies the following class (the "Class") with respect to the claims asserted in the Action:

> All consumers who, according to Defendant's records, had a New York address and: (a) within one year prior to the filing of this action; (b) were sent collection letters bearing Eltman's letterhead in a form materially identical or substantially similar to the letter sent to the Plaintiff and attached to the Complaint as Exhibit A; and (c) which were not returned by the postal service as undelivered.

4.   Appointment of Class Representative and Class Counsel. The Court, in accordance with Rule 23, hereby certifies Plaintiff as the Class Representative, and appoints Brian L. Bromberg of the BROMBERG LAW OFFICE, P.C., Kenneth R. Hiller and Seth Andrews of the LAW OFFICE OF KENNETH HILLER, P.L.L.C., and Jonathan R. Miller of the LAW OFFICE OF JONATHAN R. MILLER, PLLC, d/b/a SALEM COMMUNITY LAW OFFICE as Class Counsel.

5.   Class Certification. The Court finds that the Class satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

   a.   The Class members are so numerous that joinder of all of them is reasonably impracticable;

   b.   There are questions of law and fact common to the Class members, which predominate over any individual questions;

   c.   The claims of Plaintiff are typical of the claims of the Class members;

      d.      Plaintiff and Class Counsel will fairly and adequately represent and protected the interests of all of the Class members; and

      e.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

6.      The Court finds that the proposed settlement of the Action, on the terms and conditions set forth in the Settlement Agreement, appears preliminarily in all respects fundamentally fair, reasonable, adequate and in the best interest of the Class members, especially in light of: the benefits to the Class members; the strength of the Plaintiff's case; the complexity, expense and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and the limited amount of any potential total recovery for the Class.

7.      <u>Notice</u>. The Court approves the form and substance of the Class Notice described in the Settlement Agreement and attached to the Settlement Agreement as Exhibit B. The proposed form and method for notifying the Settlement Class members of the settlement and its terms and conditions meets the requirements of Rule 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds the proposed notice is clearly designed to advise the Class members of their rights. In accordance with the Settlement Agreement, the parties are authorized to retain First Class, Inc. as the settlement administrator ("Settlement Administrator"). Defendants shall provide a final updated list of Class members to the Settlement Administrator within 30 calendar days of this Order. The Settlement

Administrator shall then cause the completed Class Notices to be mailed to the Settlement Class members as expeditiously as possible, but no later than June 25, 2018 ("Notice Deadline").

8. <u>Exclusions</u>.  Any Class Member who wishes to be excluded from the class must send a written request for exclusion to Class Counsel with a postmark date no later than August 27, 2018.  To be effective, a Settlement Class member's written request for exclusion must: (i) be signed by the Class Member who requests exclusion; (ii) include the full name and address of the Class Member requesting exclusion; and (iii) include language substantially similar to the following statement: "I/we request to be excluded from the settlement in the *Godson* action." Any Class member who submits a valid and timely request for exclusion shall not be bound by the terms of the Settlement Agreement.

9. <u>Objections</u>.  Any Class member who intends to object to the fairness of this settlement must file a written objection with the Court, at the U.S. District Court, Western District of New York, 2 Niagara Square, Buffalo, NY 14202, no later than August 27, 2018 (the "Objection Deadline").  Further, any such Class member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: Brian L. Bromberg, at the address below.  In the objection, the Class member must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member; (b) include a statement of such Class Member's specific objections; and (c) state the grounds for objection, as well as identify any documents that such objector desires the Court to consider.

10. <u>Final Approval</u>.  The Court shall conduct a hearing (hereinafter "Settlement Hearing") on September 25, 2018, in the courtroom of the Honorable Elizabeth A. Wolford,

United States District Judge, 2 Niagara Square, Buffalo, NY 14202, commencing at 10:00 a.m., to review and rule upon the following issues:

    a.    Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

    b.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class members and should be approved by the Court;

    c.    Whether the Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Actions with prejudice and releasing the Released Claims and the Released Parties; and

    d.    To discuss and review any other issues as the Court deems appropriate.

11.    No later than September 18, 2018, Class Counsel shall file with the Court any memoranda or other materials in support of final approval of the settlement and/or any petition for attorney fees.

12.    This Settlement Agreement and this Order shall be null and void if any of the following occur:

    a.    The Settlement Agreement is terminated by any of the parties, or any specified condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the parties;

    b.    The Court rejects, in any material aspect, the Final Order and Judgment substantially in the form and content attached to the Settlement Agreement

301900167v1 0929353

5

301900167v1 0929353

and/or the parties fail to consent to the entry of another form of order in lieu thereof;

c. The Court rejects any component of the Settlement Agreement, including any amendment thereto approved by the parties; or

d. The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by the lapse of time or otherwise.

13. If the Settlement Agreement and/or this Order are voided as described in Paragraph 12 above, then the Settlement Agreement shall be of no force and effect and the parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this Order never entered.

14. Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Defendants, or an admission regarding the propriety of any certification for any class for purposes of litigation, nor shall they be offered in evidence in this or any proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order.

15. The Final Approval Hearing is scheduled for September 25, 2018 at 10:00 in the Courtroom of the Honorable Elizabeth A. Wolford, United States District Judge, 2 Niagara Square, Buffalo, New York 14202.

16. Class Notice shall be mailed by the Settlement Administrator selected by the parties, First Class, Inc., on or before June 25, 2018.

17. Requests for exclusion from the settlement must be postmarked on or before August 27, 2018.

18.   Objections to the settlement must be postmarked on or before August 27, 2018.

IT IS SO ORDERED this 21st day of May, 2018.

_____
Elizabeth A. Wolford
United States District Judge

301900167v1 0929353

301900167v1 0929353