UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER GODSON, on behalf of
himself and all others similarly situated,

                Plaintiff,

    vs.

ELTMAN, ELTMAN & COOPER, P.C. and
LVNV FUNDING, LLC,

              Defendants.

_____

**No. 11-CV-764(EAW)(HKS)**

**CLASS ACTION**

**Declaration of Brian L. Bromberg in Support of
Plaintiffs' Motion for Final Approval and Award of Attorney Fees and Costs**

Under 28 U.S.C. § 1746, I, Brian L. Bromberg, do hereby declare under penalty of perjury, that the following is true and correct:

1.     I am a principal of the Bromberg Law Office, P.C.

2.     I am submitting this Declaration in support of Plaintiffs' motion for final approval of the class-action settlement and in support of Plaintiffs' request for an award of attorney fees, costs, and expenses incurred in litigating the appeal on this case.

3.     My rate on this matter is $550 an hour.

4.     The credentials and court decisions upon which I base my hourly rate are as follows:

5.     I graduated from Oberlin College with a B.A. in Philosophy in 1987.

6.     I earned my J.D. from Brooklyn Law School in 1991.

7.     I am a member in good standing of the bars of the following state courts:

New York State Bar (Appellate Division, Second Department)
March 4, 1992

California Bar
July 17, 2006

New Jersey Bar
June 19, 2017

7.     I am a member in good standing of the following federal courts:

U.S. District Court for the Southern District of New York
May 19, 1992

U.S. District Court for the Eastern District of New York
June 10, 1992

United States Court of Appeals for the Second Circuit
January 10, 2002

Supreme Court of the United States
August 4, 2003

U.S. District Court for the Northern District of Illinois
August 15, 2003

United States Court of Appeals for the Seventh Circuit
May 13, 2004

U.S. District Court for the Western District of New York
December 6, 2004

U.S. District Court for the Northern District of New York
January 4, 2005

U.S. District Court for the Northern District of Indiana
August 30, 2005

U.S. District Court for the District of Connecticut
March 3, 2006

U.S. District Court for the Northern District of California
August 7, 2006

U.S. District Court for the Central District of California
August 10, 2006

U.S. District Court for the Southern District of California
August 24, 2006

U.S. District Court for the Eastern District of California
August 29, 2006

U.S. District Court for the Western District of Wisconsin
May 14, 2008

United States Court of Appeals for the Third Circuit
August 12, 2009

United States Court of Appeals for the Fourth Circuit
April 11, 2011

United States Court of Appeals for the Eleventh Circuit
August 19, 2011

U.S. District Court for the Southern District of Indiana
November 16, 2015

U.S. District Court for the Southern District of Texas
January 19, 2017

U.S. District Court for the District of Colorado
April 20, 2017

U.S. District Court for the District of New Jersey
July 6, 2017

U.S. District Court for the Eastern District of Missouri
June 28, 2018

8.     I have been admitted *pro hac vice* to the following courts:

U.S. District Court for the Southern District of Florida

U.S. District Court for the District of Maryland

U.S. District Court for the District of Minnesota

U.S. District Court for the District of Nevada

U.S. District Court for the Southern District of Ohio

U.S. District Court for the Eastern District of Pennsylvania

U.S. District Court for the Western District of Pennsylvania

U.S. District Court for the Eastern District of Virginia

## Background and Qualifications

9.     From 1991 until October 2001, I was employed by the law office of

Peter Marc Stern in New York, New York.

10.     In October 2001, I started my own practice, Bromberg Law Office, P.C.,

f/k/a Brian L. Bromberg, P.C., concentrating in the field of consumer protection law.

11.     I have experience in the fields of commercial litigation, bankruptcy,

real estate, landlord/tenant law, trusts and estates, and criminal law.

12.     I now focus my practice on representation of consumers in consumer

rights litigation and class actions.

13.     I am a member of the following professional organizations:

> Federal Bar Council
> National Association of Consumer Advocates
> Association of Small Claims Court Arbitrators

14.     In November 2014, I was elected to the Board of Directors of the

National Association of Consumer Advocates (NACA); in 2017, I was reelected to

the same position.

15.     With over 1,700 members, NACA is the premier membership organization for consumer-protection attorneys in the United States.

16.     In November 2015, I was elected Treasurer of NACA; in 2017, I was reelected to the same position.

17.     I am the principal author of an *amicus curiae* brief filed on behalf of AARP and NACA in the case of *Naposki v. The First National Bank of Atlanta d/b/a Wachovia Bank Card Services, and Wachovia Corporation*, New York Supreme Court, Appellate Division, Second Department, Appellate Case No. 2002-02506.

18.     On behalf of NACA, I also helped prepare an *amicus curiae* brief submitted (on October 6, 2006) to the New York Court of Appeals by NACA and 12 other non-profit legal services and public interest organizations, in the case entitled *Merscorp, Inc. v. Romaine*.  I have assisted in the preparation of other *amicus* briefs that affect consumers' rights.

19.     I am experienced in trial and appellate court litigation and have the following reported cases, among others:

> *Gonzalez-Vasquez v. Mayors Auto Group-Woodside, LLC*, 60 Misc.3d 1211(A) (S.Ct., Bronx Cty 2018)
>
> *Ruane v. Bank of America, N.A.*, 308 F.Supp.3d 718 (E.D.N.Y. 2018)
>
> *Biber v. Pioneer Credit Recovery, Inc.*, 2018 WL 1633603 (E.D.Vir. Jan. 31, 2018)
>
> *Ross v. Convergent Outsourcing, Inc.*, 323 F.R.D. 656 (D.Co. 2018)
>
> *Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, 2017 WL 4404433 (E.D.N.Y. Sept. 29, 2017)

*Dixon v. A Better Way Wholesale Autos, Inc.*, 692 Fed.Appx. 664 (2d Cir. 2017) (summary order)

*Franco v. A Better Way Wholesale Autos, Inc.*, 690 Fed.Appx. 741 (2d Cir. 2017) (summary order)

*Eades v. Kennedy, PC Law Offices*, 2016 6988913 (W.D.N.Y. Nov. 22, 2016)

*McCrobie v. Palisades Acquisition XVI, LLC*, 664 Fed.Appx. 81 (2d Cir. 2016) (summary order)

*White v. Fein, Such and Crane, LLP*, 2016 WL 6493415 (W.D.N.Y. Nov. 1, 2016)

*Annunziato v. Collecto, Inc.*, 207 F.SUpp.3d 249 (E.D.N.Y. 2016)

*Godson v. Eltman, Eltman & Cooper, PC*, 177 F.Supp.3d 803 (W.D.N.Y. 2016)

*Godson v. Eltman, Eltman & Cooper, PC*, 2015 WL 9434228 (W.D.N.Y. Dec. 22, 2015)

*Godson v. Eltman, Eltman & Cooper, PC*, 2015 WL 5784908 (W.D.N.Y. Sept. 30, 2015)

*Hallmark v. Cohen & Slamowitz, LLP*, 2015 WL 4483959 (W.D.N.Y. July 22, 2015)

*Dykes v. Portfolio Recovery Associates, LLC*, 111 F.Supp.3d 739 (E.D. Virginia 2015)

*Eades v. Kennedy, PC Law Offices*, 799 F.3d 161 (2d Cir. 2015)

*Dykes v. Portfolio Recovery Associates, LLC*, 306 F.R.D. 529 (E.D. Virginia 2015)

*Hallmark v. Cohen & Slamowitz, LLP*, 307 F.R.D. 102 (W.D.N.Y. 2015)

*Sickler v. Colvin*, 2015 WL 1600320 (S.D.N.Y. Apr. 9, 2015)

*Annunziato v. Collecto, Inc.*, 304 F.R.D. 165 (E.D.N.Y. 2015)

*Hallmark v. Cohen & Slamowitz, LLP*, 304 F.R.D. 165 (W.D.N.Y. 2015)

*Kalkstein v. Collecto, Inc.*, 304 F.R.D. 114, 2015 WL 59246 (E.D.N.Y. Jan. 2, 2015)

*Clarke v. Hudson Valley Federal Credit Union*, 2014 WL 6791184 (S.D.N.Y. Dec. 2, 2014)

*DeJesus v. City of New York*, 55 F.Supp.3d 520  (S.D.N.Y. Oct. 28, 2014)

*Hallmark v. Cohen & Slamowitz, LLP*, 302 F.R.D. 295 (W.D.N.Y. 2014)

*Hallmark v. Cohen & Slamowitz, LLP*, 2014 WL 2028426 (W.D.N.Y. Sept. 15, 2014)

*Stinson v. Delta Management Associates, Inc.*, 302 F.R.D. 160 (S.D.Ohio 2014)

*Hallmark v. Cohen & Slamowitz, LLP*, 300 F.R.D. 110 (W.D.N.Y. 2014)

*Annunziato v. Collecto, Inc.*, 2014 WL 1410255 (E.D.N.Y. April 12, 2014)

*Torres v. Toback, Bernstein & Reiss LLP*, 2014 WL 988480 (E.D.N.Y. Mar. 14, 2014) (report and recommendation), adopted in part, rejected in part, *Torres v. Toback, Bernstein & Reiss LLP*, 2014 WL 1330957 (E.D.N.Y. Mar. 31, 2014)

*Kelen v. World Financial Network National Bank*, 295 F.R.D. 87 (S.D.N.Y. 2013)

*Hallmark v. Cohen & Slamowitz, LLP*, 293 F.R.D. 410 (W.D.N.Y. 2013), reconsideration denied, 2014 WL 51322 (Jan. 8, 2014)

*Godson v. Eltman, Eltman & Cooper, PC*, 2013 WL 4832715 (W.D.N.Y. Sept. 11, 2013)

*Castro v. Green Tree Servicing, LLC*, 959 F.Supp.2d 698 (S.D.N.Y. 2013).

*Annunziato v. Collecto, Inc.*, 293 F.R.D. 329 (E.D.N.Y. 2013)

*Rubinstein v. Department Stores Nat. Bank*, 955 F.Supp.2d 260 (S.D.N.Y. 2013)

*Taub v. Department Stores Nat. Bank*, 950 F.Supp.2d 698 (S.D.N.Y. 2013)

*Lee v. Forster & Garbus LLP*, 926 F.Supp.2d 482 (E.D.N.Y. 2013)

*Linsley v. FMS Investment Corp.*, 288 F.R.D. 11 (D.Conn. 2013)

*Easterling v. Collecto, Inc.*, 692 F.3d 229 (2d Cir. 2012)

*Dashiell v. Van Ru Credit Corp.*, 283 F.R.D. 319 (E.D.Virginia 2012)

*Phillips v. City of New York*, 871 F.Supp.2d 200 (E.D.N.Y. 2012)

*Castro v. Green Tree Servicing LLC*, 2012 WL 2428190 (S.D.N.Y. June 22, 2012)

*Hallmark v. Cohen & Slamowitz, LLP*, 283 F.R.D. 136 (W.D.N.Y. 2012)

*Torres v. Toback, Bernstein & Reiss LLP*, 278 F.R.D. 321 (E.D.N.Y. 2012)

*Ellis v. General Revenue Corp.*, 274 F.R.D. 53 (D. Conn. 2011), motion to certify appeal denied, 2011 WL 2669155 (D. Conn. July 6, 2011), and leave to appeal denied, 2011 WL 3490271 (2d Cir. Aug. 9 2011)

*Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117 (2d Cir. 2011)

*Rubinstein v. Department Stores National Bank*, 2011 WL 147721 (S.D.N.Y. Jan. 11, 2011)

*Cunningham v. Electronic Data Systems Corp.*, 754 F. Supp. 2d 638 (S.D.N.Y. 2010)

*Follman v. World Financial Network National Bank*, 721 F. Supp. 2d 158 (E.D.N.Y. 2010)

*Taub v. Big M, Inc.*, 719 F. Supp. 2d 325 (S.D.N.Y. 2010)

*Lemire v. Wolpoff & Abramson, LLP*, 2010 WL 1444581 (D. Conn. April 9, 2010)

*Tobey v. National Action Financial Services, Inc.*, 2009 WL 3734320 (E.D.N.Y. Nov. 4, 2009)

*Miller v. Upton, Cohen & Slamowitz*, 579 F. Supp. 2d 189 (E.D.N.Y. Oct. 5, 2009)

*Lemire v. Wolpoff & Abramson*, LLP, 256 F.R.D. 321 (D. Conn. 2009)

*Larsen v. JBC Legal Group, P.C.*, 588 F. Supp. 2d 360 (E.D.N.Y. 2008)

*Larsen v. JBC Legal Group, P.C.*, 533 F. Supp. 2d 290 (E.D.N.Y. 2008)

*Santoro v. Aargon Agency, Inc.*, 252 F.R.D. 675 (D. Nev. 2008)

*Francis v. A&E Stores, Inc.*, 2008 WL 46129858 (S.D.N.Y. Oct. 16, 2008) (adopting report and recommendation, as modified), and 2008 WL 2588851 (S.D.N.Y. June 26, 2008) (report and recommendation)

*Bowens v. Atlantic Maintenance Corp.*, 2008 WL 704319 (E.D.N.Y. March 14, 2008)

*Simon v. Williams & Fudge, Inc.*, 2008 WL 268294 (S.D.N.Y. Jan. 28, 2008)

*Ingram v. Coach USA, Inc.*, 2008 WL 281224 (D.N.J. Jan. 28, 2008)

*Henry v. Westchester Foreign Autos, Inc.*, 522 F. Supp. 2d 610 (S.D.N.Y. 2007)

*Meselsohn v. Lerman*, 485 F. Supp. 2d 215 (E.D.N.Y. 2007)

*Ayzelman v. Statewide Credit Services Corp.*, 242 F.R.D. 23 (E.D.N.Y. 2007)

*Ayzelman v. Statewide Credit Services Corp.*, 2006 WL 3388651 (E.D.N.Y. Nov. 21, 2006)

*Bourlas v. Davis Law Associates*, 237 F.R.D. 345 (E.D.N.Y. 2006)

*Trevino v. ACB American, Inc.*, 2006 WL 391797 (N.D. Cal. Feb. 17, 2006)

*Trevino v. ACB American, Inc.*, 232 F.R.D. 612 (N.D. Cal. 2006)

*Lawrence v. Borah, Goldstein, Altschuler, Schwartz & Nahins, P.C.*, 2005 WL 2875383 (S.D.N.Y. Nov. 1, 2005)

*Naposki v. First Nat. Bank of Atlanta*, 18 A.D.3d 834, 797 N.Y.S.2d 99 (2d Dept. 2005)

*Burns v. First American Bank*, 2005 WL 1126904 (N.D. Ill. April 28, 2005)

*Weniger v. Arrow Financial Services, LLC*, 2004 WL 2980646 (N.D. Ill. Dec. 21, 2004)

*Weniger v. Arrow Financial Services, LLC*, 2004 WL 2609192 (N.D. Ill. Nov. 17, 2004)

*Jacobs v. ABN-Amro Bank N.V.*, 2004 WL 869557 (E.D.N.Y. April 21, 2004)

*Bracken v. Harris & Zide , L.L.P.*, 219 F.R.D. 481 (N.D. Cal. 2004)

*McDowall v. Leschack & Grodensky, P.C.*, 279 F. Supp. 2d 197 (S.D.N.Y. 2003)

*McDowall v. Cogan*, 216 F.R.D. 46 (E.D.N.Y. 2003)

*Miller v. Wolpoff & Abramson, LLP*, 471 F. Supp. 2d 243 (E.D.N.Y. 2007)

*Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292 (2d Cir. 2003)

*Trang v. HSBC Mortgage Corp.*, NYLJ, April 17, 2002, p. 28, col. 3

*Mailloux v. Arrow Financial Services*, LLC, 204 F.R.D. 38 (E.D.N.Y. 2001)

*Mailloux v. Arrow Financial Services, LLC*, 2002 WL 246771 (E.D.N.Y. Feb. 21, 2002)

20.     I am also experienced in consumer fraud class action litigation and have participated in the following filed cases, among many others:

*Ayzelman v. Statewide Credit Services Corp.*, EDNY, Case No. 04-CV-3732 (statewide New York FDCPA settlement class certification of 624 members; settlement approved)

*Beaubrun v. Eric Streich, P.C.*, EDNY, Case No. 06-CV-6598 (statewide New York FDCPA settlement class certification of 1,572 members; settlement approved)

*Bourlas v. Davis Law Associates*, EDNY, Case No. 05-CV-4548 (statewide New York FDCPA settlement class certification of 2,834 members; settlement approved)

*Biber v. Pioneer Credit Recovery, Inc.*, E.D.Vir., Case No. 16-CV-804 (nationwide FDCPA settlement class certification of 217,815 members; settlement approved)

*Bracken v. Harris & Zide, L.L.P.*, N.D.Cal., Case No. C 02-5146
(statewide California FDCPA settlement class certification of
3,534 members; settlement approved)

*Cinelli v. MCS Claim Services, Inc.*, EDNY, Case No. 04-CV-3809
(statewide New York FDCPA settlement class certification of
2,112 members; settlement approved)

*Dashiell v. Van Ru Credit Corp.*, E.D.Virginia, Case No. 12-CV-273
(statewide Virginia FDCPA settlement class certification of 65
members; settlement approved)

*DePrisco v. MCS Claim Services, Inc.*, EDNY, Case No. 03-CV-1642
(statewide New York FDCPA settlement class certification of
5,471 members; settlement approved)

*Eason v. AFNI, Inc.*, D. Md., Case No. 08-CV-128
(Maryland FDCPA class action certified through motion; class of
approximately 63,000 members; settlement approved)

*Easterling v. Collecto, Inc.*, W.D.N.Y., Case No. 09-CV-669 (statewide
New York FDCPA settlement class certification of 181 members;
settlement approved)

*Frank v. Sontag & Hyman, P.C.*, EDNY, Case No. 03-CV-6031
(statewide New York FDCPA settlement class certification of
4,809 members; settlement approved)

*Jacobs v. Law Offices of Mitchell N. Kay*, EDNY, Case No. 02-CV-1062
(nationwide FDCPA settlement class certification of 97
members; settlement approved)

*Jasper v. Account Control Technology, Inc.*, E.D.Virginia, Case No. 13-
CV-296 (FDCPA settlement class certification; settlement
approved)

*Lawrence v. Borah, Goldstein, Altschuler, Schwartz & Nahins, P.C.*,
SDNY, Case No. 04-CV-3066(JCF)(statewide New York FDCPA
settlement class certification of 7,150 members; settlement
approved)

*Lewis v. Northeast Credit & Collections, Inc.*, SDNY, Case No. 07-CV-
11593(SCR) ((statewide New York FDCPA class action certified

through motion, class of over 6,000 members; settlement
approved)

*Mailloux v. Arrow Financial Services*, EDNY, Case No. 01-CV-2000
(statewide New York FDCPA settlement class certification of
554 members; settlement approved)

*McDowall v. Cogan*, EDNY, Case No. 03-CV-419 (statewide New York
FDCPA settlement class certification of 593 members;
settlement approved)

*Meselsohn v. Lerman*, EDNY, Case No. 06-CV-4115 (statewide New
York FDCPA settlement class certification of 2,384 members;
settlement approved)

*Miller v. Berks Credit & Collections, Inc.*, EDNY, Case No. 02-CV-3633
(statewide New York FDCPA settlement class certification of
2,354 members; settlement approved)

*Milo v. Barneys, Inc.*, SDNY, Case No. 10-cv-3133 (TILA settlement
class certification of 1,500 class members; settlement approved)

*Mitchell v. Surpas Resource Corporation*, SDNY, 01-CV-7230-WP
(state-wide New York FDCPA settlement class certification of
over 6,000 members; settlement approved)

*Morris v. CACH, LLC*, D.Nev., 13-CV-270 (statewide Nevada FDCPA
settlement class certification of over 1,000 members; settlement
approved)

*Napoleon v. Pugh*, N.D.Cal., Case No. C 02-5149 (statewide California
FDCPA settlement class certification of 9,278 members;
settlement approved)

*Richman v. Carol Wright Promotions, Inc.*, Supreme Court, Queens
County, Index No. 26824/02 (nationwide consumer fraud
settlement class certification of approximately 5 million
members; settlement approved)

*Rubinstein v. Department Stores National Bank*, S.D.N.Y., Case No.
08-CV-1596 (nationwide TILA settlement class certification of
approximately 30 million class members; settlement approved)

*Santoro v. Aargon Agency, Inc.*, D.Nev., Case No. 07-cv-1003 (statewide Nevada FDCPA class certified through motion; class of approximately 10,000 members)

*Schwartz v. GE Capital Consumer Card Co.*, EDNY, Case No. 06-CV-394 (nationwide TILA settlement class certification of 237,748 members; settlement approved)

*Stinson v. Delta Management Associates, Inc.*, S.D.Ohio, Case No. 13-CV-238 (FDCPA settlement class certification; settlement approved)

*Strubel v. Talbots Classics National Bank*, S.D.N.Y., Case No. 13-CV-1106 (TILA settlement class certification; settlement approved)

*Tinsley v. Kay*, EDNY, Case No. 04-CV-2253 (statewide New York FDCPA settlement class certification of 53,907 members; settlement approved)

*Trang v. HSBC Mortgage Corp.*, Supreme Court, Queens County, Index No. 21810/01 (violations of NYS General Business Law § 349 & Real Property Law § 274-a; statewide New York settlement class certification of over 14,000 members; settlement approved)

21.     In addition, I served on the National Association of Consumer Advocates Class Action Guidelines Revision Committee. The Committee revised the 1997 NACA Guidelines for Litigating and Settling Consumer Class Actions, 176 F.R.D. 375 (1998). The revised Guidelines, Nat'l Ass'n of Consumer Advocates, *Standards and Guidelines for Litigating and Settling Consumer Class Actions* (rev. 2006), were adopted and published at 255 F.R.D. 215 (2d ed. 2006). (The Guidelines have recently been revised a third time, but I was not involved in that revision.)

22.     From 2007-2009 and from 2012-2014, I served on the Consumer Affairs Committee of the Association of the Bar of the City of New York.

23.     From 2009-2012, I served on the Civil Courts Committee of the Association of the Bar of the City of New York.

24.     I have spoken to the public about consumer-protection issues and lobbied Congress concerning consumer-protection issues and spoken at a press conference in support of a bill introduced in Congress to provide consumers with more information and give them greater protection when they use credit cards.

25.     I have testified concerning debt-collection abuse before the New York City Department of Consumer Affairs and the New York State General Assembly Committee on Consumer Affairs and Protection.

26.     I lectured at National Consumer Law Center (NCLC) and National Association of Consumer Advocates (NACA) conferences in November 2006, March 2007, September 2007, November 2007, March 2008, May 2008, February 2009, March 2010, November 2010, March 2011, November 2011, February 2012, March 2014, March 2015, March 2016, March 2017, April 2017, and March 2018. In addition, I will be lecturing next month at the annual NCLC Conference in Denver about the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq*.

27.     I have also spoken on consumer-law issues at the Association of the Bar of the City of New York, the New York County Lawyers Association, the Suffolk County Bar Association, the Association of Small Claims Court Arbitrators, and New York Law School.

28.     In December 2009, I participated in a Federal Trade Commission Debt Collection Roundtable.

29.     In February 2010, MFY Legal Services, Inc. (recently renamed "Mobilization for Justice") honored me for my work on consumer rights with a Partner in Justice Award, "in recognition of exemplary pro bono service and commitment to ensuring equal access to justice for all."

30.     In April 2012, I was invited to speak about "Class Action Developments and Settlements" at the premier class-action-defense-bar conference: Practising Law Institute's "17th Annual Consumer Financial Services Institute in NYC."

31.     In July 2013, I was invited to speak again on a Practising Law Institute panel for a program entitled "Representing the Pro Bono Client: Consumer Law Basics 2013.

32.     In November 2016, I was invited to speak on a panel of attorneys at New York Law School about the Consumer Financial Protection Bureau's anticipated rules prohibiting the class-action waivers in arbitration clauses in consumer contracts and requiring the reporting of detailed records concerning the results of consumer-arbitration proceedings. (Shortly thereafter, the rules were promulgated by the CFPB, but they were overturned by Congress under the Congressional Review Act.)

33.     In addition, although not related to consumer-finance issues, I have frequently served as pro bono *amicus* counsel on behalf of food-policy organizations attempting to address issues concerning obesity and nutritional labelling.

## My Hourly Rate

34.    I am billing $550 an hour.

35.    As my expertise in the field of consumer litigation has increased,

federal judges have by-and-large steadily increased my approved rates:

a.   $200/hour – *Cooper v. Sunshine Recoveries, Inc.*, No. 00-CIV-
8898(LTS)(JCF), 2001 WL 740765 (S.D.N.Y. Francis, M.J.  June 27,
2001) (FDCPA case in Manhattan)

b.   $225/hour – *Kapoor v. Rosenthal*, 269 F.Supp.2d 408 (S.D.N.Y.
Ellis, M.J. 2003) (FDCPA case in Manhattan)

c.   $300/hour – *Cinelli v. MCS Claim Svcs.*, 236 F.R.D. 118 (E.D.N.Y.
Boyle, M.J. 2006) (FDCPA case in Central Islip)

d.   $300/hour – *Larsen v. JBC Legal Group, P.C.*, 588 F.Supp.2d 360
(E.D.N.Y. Boyle, M.J. 2006) (FDCPA case in Central Islip)

e.   $350/hour (plus a 1.38 multiplier) – *Lewis v. Northeast Credit &*
*Collections, Inc.*, S.D.N.Y. No. 07-CV-11593(SCR) (Robinson, J.)
(FDCPA case in White Plains; no written decision, but the
multiplier request and the resulting court order, filed September 2,
2009, are reflected on PACER)

f.   $400/hour (plus a 2.0 multiplier) – *Schwartz v. GE Capital*
*Consumer Card Co.*, E.D.N.Y. No. 06-CV-394(JMA) (Azrack, M.J.)
(TILA case in Brooklyn; no written decision, but the multiplier

request and the resulting order, filed September 25, 2007, are
reflected on PACER)

g. $450/hour (plus a 2.25 multiplier) – *Rubinstein v. Department
Stores National Bank*, No. 08-cv-1596(LTS)(GWG), 2011 WL
147721 (S.D.N.Y. Jan. 11, 2011)

h. $500/hour – *Milo v. Barneys, Inc.*, SDNY, Case No. 10-cv-3133
(PKC) (TILA case in Manhattan; no written decision, but the rate
and the resulting order are reflected on PACER)

i. $550/hour (plus a 3.2 multiplier) – *Strubel v. Talbots Classics
National Bank*, S.D.N.Y., Case No. 13-CV-1106 (PAE) (TILA case in
Manhattan; no written decision, but the rate and the resulting
order are discussed at length on the record by Judge Engelmayer)

j. $550/hour (plus a 1.5 multiplier) – *Biber v. Pioneer Credit
Recovery, Inc.*, E.D. Vir. Case No. 16-CV-804 (FDCPA case in
Virginia; the court's written decision granting final approval, *Biber
v. Pioneer Credit Recovery, Inc.*, 2018 WL 1633603 (E.D.Vir. Jan.
31, 2018), reflects only the total fees and costs awarded, but the
rate and multiplier are reflected in the motion papers seeking final
approval of the class settlement – these papers can be found on
PACER)

k. $600/hour (plus a 1.16 multiplier) – *Zevon v. Department Stores
National Bank*, S.D.N.Y., Case No. 12-CV-7799 (PAC) (TILA case in

Manhattan; no written decision, but the rate and the resulting

order were approved by the Court and the award is reflected on

PACER)

    l.   $550/hour – *Heironimus v. Cavalry Portfolio Services, LLC*, S.D.

Texas, Case No. 17-CV-121 (FDCPA case in Texas; no written

decision, but the rate and the resulting order are reflected on

PACER)

36.    Thus, here, my rate of $550 an hour is reasonable considering my 27

years of experience as an attorney and my extensive experience with consumer class

action litigation. *See De La Paz v. Rubin & Rothman, LLC*, 2013 WL 6184425 (Nov.

25, 2013), and *White v. First American Registry*, 2007 WL 703926 (Mar. 7, 2007) (in

both cases awarding $550 an hour to James Fishman, a seasoned attorney with

whom I have worked and lectured at the Association of the Bar of the City of New

York and at national consumer-law conferences); *see also*, *Perez v. Tri State Auto

Mall, Inc.*, No. 10–cv–2389 (CBA)(JO), 2011 WL 2621323 (E.D.N.Y. June 29, 2011)

(finding a rate of $350 an hour reasonable for an attorney who has only been

practicing consumer law for slightly over 10 years).

37.    My contemporaneous records, reflecting my office's time, costs, and

disbursements in connection with this case, are attached as **Exhibit A**.

38.    Also included in **Exhibit A** are the contemporaneous time records of a

former associate attorney with my office, Michael N. Litrownik, who entered his

time under my supervision. His entries appear with "MNL" next to them at a rate of $400 an hour.

39.     Also included in **<u>Exhibit A</u>** are the contemporaneous time records of a former another associate attorney with my office, Jonathan R. Miller, who entered his time under my supervision. His entries appear with "JRM" next to them at a rate of $400 an hour. Mr. Miller is also submitting a separate declaration and records for the time he worked on this case after he left my office.

40.     Based upon my records, I have accumulated approximately 211.90 hours of time at a billing rate of $550 an hour for a total of $116,545 in time.

41.     Mr. Litrownik accumulated approximately 9.5 hours of time at a billing rate of $400 an hour.

42.     While he worked for my office, Mr. Miller accumulated approximately 184.4 hours of time at a billing rate of $400 an hour.

43.     This does not include the $48,637.50 paid in sanctions by Defendants in response to the three sanctions orders entered by the Honorable H. Kenneth Schroder, Jr. during this litigation.

44.     To reflect the time entries that have been paid with the above sanctions, I have marked them as "No Charge" in **<u>Exhibit A</u>**.

45.     One out-of-pocket fee was also paid as part of these sanctions – that is, a fee of $1,137.50 that my office paid to a consulting Certified Public Accountant.

46.     After deducting the $1,137.50 from the costs owing, Defendants still owe $11,027.77.

47.     In sum, as of the date of this declaration, Defendants owe my office fees of $194,105 in time, plus costs of $11,027.77.

48.     I am anticipating an additional 6 hours in travel time for trips to and from the airports and for flight time from New York to Buffalo.

49.     I am also anticipating 3 hours to prepare for and appear at the Final Approval Hearing.

50.     I am anticipating an additional $240 in cab fare for travelling to and from the airports in New York and in Buffalo, as well as the cost of travelling to and from the Courthouse and hotel there.

51.     Together with the fees and costs incurred with my co-counsel, the total is as follows:

| Law Office | Fees Owing | Costs Owing |
|---|---:|---:|
| Bromberg Law Office, P.C. | $194,105.00 | $11,027.77 |
| Salem Community Law Office | 44,595.00 | 2,319.90 |
| Law Offices of Kenneth Hiller, PLLC | 63,060.00 | 470.00 |
| **Total (without multiplier)** | **$301,760.00** | **$14,955.17** |

52.     Because of the rare and extraordinary results achieved by Plaintiff after seven grueling years of litigation – as evidenced by the multiple awards of sanctions – Plaintiff requests an extremely modest multiplier of 1.11 which will bring the award of fees and costs to the agreed-upon amount of $350,000.

Under 28 U.S.C. § 1746, I, Brian L. Bromberg, do hereby certify under penalties of perjury, that the above statements are true and correct to the extent they reflect my personal knowledge and otherwise are based upon my information and belief.

Dated:     New York, New York
          September 21, 2018


          /s/ Brian L. Bromberg
          Brian L. Bromberg