UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER GODSON, on behalf of himself and all others similarly situated,

            Plaintiff,

vs.

ELTMAN, ELTMAN & COOPER, P.C. and LVNV FUNDING, LLC,

            Defendants.

---

No. 11-CV-764(EAW)(HKS)

**CLASS ACTION**

### ATTORNEY JONATHAN R. MILLER'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, AND REPRESENTATIVE FEES

Under 28 U.S.C. § 1746, I, Jonathan R. Miller, do hereby declare under penalty of perjury, that the following statements are true and correct:

1. I am a principal of the Law Office of Jonathan R. Miller, PLLC d/b/a Salem Community Law Office.

2. I am submitting this Declaration in support of Plaintiff's motion for final approval of the class action settlement and in support of Plaintiff's request for an award of attorney fees, costs, and expenses incurred in litigating this case.

3. My rate on this matter for the work I have done since leaving Bromberg Law Office, P.C. and opening my own office in Winston-Salem, NC is $400 an hour.

4. The credentials and court decisions upon which I base my hourly rate are as follows:

1

5. I graduated from Greenville College with a B.A. in Communication in 2002.

6. I graduated from Loyola University Chicago with a M.A. in Theology in 2007.

7. I earned my J.D. from Harvard Law School in 2011.

8. I am a member in good standing of the bars of the following state courts:

>The Missouri Bar
>September 2011
>
>New York State Bar (Appellate Division, Third Department)
>October 2012
>
>North Carolina State Bar
>September 2014

7. I am a member in good standing of the following federal courts:

>U.S. District Court for the Southern District of New York
>August 6, 2013
>
>U.S. District Court for the Eastern District of New York
>August 6, 2013
>
>U.S. District Court for the Western District of New York
>October 22, 2013
>
>United States Court of Appeals for the Second Circuit
>March 25, 2014
>
>U.S. District Court for the Northern District of New York
>May 14, 2014
>
>United States Court of Appeals for the Fourth Circuit
>February 21, 2017
>
>U.S. District Court for the Northern District of North Carolina
>March 22, 2017

U.S. District Court for the Eastern District of Missouri
April 13, 2017

U.S. District Court for the Western District of North Carolina
April 19, 2017

U.S. District Court for the Eastern District of North Carolina
April 25, 2017

U.S. District Court for the Northern District of Ohio
December 8, 2017

## Background and Qualifications

9.  From 2011 to 2012, I clerked for the Hon. William Ray Price, Jr. of the Supreme Court of Missouri.

10. From 2012 to 2013, I worked as a consumer debt legal associate at Start Small Think Big, Inc., a non-profit in The Bronx. This position was funded by a Harvard Law School Irving R. Kaufman Public Interest Fellowship.

11. From 2013 to 2017, I was employed by Bromberg Law Office, P.C. in New York, New York.

12. In 2017, I started my own practice, Law Office of Jonathan R. Miller, PLLC d/b/a Salem Community Law Office, in Winston-Salem, N.C., concentrating in the field of consumer protection law.

13. I am a member of the National Association of Consumer Advocates, and North Carolina Advocates for Justice.

14. I am experienced in trial and appellate court litigation and have the following reported cases, among others:

> *Franco v. A Better Way Wholesale Autos, Inc.*, 690 Fed. Appx. 741 (2d Cir. 2017).

3

*Wendel v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, 689 Fed. Appx. 45 (2d Cir. 2017).

*Kelen v. Nordstrom, Inc.*, 259 F. Supp. 3d 75 (S.D.N.Y. 2017).

*Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-7539 (MKB), 2017 U.S. Dist. LEXIS 161260 (E.D.N.Y. Sept. 29, 2017).

*Schwartz v. HSBC Bank USA, N.A.*, 14 Civ. 9525 (KPF), 2017 U.S. Dist. LEXIS 94019 (S.D.N.Y. June 19, 2017).

*Schwartz v. HSBC Bank USA, N.A.*, 14 Civ. 9525 (KPF), 2017 WL 95118 (S.D.N.Y. Jan. 9, 2017).

*Godson v. Eltman, Eltman & Cooper, P.C.*, 11-CV-0764(EAW), 2017 WL 77109 (W.D.N.Y. Jan. 9. 2017).

*Strubel v. Comenity Bank*, 842 F.3d 181 (2d. Cir. 2016).

*Eades v. Kennedy, PC Law Offices*, 12-CV-6680-DGL-JWF, 2016 WL 6988913 (W.D.N.Y. Nov. 22, 2016).

*McCrobie v. Palisades Acquisition XVI, LLC*, 664 Fed. Appx. 81 (2d Cir. 2016).

*Dixon v. A Better Way Wholesale Autos, Inc.*, 692 Fed. Appx. 664 (2d Cir. 2016)

*Strubel v. Capital One Bank (USA), N.A.*, 179 F. Supp. 3d 320, (S.D.N.Y. 2016).

*Schwartz v. HSBC Bank USA, N.A.*, 160 F. Supp. 3d 666 (S.D.N.Y. 2016).

*Godson v. Eltman, Eltman & Cooper, P.C.*, 177 F. Supp. 3d 803, (W.D.N.Y. 2016).

*Jackson v. Lowe's Cos.*, 15-cv-4167 (ADS)(ARL), 2016 U.S. Dist. LEXIS 146159 (E.D.N.Y. Oct. 21, 2016).

*Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-7539 (MKB), 2016 WL 1274541 (E.D.N.Y. Mar. 31, 2016).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842W(F), 2016 WL 1127800 (W.D.N.Y. Mar. 23, 2016).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842W(F), 2016 WL 1127799 (W.D.N.Y. Mar. 23, 2016).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842W(F), 2016 WL 1128494 (W.D.N.Y. Mar. 23, 2016).

*Clarke v. Hudson Valley Fed. Credit Union*, No. 14-cv-5291 (KBF), 2016 WL 884667 (S.D.N.Y. Mar. 8, 2016).

*Godson v. Eltman, Eltman & Cooper, P.C.*, No. 11-CV-764 (EAW), 2015 WL 9434228 (W.D.N.Y. Dec. 22, 2015).

*Godson v. Eltman, Eltman & Cooper, P.C.*, No. 11-CV-0764S(Sr), 2015 WL 5784908 (W.D.N.Y. Sept. 30, 2015).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842 (EAW), 2015 WL 4483959 (W.D.N.Y. July 22, 2015).

*Dykes v. Portfolio Recovery Assocs., LLC*, 111 F. Supp. 3d 739 (E.D. Va. 2015).

*Eades v. Kennedy, PC Law Offices*, 799 F.3d 161 (2d Cir. 2015) (reversing district court's order dismissing complaint).

*Hallmark v. Cohen & Slamowitz, LLP*, 307 F.R.D. 102 (W.D.N.Y. 2015).

*Dykes v. Portfolio Recovery Assocs., LLC*, 306 F.R.D. 529 (E.D. Va. 2015).

*Hallmark v. Cohen & Slamowitz, LLP*, 304 F.R.D. 165 (W.D.N.Y. 2015).

*DeJesus v. City of New York*, No. 13-CV-8366 (JPO), 2015 WL 1925391 (S.D.N.Y. Apr. 28, 2015).

*Schwartz v. Comenity Capital Bank*, No. 13 Civ. 4896(JGK), 2015 WL 410321 (S.D.N.Y. Feb. 2, 2015).

*Strubel v. Comenity Bank*, No. 13-cv-4462 (PKC), 2015 WL 321859 (S.D.N.Y. Jan. 23, 2015).

*Hallmark v. Cohen & Slamowitz, LLP*, 302 F.R.D. 295 (W.D.N.Y. 2014).

*Kelen v. World Fin. Network Nat'l Bank*, 302 F.R.D. 56 (S.D.N.Y. 2014).

*Clarke v. Hudson Valley Fed. Credit Union*, No. 14-CV-5291(VB), 2014 WL 6791184 (S.D.N.Y. Dec. 2 2014).

*Godson v. Eltman, Eltman & Cooper, P.C.*, No. 11-CV-0764S(Sr)., 2014 WL 4627216 (W.D.N.Y. Sept. 15, 2014).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-00842S(F), 2014 WL 2028426 (W.D.N.Y. Sept. 15, 2014).

*Hallmark v. Cohen & Slamowitz, LLP*, 299 F.R.D. 407 (W.D.N.Y. 2014).

*Hallmark v. Cohen & Slamowitz, LLP*, 300 F.R.D. 110 (W.D.N.Y. 2014).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842S(F), 2014 WL 51322 (W.D.N.Y. Jan. 8, 2014).

*DeJesus v. City of New York*, 55 F. Supp. 3d 520 (S.D.N.Y. 2014).

15. I am also experienced in consumer fraud class action litigation and have participated in the following filed cases, among others:

*Jasper v. Account Control Technology, Inc.*, E.D.Virginia, Case No. 13-CV-296 (FDCPA settlement class certification; settlement approved)

*Milo v. Barneys, Inc.*, SDNY, Case No. 10-cv-3133 (TILA settlement class certification of 1,500 class members; settlement approved)

*Morris v. CACH, LLC*, D.Nev., 13-CV-270 (statewide Nevada FDCPA settlement class certification of over 1,000 members; settlement approved)

*Hallmark v. Cohen & Slamowitz, LLP*, WDNY, Case No. 11-CV-842 (statewide New York FDCPA class certification of approximately 30,000 members; final approval of class settlement pending)

*Biber v. Pioneer Credit Recovery, Inc.*, EDVA, Case No. 16-CV-804 (nationwide settlement class and settlement approved)

16. I currently serve on the National Association of Consumer Advocates Legislative Policy Committee, and I have lobbied Congress concerning consumer-protection issues as part of NACA's Lobby Day in 2013 and 2017.

6

17. I have advised several clients concerning bankruptcy and consumer law as a volunteer for Legal Aid of North Carolina's "Lawyer on the Line" program.

18. I have been an adjunct instructor at Wake Forest University School of Divinity, where I have taught a course on theological issues related to consumer debt, and a course on the intersection of law and religion.

## My Hourly Rate

19. I am requesting the Court to approve a rate of $400 per hour for the work I have done on this case since opening my office in Winston-Salem, North Carolina. As demonstrated below, this rate is well in line with the rates charged by attorneys of similar skill and experience in my market, and approving my out-of-district rate is appropriate here given the specialized nature of this case.

20. I have only one decision in a contested fee decision: *Clarke v. Hudson Valley Fed. Credit Union*, 14-cv-5291(KBF), 2016 U.S. Dist. LEXIS 29475 (S.D.N.Y. Mar. 8, 2016). The case involved work I did on a Servicemembers Civil Relief Act case while I was an associate at Bromberg Law Office, P.C. in New York, NY. I participated in the case from October 2014 to November 2015.

21. In *Clarke*, my firm requested a rate of $250/hr for my work. While, overall, the judge in *Clarke* did not award the plaintiff the full amount of attorney fees he requested, the judge did not take issue with my rate of $250.

22. In the three years since I represented the plaintiff in *Clarke*, I have opened my own office in Winston-Salem.

23. I am a solo practitioner, with about seven years of experience as an attorney, who concentrates in consumer law, in a medium-sized, metropolitan area in central North Carolina. My rate of $400 in this matter is in line with that of other attorneys that match that description.

24. In *In re: Earles*, No. 12-81464 (Bankr. M.D.N.C.), attorney Suzanne Begnoche was awarded an hourly rate of $350 per hour. Like myself, Ms. Begnoche is primarily a consumer-rights litigator; in that case, Ms. Begnoche was called into the bankruptcy case as a special counsel to litigate a fair-debt claim the debtors had against one of their creditors.

25. At the time Ms. Begnoche filed her fee petition, she was a solo practitioner, concentrating in consumer law, in the city of Chapel Hill, North Carolina. At the time of her fee application, Ms. Begnoche had about seven years and five months of experience — Ms. Begnoche was admitted to practice as an attorney in September 2006, and the fee application was filed in February 2014. I am attaching a copy of Ms. Begnoche's fee petition in that case as <u>Exhibit A</u>, and a copy of the court's order awarding Ms. Begnoche her fees as <u>Exhibit B</u>.

26. My rate in this case is $400 per hour, because I can command a higher rate in this market in connection with a complex class action than I could in a garden-variety Fair Debt Collection Practices Act ("FDCPA") case.

27. I recently conducted a LEXIS search for all decisions on class certification motions in FDCPA class actions, in all three U.S. District Courts in North Carolina.

28. To my surprise, I found only one decision, in the Eastern District of North Carolina, in which a class was certified in a FDCPA case. And, in that case, class counsel were actually based near Richmond, Virginia. *See Woodard ex rel. Woodard v. Online Info. Servs.*, 191 F.R.D. 502 (E.D.N.C. 2000).

29. I found no decisions certifying a FDCPA class in either the Middle District of North Carolina (which includes Winston-Salem) or the Western District of North Carolina (which includes Charlotte and Asheville).

30. In short, there are literally no attorneys in North Carolina who are prosecuting FDCPA class actions to certification and beyond in federal court.

31. I have filed two FDCPA class actions in the Middle District of North Carolina within the past 13 months, and I have more that I am preparing to file.

32. The specialized experience I gained while working on complex consumer protection class actions at Bromberg Law Office, P.C. make me unique in this legal services market, which is one of two main reasons I believe it is appropriate to bill at a $400 per hour rate in such cases.

33. The second reason is that, after I left Bromberg Law Office, P.C., Plaintiff's other attorneys invited me to remain in the case because I was the one most familiarity with the discovery materials produced by Defendants. I agreed to remain in the case, and proceeded to spend many hours preparing Mr. Bromberg to take the three depositions in this case. I do not believe the depositions would have been as successful, or that Mr. Godson would have obtained such a favorable result for the class, if I had not continued to participate in the case from North Carolina.

9

34. My contemporaneous records reflecting my office's time and disbursements are attached as **Exhibit C**.

35. Based upon my records, I have accumulated approximately 113 hours of time at a billing rate of $400 an hour, for a total of $44,595 in time.

36. My records also indicate that my office incurred $2,319.90 in costs on this case.

37. Accordingly, the total amount in billable fees, costs and disbursements to date for my office is $46,914.90.

38. I am anticipating an additional 10 hours in travel time for flights from Greensboro, NC to Buffalo and vice versa.

39. I am also anticipating 3 hours to prepare for and appear at the Final Approval Hearing.

40. For these reasons, I respectfully ask the Court to grant Plaintiff's motion for final approval and for attorney fees and costs.

/s/ Jonathan R. Miller
Jonathan R. Miller