UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER GODSON, on behalf of
himself and all others similarly situated,

                Plaintiff,

vs.

ELTMAN, ELTMAN & COOPER, P.C. and
LVNV FUNDING, LLC,

                Defendants.

No. 11-CV-764(EAW)(HKS)

**CLASS ACTION**

**Declaration of Attorney Joseph Mauro**

Under penalties as provided by 28 U.S.C. § 1746, Joseph Mauro deposes and states that the following is true and correct:

1. I am an attorney licensed to practice in this Court and I am making this certification in support of the application by Brian L. Bromberg, Jonathan R. Miller, and Mike Litrownik for attorney fees in the above-captioned action.

2. I have been a practicing attorney for approximately 22 years. I concentrate my practice on representing consumers for claims relating to abusive and deceptive debt collection; and the Fair Credit Reporting Act.

3. I have litigated extensively in Federal Court related to claims under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. I am a member in good standing and practice regularly before the Courts in the Eastern and Southern Districts of New York. I am also admitted to practice in the Western District of New York. I am also a member of the Suffolk County Bar Association.

4. During my time prosecuting cases under the FDCPA and the FCRA, I have co-counseled regularly with Brian L. Bromberg. Mr. Bromberg is a highly ethical, highly scrutinizing attorney.

5. I am aware of the litigation in this matter, and I have reviewed a list of Brian Bromberg's previous fee awards.

6. As with the instant matter, Mr. Bromberg often pursues difficult first-impression cases. In the consumer law world, first impression cases come with a heightened financial risk to the attorney. Because the attorney generally only gets paid if they win, devoting a significant amount of time to fight a novel issue through appeal is a risky proposition for a sole-practitioner.

7. I very often seek the legal counsel of Mr. Bromberg regarding novel or unfamiliar consumer law issues. Additionally, I have regularly witnessed Mr. Bromberg mentoring and advising countless other consumer lawyers from across the country.

8. Mr. Bromberg's dedication to consumer law, his professional and ethical approach to litigation, and his willingness to counsel other attorneys, all advance the profession of law.

9. I am familiar with the rates charged by consumer lawyers in the Eastern and Southern Districts of New York. Additionally, I am familiar with the rates granted to consumer lawyers in the Western District of New York. I am not aware of any consumer lawyers who regularly certify consumer class action cases in the Western District of New York. I do not regularly litigate in the Western District of New York.

10. I have considered Mr. Bromberg's qualifications and reputation; the hourly rate awarded to Mr. Bromberg in other cases; the success Plaintiffs' attorneys achieved in this novel case; and the rates charged by class action consumer lawyers in New York. I have also

considered that the United States Supreme Court considers the FDCPA to be a "complex statute" *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 621, 130 S. Ct. 1605, 1634 (2010), and that this particular lawsuit was aggressively defended by an experienced defense firm.

11. It is my opinion that $550 per hour is a reasonable hourly rate for Mr. Bromberg in this litigation.

12. Through my work with Mr. Bromberg, I have also come to know the other attorneys who have worked in his office, in particular, Michael N. Litrownik, Esq., and Jonathan R. Miller, Esq.

13. I recall Mr. Litrownik doing high-quality work for Mr. Bromberg. I understand that because of the complicated federal litigation he did, including on this case, he was hired in 2013 by the respected employment-litigation firm of Outten & Golden, LLP, where I believe he still works.

14. I have also worked with Mr. Miller from the time he started working with Mr. Bromberg in 2013, and I also believe he does quality work.

15. Considering the qualifications of Mr. Litrownik and Mr. Miller, the success they have had on this case, and the rates charged by class action consumer lawyers in this area, it is my opinion that $400 per hour is a reasonable hourly rate.

16. In sum, it is my opinion that the rates of $550 an hour for Mr. Bromberg and $400 an hour for Mr. Litrownik and Mr. Miller are reasonable.

Dated: West Islip New York
       September 17, 2018

/S/ Joseph Mauro
Joseph Mauro
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795